# EXHIBIT 1

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC, <br><br> Defendants. | C.A. No. 20-681-GBW |
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and LEDVANCE LLC, <br><br> Defendants. | C.A. No. 20-690-GBW |

## JOINT STATEMENT OF UNCONTESTED FACTS

1.      Plaintiff, CAO Lighting, Inc. ("CAO Lighting") is a wholly-owned subsidiary of CAO Group, Inc. ("CAO Group") and has its principal place of business in West Jordan, Utah.

2.      OSRAM Sylvania, Inc. ("OSRAM") is a corporation with its principal place of business in Danvers, Massachusetts.  It divested its LED lighting business in July 2016, and it now operates as a separate business, LEDVANCE LLC ("LEDVANCE").

3.      LEDVANCE is a limited liability company with a principal place of business in Wilmington, Massachusetts.

4.      Both OSRAM and LEDVANCE have sold, offered for sale, or imported into the

1

**EXHIBIT 1**

United States lighting products having at least one LED chip.

5. On October 15, 2002, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,465,961 (the "'961 patent").

6. The '961 patent, entitled "Semiconductor Light Source Using a Heat Sink with a Plurality of Panels," has an effective filing date of August 24, 2001.

7. The sole named inventor of the '961 patent is Dr. Densen Cao.

# EXHIBIT 2

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAO LIGHTING, INC., <br><br>        Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC, <br><br>        Defendants. | C.A. No. 20-681-GBW |
| CAO LIGHTING, INC., <br><br>        Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and LEDVANCE LLC, <br><br>        Defendants. | C.A. No. 20-690-GBW |

## CAO LIGHTING, INC.'S STATEMENT OF CONTESTED FACTS[1]

CAO Lighting asserts that General Electric Company ("General Electric"), Consumer Lighting (U.S.), LLC d/b/a GE Lighting ("GE Lighting"), Current Lighting Solutions, LLC ("Current"), OSRAM Sylvania, Inc. ("OSRAM") and LEDVANCE, LLC ("LEDVANCE") (collectively, "Defendants") infringe U.S. Patent No. 6,465,961 (the "'961 patent"). At the February

---

[1] To the extent any of the issues of law set forth in Exhibit 5 may be considered issues of fact, CAO Lighting incorporates them herein by reference. To the extent any issues of fact here may be considered issues of law, CAO Lighting incorporates them into Exhibit 5.

2023 jury trial in the GE/Current Case, No. 20-681, the jury agreed and awarded CAO Lighting damages. At the upcoming jury trial in the OSRAM/LEDVANCE Case, No. 20-690, CAO Lighting will also seek damages to compensate for OSRAM's and LEDVANCE's infringement. CAO Lighting further seeks pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

CAO Lighting bases this Statement of Contested Facts on the arguments it expects to make in defense of Defendants' pleaded counterclaims and affirmative defenses of inequitable conduct and equitable estoppel, which are scheduled for a one day bench trial on June 14, 2023. CAO Lighting understands that Defendants may seek to add new, unpled inequitable conduct claims to the case, but any such claims are not part of the case and therefore are not addressed in CAO Lightings' Statement of Contested Facts. To the extent Defendants intend or attempt to introduce different or additional facts, including based on currently unpled alleged inequitable conduct claims, CAO Lighting reserves its right to supplement this Statement and contest those facts and to present any and all rebuttal evidence in response to those arguments. By providing this Statement, CAO Lighting does not concede that all of the recited facts and issues are appropriate for trial and does not waive any objections, including any objection that any fact has already been decided by a prior jury.

## I.     EQUITABLE ISSUES TO BE DECIDED BY THE COURT

1.     General Electric was not misled by any act or omission of CAO Lighting or CAO Group.

2.     General Electric did not rely on any act or omission of CAO Lighting or CAO Group.

3.     General Electric suffered no prejudice as a result of any act or omission of CAO Lighting or CAO Group.

4.     GE Lighting was not misled by any act or omission of CAO Lighting or CAO Group.

5.     GE Lighting did not rely on any act or omission of CAO Lighting or CAO Group.

6.      GE Lighting suffered no prejudice as a result of any act or omission of CAO Lighting or CAO Group.

7.      Current was not misled by any act or omission of CAO Lighting or CAO Group.

8.      Current did not rely on any act or omission of CAO Lighting—or its predecessor-in-interest, CAO Group.

9.      Current suffered no prejudice as a result of any act or omission of CAO Lighting or CAO Group.

10.     OSRAM was not misled by any act or omission of CAO Lighting or CAO Group.

11.     OSRAM did not rely on any act or omission of CAO Lighting or CAO Group.

12.     OSRAM suffered no prejudice as a result of any act or omission of CAO Lighting or CAO Group.

13.     LEDVANCE was not misled by any act or omission of CAO Lighting or CAO Group.

14.     LEDVANCE did not rely on any act or omission of CAO Lighting or CAO Group.

15.     LEDVANCE suffered no prejudice as a result of any act or omission of CAO Lighting or CAO Group.

16.     Dr. Densen Cao did not act with an attempt to deceive the United States Patent & Trademark Office ("USPTO") by failing to disclose the Begemann or Schweber references during the original prosecution of the '961 patent.

17.     Mr. Daniel McCarthy did not act with an attempt to deceive the USPTO by failing to disclose the Begemann or Schweber references during the original prosecution of the '961 patent.

18.     Neither the Begemann nor Scheweber reference are "but for" material to the asserted claims.

19.     Dr. Densen Cao did not act with an intent to deceive the USPTO by failing to disclose the Wierer reference during reexamination of the '961 patent.

20.     Mr. John Gadd did not act with an intent to deceive the USPTO by failing to disclose the Wierer reference during reexamination of the '961 patent.

21.     The Wierer reference is not "but for" material to the asserted claims.

22.     Mr. John Gadd did not make any false statements during reexamination of the '961 patent with an intent to deceive the USPTO during reexamination of the '961 patent.

## II.     MISCELLANEOUS

23.     This case is exceptional and CAO Lighting is entitled to an award of attorneys' fees and costs under 35 U.S.C. § 285.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| CAO LIGHTING, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>CONSUMER LIGHTING (U.S.), LLC d/b/a<br>GE LIGHTING, and CURRENT LIGHTING<br>SOLUTIONS, LLC,<br><br>                    Defendants. | C.A. No. 20-681-GBW |

**DEFENDANTS GE, GE LIGHTING AND CURRENT LIGHTING'S STATEMENT OF
ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

1.      Pursuant to Local Rule 16.3(c)(4), Defendants General Electric Company and Consumer Lighting (U.S.), LLC D/B/A GE Lighting (the "GE Defendants") and Current Lighting Solutions, LLC ("Current") (collectively, "Defendants") hereby provide their Statement of Issues of Fact that Remain to be Litigated.

2.      The following Statement of Issues of Fact That Remain to Be Litigated is based on the parties' pleadings, documentary and testimony evidence (including testimony at the February 2023 jury trial), and on Defendants' understanding of CAO Lighting, Inc.'s ("CAO" or "Plaintiff") claims, and arguments, which are based in part on CAO's interrogatory responses and expert reports.  Should the Court determine that any issue identified in this statement is more properly considered an issue of law, it shall be so considered, and Defendants incorporate it by reference into their Statement of Issues of Law (Exhibit 6).

3.      By including a fact herein, Defendants do not assume the burden of proof or production about that fact.  Defendants' position is that any arguments CAO did not properly raise

1

in its expert reports or in its responses to Defendants' interrogatories have been waived. Defendants do not address any such arguments but reserve the right to address these to the extent CAO raises any such issues at trial, and they are allowed by the Court. Defendants further reserve the right to address additional issues not set forth herein to the extent they are raised by CAO at trial and allowed by the Court. Defendants reserve the right to supplement or modify this Statement of Issues of Fact That Remain to Be Litigated, including in light of any pretrial or trial rulings from the Court and to address any additional facts CAO identifies.

## I.    UNENFORCEABILITY OF THE '961 PATENT DUE TO INEQUITABLE CONDUCT

4.    Whether Defendants have proven that Densen Cao and/or Daniel McCarthy acted with the intent to deceive the United States Patent and Trademark Office ("USPTO") by failing to disclose the Begemann or Schweber references during the prosecution of the '961 patent.

5.    Whether Defendants have proven that the Begemann or Schweber references meet a threshold level of materiality.

6.    Whether Defendants have proven that Densen Cao acted with intent to deceive the USPTO by failing to disclose the Lumileds LEDs during the prosecution of the '961 patent.

7.    Whether Defendants have proven that the Lumileds LEDs meets a threshold level of materiality.

## II.   UNENFORCEABILITY OF THE '961 PATENT DUE TO EQUITABLE ESTOPPEL

8.    Whether CAO's claims are barred by the doctrine of equitable estoppel. Specifically, whether Defendants have proven that:

(a) CAO engaged in misleading conduct, including silence, that communicated to Defendants that CAO did not intend to allege that the '961 patent covered Defendants' products,

2

(b) Defendants relied on CAO's conduct, including silence, and

(c) as a consequence, Defendants will be materially prejudiced if CAO is allowed

to recover damages for alleged infringement.

## III.   REMEDIES FOR CAO'S CLAIMS (IF THE '961 PATENT IS INFRINGED AND NOT INVALID)

9.     Whether CAO is entitled to pre-judgment and post-judgment interest and costs

pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

## IV.   REMEDIES FOR DEFENDANTS' DEFENSES AND COUNTERCLAIMS (IF THE '961 PATENT IS NOT INFRINGED AND/OR INVALID)

10.     Whether Defendants are entitled to their costs and attorneys' fees pursuant to 35

U.S.C. § 285.

# EXHIBIT 4

**EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAO LIGHTING, INC., | |
| Plaintiff, | |
| v. | C.A. No. 20-690-GBW |
| OSRAM SYLVANIA, INC. and LEDVANCE LLC, | |
| Defendants. | |

**DEFENDANTS OSRAM AND LEDVANCE'S STATEMENT OF
<u>ISSUES OF FACT THAT REMAIN TO BE LITIGATED</u>**

1.      Pursuant to Local Rule 16.3(c)(4), Defendants OSRAM SYLVANIA, INC. ("OSRAM") and LEDVANCE, LLC ("LEDVANCE") (collectively, "Defendants") hereby provide their Statement of Issues of Fact that Remain to be Litigated.

2.      The following Statement of Issues of Fact That Remain to Be Litigated is based on the parties' pleadings and documentary and testimony evidence (including testimony at the February 2023 jury trial in the GE/Current case), as well as Defendants' understanding of CAO Lighting, Inc.'s ( "Plaintiff") claims and arguments, which in turn rests in part on Plaintiff's interrogatory responses and expert reports.  If the Court determines that Defendants' Statement of Issues of Law as set forth in Exhibit 5 contain issues of fact, those issues of fact are hereby incorporated by reference.  Should the Court determine that any issue identified in this statement is more properly considered an issue of law, it shall be so considered and Defendants incorporate it by reference into their Statement of Issues of Law (Exhibit 5).

3.      By including a fact herein, Defendants do not assume the burden of proof or production with regard to that fact.  Defendants' position is that any arguments Plaintiff did not properly raise in its expert reports or in its responses to Defendants' interrogatories have been waived.  Defendants do not address any such arguments, but reserve the right to address these to the extent Plaintiff raises any such issues at trial, and they are allowed by the Court.  Defendants further reserve the right to address additional issues not set forth herein to the extent they are raised by Plaintiff at trial and allowed by the Court.  Defendants reserve the right to supplement or modify this Statement of Issues of Fact That Remain to Be Litigated, including in light of any pretrial or trial rulings from the Court and to address any additional facts Plaintiff identifies.

## I.  UNENFORCEABILITY OF THE '961 PATENT DUE TO INEQUITABLE CONDUCT

4.      Whether Defendants have proven that Densen Cao and/or Daniel McCarthy acted with the intent to deceive the United States Patent and Trademark Office ("USPTO") by failing to disclose the Begemann or Schweber references during the prosecution of the '961 patent.

5.      Whether Defendants have proven that the Begemann or Schweber references meet a threshold level of materiality.

6.      Whether Defendants have proven that Densen Cao and/or John Gadd acted with the intent to deceive the USPTO by failing to disclose the Wierer reference during reexamination of the '961 patent.

7.      Whether Defendants have proven that the Wierer reference meets a threshold level of materiality.

8.      Whether Defendants have proven that Densen Cao acted with intent to deceive the USPTO by failing to disclose the Lumileds reference during the prosecution of the '961 patent.

9.      Whether Defendants have proven that the Lumileds reference meets a threshold level of materiality.

10.      Whether Defendants have proven that John Gadd acted with the intent to deceive the USPTO by stating that "a light output of '40 milliwatts' is roughly equal to a light output of about 15 lumens" during reexamination of the '961 patent.  D.I. 268, Ex. 87 (Mar. 24, 2014 Amendment) at 33.

11.      Whether Defendants have proven that the statement that "a light output of '40 milliwatts' is roughly equal to a light output of about 15 lumens" meets a threshold level of materiality.

## II.  UNENFORCEABILITY OF THE '961 PATENT DUE TO EQUITABLE ESTOPPEL

12.  Whether Plaintiff's claims are barred by the doctrine of equitable estoppel. Specifically, whether Defendants have proven that:

(a) CAO and/or its predecessor-in-interest CAO Group (collectively, "CAO") engaged in misleading conduct, including silence, that communicated to Defendants that CAO did not intend to allege that the '961 patent covered Defendants' products,

(b) Defendants relied on CAO's misleading conduct, including silence, and

(c) as a consequence, Defendants will be materially prejudiced if CAO is allowed to recover damages for alleged infringement.

## III.  REMEDIES FOR PLAINTIFF'S CLAIMS (IF THE '961 PATENT IS INFRINGED AND NOT INVALID)

13.  Whether Plaintiff is entitled to pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

## IV.  REMEDIES FOR DEFENDANTS' DEFENSES AND COUNTERCLAIMS (IF THE '961 PATENT IS NOT INFRINGED AND/OR INVALID)

14.  Whether Defendants are entitled to their costs and attorneys' fees pursuant to 35 U.S.C. § 285.

# EXHIBIT 5

**EXHIBIT 5**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC, <br><br> Defendants. | C.A. No. 20-681-GBW |
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and LEDVANCE LLC, <br><br> Defendants. | C.A. No. 20-690-GBW |

## CAO LIGHTING, INC.'S STATEMENT OF ISSUES OF LAW[1]

CAO Lighting asserts that General Electric Company ("General Electric"), Consumer Lighting (U.S.), LLC d/b/a GE Lighting ("GE Lighting"), Current Lighting Solutions, LLC ("Current"),   OSRAM Sylvania, Inc. ("OSRAM") and LEDVANCE, LLC ("LEDVANCE") (collectively, "Defendants") infringe U.S. Patent No. 6,465,961 (the "'961 patent"). At the February

---

[1] To the extent any of the issues of fact set forth in Exhibit 2 may be considered issues of law, CAO Lighting incorporates them herein by reference. To the extent any issues of law here may be considered issues of fact, CAO Lighting incorporates them into Exhibit 2.

2023 jury trial in the GE/Current Case, No. 20-681, the jury agreed and awarded CAO Lighting damages. At the upcoming jury trial in the OSRAM/LEDVANCE Case, No. 20-690, CAO Lighting will also seek damages to compensate for OSRAM's and LEDVANCE's infringement. CAO Lighting further seeks pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

CAO Lighting bases this Statement of Issues of Law on the arguments it expects to make in defense of Defendants' pleaded counterclaims and affirmative defenses of inequitable conduct and equitable estoppel, which are scheduled for a one day bench trial on June 14, 2023. CAO Lighting understands that Defendants may seek to add new, unpled inequitable conduct claims to the case, but any such claims are not part of the case and therefore are not addressed in CAO Lightings' Statement of Issues of Law. To the extent Defendants intend or attempt to introduce different or additional facts, including based on currently unpled alleged inequitable conduct claims, CAO Lighting reserves its right to supplement this Statement and contest those facts and to present any and all rebuttal evidence in response to those arguments. By providing this Statement, CAO Lighting does not concede that all of the recited facts and issues are appropriate for trial and does not waive any objections, including any objection that any fact has already been decided by a prior jury.

## I.      INEQUITABLE CONDUCT

<u>Issues To Be Litigated</u>

1.      There are no issues of law with respect to whether Dr. Cao, Mr. McCarthy, or Mr. Gadd withheld material prior art with an intent to deceive the United States Patent & Trademark Office, or otherwise committed any inequitable conduct before the United States Patent & Trademark Office, during the original prosecution or subsequent reexaminations of the '961 patent. Any disputes regarding application of the law to inequitable conduct in this case will be resolved by the Court in connection with post-trial briefing.

2.      Whether the patent-in-suit should be rendered unenforceable?

<u>Legal Authority</u>

3.      "To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).

4.      "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference." *Therasense*, 649 F.3d at 1290.

5.      Evidence of specific intent must "be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement." *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008).

6.      "[P]roving that an applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent." *Therasense*, 649 F.3d at 1290; *see also Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 732 (Fed. Cir. 2010) (holding that intent to deceive cannot be inferred simply from the failure to disclose material information); *Star Scientific*, 537 at 1366 ("[M]ateriality does not presume intent, which is a separate and essential component of inequitable conduct.") (internal quotations omitted).

7.      A finding that "the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy th[e intent to deceive] requirement." *Therasense*, 649 F.3d at 1290 (quoting *Kingsdown Med. Consultants, Ltd. v. Hollister*, 863 F.2d 867, 875 (Fed. Cir. 1988)).

8.      If the accused infringer meets its burden to show both intent and materiality by clear and convincing evidence, the district court must still "weigh the equities to determine whether the

applicant's conduct before the PTO warrants rendering the entire patent unenforceable."

*Therasense*, 649 F.3d at 1287.

## II.     EQUITABLE ESTOPPEL

<u>Issues To Be Litigated</u>

9.      There are no issues of law with respect to whether General Electric, GE Lighting, Current, OSRAM, or LEDVANCE were misled by any act or omission of CAO Lighting or CAO Group.

10.      There are no issues of law with respect to whether General Electric, GE Lighting, Current, OSRAM, or LEDVANCE relied on any act or omission of CAO Lighting or CAO Group.

11.      There are no issues of law with respect to whether General Electric, GE Lighting, Current, OSRAM, or LEDVANCE suffered prejudice as a result of any act or omission of CAO Lighting or CAO Group.

12.      Any disputes regarding application of the law to equitable estoppel in this case will be resolved by the Court in connection with post-trial briefing.

<u>Legal Authority</u>

13.      A party raising equitable estoppel as a defense must prove, by a preponderance of the evidence, three elements: '(1) the [patentee], who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. (2) The [accused infringer] relies upon that communication. (3) And the [accused infringer] would be harmed materially if the [patentee] is later permitted to assert any claim inconsistent with his earlier conduct.'" *Vanderlande Indus. Nederland BV v. I.T.C.*, 366 F.3d 1311, 1324 (Fed. Cir. 2004) (quoting *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1991)).

14.     The alleged infringer's inference or belief based on any act or omission of the patentee must be reasonable. *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010) (holding that defendant must show that "the patentee, through misleading conduct, led the infringer to reasonably believe that the patentee did not intent to enforce its patent against the infringer"); *Tang v. Northpole, Ltd.*, No. 11-5112, 2012 WL 12847002, at *3 (W.D. Ark. May 11, 2012) ("Silence resulting from a patentee's negligence can amount to misleading conduct if it reasonably gives rise to an inference of abandonment of the infringement claim.").

15.     The alleged infringer "must show that, in fact, it substantially relied on the misleading conduct of the patentee in connection with taking some action. Reliance is not the same as prejudice or harm, although frequently confused." *Aukerman*, 960 F.2d 1042–43.

16.     To establish reliance there must be an "evidentiary link between, on the one hand, defendant's own activities which purportedly establish reliance and, on the other hand, plaintiffs' asserted statement and inaction on which defendant claims it relied." *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 14-cv-65444 (KAM)(GRB), 2018 WL 1525686, at * 26 (E.D.N.Y. Mar. 27, 2018); *see also Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1290–94 (Fed. Cir. 1992) (referring to "a total absence in the record of any showing by CES that its activities were in reliance upon supposed actions of Hemstreet, rather than a business judgment of its own—a judgment which subsequent events may well prove to be faulty").

17.     "It is not enough that the alleged infringer changed his position—i.e., invested in production of the allegedly infringing device. The change must because of and as a result of the delay, not simply a decision to capitalize on market opportunity." *Hemstreet*, 972 F.2d at 1294 (citing *Aukerman*, 960 F.2d at 1033).

18.     In addition, a finding of prejudice must be connected to the alleged misleading act or silence. *See, e.g.*, *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 375, 383 (D.

Del. 2005); *see also Eidos Display LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-201-JRG-JDL,
2017 WL 6268800, *6 (E.D. Tex. Dec. 8, 2017) (holding prejudice must be connected to the
alleged misleading conduct or silence).

## III.   COSTS

### Issues To Be Litigated

19.     Whether CAO Lighting is entitled to costs in these cases.

### Legal Authority

20.     On a finding of patent infringement, courts should award the patentee costs and
pretrial interest. Federal Rule of Civil Procedure 54 states that: "[u]nless a federal statute, these
rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed
to the prevailing party."

## IV.   ATTORNEYS' FEES

### Issues To Be Litigated

21.     Whether any party should be awarded attorneys' fees in these cases.

### Legal Authority

22.     The patent statute authorizes the Court in "exceptional cases" to award reasonable
attorneys' fees to the prevailing party. 35 U.S.C. § 285. The text is patently clear. It imposes one
and only one constraint on the district court's discretion to award attorney's fees in patent
litigation: The power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health &
Fitness, Inc.*, 134 S. Ct. 1749, 1755–56 (2014). The Supreme Court held that "[a]n 'exceptional'
case . . . is simply one that stands out from others with respect to the substantive strength of a
party's litigating position (considering both the governing law and the facts of the case) or the
unreasonable manner in which the case was litigated." *Id.* at 1756. A "district court may award
fees in the rare case in which a party's unreasonable conduct—while not necessarily independently

sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. The statute's requirement for an "exceptional" finding is not the same as 25 U.S.C § 284's standard for enhancement of damages. *See Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1573 n.4 (Fed. Cir. 1996) ("conduct which a court may deem 'exceptional' and a basis for awarding attorneys fees may not qualify for an award of increased damages.")

23.    Entitlement to fees under Section 285 is established by the preponderance of evidence. *Octane Fitness, LLC*, 134 S. Ct. at 1758; *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2014 WL 4675002, at *2 (D. Del. Sept. 12, 2014).

# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CAO LIGHTING, INC.,

       Plaintiff,

v.

GENERAL ELECTRIC COMPANY,
CONSUMER LIGHTING (U.S.), LLC d/b/a GE
LIGHTING, and CURRENT LIGHTING
SOLUTIONS, LLC,

       Defendants.

C.A. No. 20-681-GBW

# DEFENDANTS GE, GE LIGHTING, AND CURRENT
# LIGHTING'S ISSUES OF LAW

## TABLE OF CONTENTS

I.   Patent Unenforceability ................................................................................. 1

    A.   Inequitable Conduct ....................................................................... 2

        1.   Duty of Candor .................................................................. 3

        2.   Materiality ......................................................................... 4

        3.   Intent to Deceive ............................................................... 5

    B.   Equitable Estoppel ......................................................................... 8

II.   Damages ...................................................................................................... 12

    A.   Costs, Prejudgment Interest, and Postjudgment Interest ..................... 12

    B.   Exceptional Cases Including Attorneys' Fees ..................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.B. Dick Co. v. Burroughs Corp.*,
   798 F.2d 1392 (Fed. Cir. 1986)........................................................................................5

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) ...................................................................8, 9, 11

*Andover Healthcare, Inc. v. 3M Co.*,
   2016 WL 6246360 (D. Del. Oct. 18, 2016) ...................................................................11

*Apotex Inc. v. UCB, Inc.*,
   763 F.3d 1354 (Fed. Cir. 2014)........................................................................................7

*Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*,
   605 F.3d 1305 (Fed. Cir. 2010)...................................................................................10, 11

*Aventis Pharma S.A. v. Hospira, Inc.*,
   675 F.3d 1324 (Fed. Cir. 2012)....................................................................................4, 6

*Avid Identification Sys., Inc. v. Crystal Imp. Corp.*,
   603 F.3d 967 (Fed. Cir. 2010).......................................................................................3, 6

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*,
   267 F.3d 1370 (Fed. Cir. 2001)....................................................................................3, 5

*Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs. Ltd.*,
   394 F.3d 1348 (Fed. Cir. 2005)...................................................................................5, 6, 7

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   No. CV 11-1175-RGA, 2014 WL 4675002 (D. Del. Sept. 12, 2014) ....................................13

*Consol. Aluminum Corp. v. Foseco Int'l Ltd.*,
   910 F.2d 804 (Fed. Cir. 1990).........................................................................................2

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
   120 F.3d 1253 (Fed. Cir. 1997)....................................................................................6, 7

*Duro-Last, Inc. v. Custom Seal, Inc.*,
   321 F.3d 1098 (Fed. Cir. 2003).......................................................................................2

*eSpeed Inc. v. Brokertec USA LLC*,
   417 F. Supp. 2d 580 (D. Del. 2006), *aff'd*, 480 F.3d 1129 (Fed. Cir. 2007) ...........................2

*General Motors Corp. v. Devex Corp.*,
   461 U.S. 648 (1983).....................................................................................................12

*GS Cleantech Corp. v. Adkins Energy LLC*,
   951 F.3d 1310 (Fed. Cir. 2020).......................................................................................6

*Hottel Corp. v. Seaman Corp.*,
   833 F.2d 1570 (Fed. Cir. 1987)..........................................................................9

*Intellect Wireless, Inc. v. HTC Corp.*,
   732 F.3d 1339 (Fed. Cir. 2013)........................................................................2

*Kane v. DeLong*,
   2013 WL 1149801 (N.D. Cal. Mar. 19, 2013)...............................................9

*Kewazinga Corp. v. Microsoft Corp.*,
   558 F. Supp. 3d 90 (S.D.N.Y. 2021).............................................................9, 10

*Keystone Driller Co. v. Gen. Excavator Co.*,
   290 U.S. 240 (1933)..........................................................................................3

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*,
   863 F.2d 867 (Fed. Cir. 1988)..........................................................................8

*LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*,
   958 F.2d 1066 (Fed. Cir. 1992)........................................................................5

*Loughman v. Consol-Pennsylvania Coal Co.*,
   6 F.3d 88 (3d Cir. 1993)...................................................................................13

*Merck & Co. v. Danbury Pharmacal, Inc.*,
   873 F.2d 1418 (Fed. Cir. 1989)........................................................................7

*Nickson Indus., Inc. v. Rol Mfg. Co.*,
   847 F.2d 795 (Fed. Cir. 1988)......................................................................12, 13

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014).........................................................................................13

*Ohio Willow Wood Co. v. Alps South, LLC*,
   735 F.3d 1333 (Fed. Cir. 2013)......................................................................2, 4

*Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
   984 F.2d 1182 (Fed. Cir. 1993)........................................................................6

*Parallel Iron LLC v. NetApp Inc.*,
   70 F. Supp. 3d 585 (D. Del. 2014) (Andrews, J.) ..........................................13

*Radio Sys. Corp. v. Lalor*,
   2012 WL 254026 (W.D. Wash. Jan. 26, 2012), *aff'd in part, rev'd in part on
   other grounds and remanded,* 709 F.3d 1124 (Fed. Cir. 2013)...................9, 11

*Regeneron Pharm., Inc. v. Merus B.V.*,
   144 F. Supp. 3d 530 (S.D.N.Y. 2015), *aff'd,* 864 F.3d 1343 (Fed. Cir. 2017) ..........7

*Robocast, Inc. v. Microsoft Corp.*,
   21 F. Supp. 3d 320 (D. Del. 2014)...................................................................2

*Rohm & Haas Co. v. Crystal Chem. Co.*,
   722 F.2d 1556 (Fed. Cir. 1983)........................................................................4

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,*
807 F.3d 1311 (Fed. Cir. 2015) (en banc), *vacated in part on other grounds,*
137 S. Ct. 954 (2017) ........................................................................................................8

*Star Sci. v. R.J. Tobacco,*
537 F.3d 1357 (Fed. Cir. 2008) ........................................................................................6

*Stryker Corp. v. Zimmer, Inc.,*
741 F. Supp. 509 (D.N.J. 1990) ........................................................................................8

*Symbol Techs., Inc. v. Aruba Networks, Inc.,*
609 F. Supp. 2d 353 (D. Del. 2009) ..................................................................................9

*Therasense Inc. v. Becton Dickinson & Co.,*
649 F.3d 1276 (Fed. Cir. 2011) .......................................................................2, 4, 5, 6, 8

*Trading Techs. Int'l, Inc. v. IBG LLC,*
2020 WL 7398790 (N.D. Ill. Dec. 17, 2020) .................................................................10

*Trans Web, LLC v. 3M Innovative Props. Co.,*
16 F. Supp. 3d 385 (D.N.J. 2014), aff'd, 812 F.3d 1295 (Fed. Cir. 2016) .....................3

*Transmatic, Inc. v. Gulton Indus., Inc.,*
180 F.3d 1343 (Fed. Cir. 1999) ......................................................................................13

*Vanderlande Indus. Nederland BV v. I.T.C.,*
366 F.3d 1311 (Fed. Cir. 2004) ........................................................................................9

*Wafer Shave, Inc. v. Gillette Co.,*
857 F. Supp. 112 (D. Mass. 1993) .....................................................................9, 10, 11, 12

**Rules and Statutes**

28 U.S.C. § 1920 ....................................................................................................................12

28 U.S.C. § 1961(a) ...............................................................................................................12

35 U.S.C. § 285 ......................................................................................................................13

Fed. R. Civ. P. 54(d)(l) .........................................................................................................12

**Other Authorities**

37 C.F.R. § 1.56 ......................................................................................................................3

37 C.F.R. § 1.555 ....................................................................................................................3

Pursuant to Local Rule 16.3(c)(5) and this Court' Scheduling Order (D.I. 64), Defendants General Electric Company ("GE"), Consumer Lighting (U.S.), LLC D/B/A GE Lighting ("GE Lighting") (collectively the "GE Defendants") and Current Lighting Solutions, LLC ("Current") (collectively "Defendants") submit this statement of issues of law that remain to be litigated. The identification of these issues is based in part on Defendants' current understanding of CAO's arguments regarding infringement, validity, enforceability, equitable estoppel and damages, which are based on the pleadings, discovery, and testimony to date (including testimony during the February 2023 jury trial). Defendants reserve the right to supplement, amend, or modify this list, for example, to respond to any issues, arguments, or evidence raised by CAO, or in the event of any Court ruling that might raise new or additional issues, including the pending motions for summary judgment and pending *Daubert* motions.

If the Court determines that Defendants' statement of the issues of fact that remain to be litigated as set forth in Exhibit 3 contains issues of law, those issues of law are incorporated herein by reference. Should the Court determine that any issue identified in this statement as a legal issue is more appropriately considered a factual issue, Defendants incorporate such issues by reference into Exhibit 3. The authority cited herein is not exhaustive, and Defendants may rely on authority not cited in this statement.

## I.      Patent Unenforceability

1.      Whether Defendants have proven by clear and convincing evidence that the '961 patent is unenforceable due to inequitable conduct during prosecution of the patent before the United States Patent and Trademark Office ("PTO").

2.      Whether Defendants have proven by clear and convincing evidence that the '961 patent is unenforceable due to inequitable conduct during reexamination of the patent before the Patent Trials and Appeals Board ("PTAB").

3.      Whether Defendants have proven by a preponderance of the evidence that CAO's patent infringement claims are barred by the doctrine of equitable estoppel.

**A.      Inequitable Conduct**

4.      Although inequitable conduct involves questions of fact, "[i]nequitable conduct is equitable in nature and the trial court has the obligation to resolve the underlying facts of materiality and intent." *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1110 (Fed. Cir. 2003).

5.      Inequitable conduct is an equitable defense to patent infringement. *Therasense Inc. v. Becton Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). A finding of "fraud," "inequitable conduct," or violation of duty of disclosure with respect to any claim in an application or patent, renders all the claims thereof unpatentable or invalid. *See id*. at 1288.   "[Unequitable conduct infects the invention itself, and all claims which form a part of that invention." *Robocast, Inc. v. Microsoft Corp.*, 21 F. Supp. 3d 320, 338 (D. Del. 2014). As such, "the taint of a finding of inequitable conduct can spread from a single patent to render unenforceable other related patents and applications in the same technology family." *Therasense*, 649 F.3d at 1288 (citing *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 808-12 (Fed. Cir. 1990)); see also *eSpeed Inc. v. Brokertec USA LLC*, 417 F. Supp. 2d 580, 595 (D. Del. 2006) (inequitable conduct during the prosecution of a patent application "can therefore render unenforceable . . . claims that issue from related applications as well"), aff'd, 480 F.3d 1129 (Fed. Cir. 2007).

6.      Evidence "that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive" the PTO requires a finding that the patent is unenforceable due to inequitable conduct. *Intellect Wireless, Inc. v. HTC Corp.*, 732 F.3d 1339, 1341–42 (Fed. Cir. 2013); accord, *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1344 (Fed. Cir. 2013). The determination of inequitable conduct is a flexible doctrine based on the Court's equitable powers, which is "not bound by formula or

restrained by any limitation that tends to trammel the free and just exercise of discretion." *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245–46 (1933).

### 1.    Duty of Candor

7.    The duty owed to the PTO includes those whose "involvement relates to the content of the application or decisions related thereto, and . . . is not wholly administrative or secretarial in nature." *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 603 F.3d 967, 974 (Fed. Cir. 2010). The person who misrepresents or omits material information can be an inventor, prosecuting attorney, or a person otherwise "substantively involved in the preparation or prosecution of the [patent] application." *Id*. at 973. The proper resolution of inequitable conduct requires evaluating the actions of all involved. *See*, e.g., *Trans Web, LLC v. 3M Innovative Props. Co.*, 16 F. Supp. 3d 385, 406-07 (D.N.J. 2014) ("[T]he actions of other 3M employees—Rousseau, Legare, Nagel, Lyons, and others—provide strong corroborating evidence of the inequitable conduct of Jones and Hanson."), aff'd, 812 F.3d 1295 (Fed. Cir. 2016). The Court's determination of inequitable conduct should not be "bound by formula" and need not be adjudicated with respect to each individual in isolation. *Keystone Driller*, 290 U.S. at 245-46.

8.    All individuals covered by 37 C.F.R. § 1.56 have a duty to disclose to the PTO all material information they are aware of, regardless of the source or how they become aware of the information. *See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1383 (Fed. Cir. 2001) ("Once an attorney, or an applicant, has notice that information exists that appears material and questionable, that person cannot ignore that notice in an effort to avoid his or her duty to disclose.").

9.    This duty of candor extends to proceedings in which a patent is reexamined.  37 C.F.R. § 1.555 ("Each individual associated with the patent owner in a reexamination proceeding has a duty of candor and good faith in dealing with the Office.")

3

### 2.   Materiality

10.    Materiality is established if the PTO would not have issued the claim if it had been aware of the omitted or misrepresented information. *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1334 (Fed. Cir. 2012) (quoting *Therasense*, 649 F.3d at 1291). Prior art that would have anticipated a claim or rendered it obvious is material information. *See Therasense*, 649 F.3d at 1291–92 ("When an applicant fails to disclose prior art to the PTO, that prior art is but for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art.")

11.    The materiality required to establish inequitable conduct is "but-for" materiality. *Aventis Pharma*, 675 F.3d at 1334 (citing *Therasense*, 649 F.3d at 1291). However, but-for materiality need not be shown for "affirmative acts of egregious misconduct." *Id.* at 1292-93 (contrasting affirmative misconduct against "mere nondisclosure of prior art).  Indeed, but-for materiality is presumed where "the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit." *Id.* at 1292-93 (citing *Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1571 (Fed. Cir. 1983) ("there is no room to argue that submission of false affidavits is not material")); *see also Ohio Willow Wood*, 735 F.3d at 1345. "After all, a patentee is unlikely to go to great lengths to deceive the PTO with a falsehood unless it believes that the falsehood will affect issuance of the patent." *Therasense*, 649 F.3d at 1292.

12.    Because the PTO applies a preponderance of the evidence standard and gives claims their broadest reasonable interpretation, a defendant can show materiality under a preponderance of the evidence standard even if the issued claims are not invalidated by clear and convincing evidence at trial. *Aventis Pharma*, 675 F.3d at 1334 (citing *Therasense*, 649 F.3d at 1291-92).

13.     The selective disclosure of material information to other recipients, but not to the PTO, supports the inference that an inventor understood the importance of the material and withheld it from the PTO with deceptive intent. *See Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs. Ltd.*, 394 F.3d 1348, 1354 (Fed. Cir. 2005); *A.B. Dick Co. v. Burroughs Corp.*, 798 F.2d 1392, 1399 (Fed. Cir. 1986).

14.     A finding of patent validity does not bind the Court's decision on materiality. As the Federal Circuit in *American Calcar v. American Honda Motor Co.* stated:

> This court held in *Therasense* that the standard for 'the materiality required to establish inequitable conduct is but-for materiality.' In particular, undisclosed prior art is 'but-for material if the PTO would not have allowed a claim had it been aware of it. This means that to assess materiality, the court must look to the standard used by the PTO to allow claims during examination. To wit: 'The court should apply the preponderance of the evidence standard and give claims their broadest reasonable construction.' District courts and the PTO employ different evidentiary standards and rules for claim construction. Therefore, 'even if a district court does not invalidate a claim based on a deliberately withheld reference, the reference may be material if it would have blocked patent issuance under the PTO's different evidentiary standards.' The jury's verdict finding the patents at issue non-obvious thus does not weigh on the determination of materiality for inequitable conduct, and indeed, Calcar does not make any arguments on appeal that rely on the jury's determination.

768 F.3d 1185, 1189 (Fed. Cir. 2014) (internal citations omitted).

15.     Even though the attorney, agent, or applicant does not consider a reference or information necessarily material, "where the materiality of the information is uncertain, disclosure is required." *Brasseler*, 267 F.3d at 1386; see also, e.g., *LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

**3.     Intent to Deceive**

16.     Intent is established by a showing of clear and convincing evidence that the patentee: "[1] knew of the reference, [2] knew that it was material, and [3] made a deliberate decision to withhold it." *Therasense*, 649 F.3d at 1290. "[T]he specific intent to deceive must be

'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (quoting *Star Sci. v. R.J. Tobacco*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)); *see GS Cleantech Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1329–32 (Fed. Cir. 2020) (affirming finding of inequitable conduct where material prior art reference was intentionally withheld from the patent office); *Monsanto Co.*, 514 F.3d at 1240–42 (holding that an inference of intent to deceive can be drawn where patent applicant lacks a credible reason for nondisclosure).

17.     "Direct evidence of intent or proof of deliberate scheming is rarely available in instances of inequitable conduct, but intent may be inferred from the surrounding circumstances." *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997); *see also Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1189-91 (Fed. Cir. 1993) ("'[S]moking gun' evidence is not required in order to establish an intent to deceive. Rather, this element of inequitable conduct . . . must generally be inferred from the facts and circumstances surrounding the applicant's overall conduct."). "[A] district court may infer intent from indirect and circumstantial evidence." *Therasense*, 649 F.3d at 1290. "[I]n the absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information." *Bruno*, 394 F.3d at 1354. Where the single most reasonable inference from the circumstantial evidence is intent to deceive, specific intent is satisfied. *See Therasense*, 649 F.3d at 1290; *see also Aventis Pharma*, 675 F.3d at 1335.

18.     The Court may take into account circumstances where a witness's "memory of facts was suspiciously selective, and he refused to acknowledge certain incontrovertible events." *Avid*, 603 F.3d at 975.

19.      "[A] patentee facing a high level of materiality and clear proof that it knew or should have known of that materiality, can expect to find it difficult to establish 'subjective good

faith' sufficient to prevent the drawing of an inference of intent to mislead." *Critikon*, 120 F.3d at 12567-57; *see also Merck & Co. v. Danbury Pharmacal, Inc.*, 873 F.2d 1418, 1422 (Fed. Cir. 1989) (stating intent is often proven by "a showing of acts the natural consequences of which are presumably intended by the actor" (citation omitted)).

20.    "Partial disclosure of material information about the prior art to the PTO cannot absolve a patentee of intent if the disclosure is intentionally selective." *See Am. Calcar*, 768 F.3d at 1190-91 (finding intent where Calcar's founder, Mr. Obradovich, "was not candid about the inventors' possession of photographs" of the prior art, and "knew the information was material because he himself acknowledged the importance of the information he possessed").

21.    Where a prosecuting attorney's "statements were not mere advocacy for a preferred interpretation . . . [but] factual in nature and contrary to the true information he had in his possession," those statements cross "the line from legitimate advocacy to genuine misrepresentation of material facts," supporting a finding of inequitable conduct. *See Apotex Inc. v. UCB, Inc.*, 763 F.3d 1354, 1362 (Fed. Cir. 2014); see also *Regeneron Pharm., Inc. v. Merus B.V.*, 144 F. Supp. 3d 530, 583 (S.D.N.Y. 2015) (finding that "incomplete and/or inaccurate" statements about scientific data support inequitable conduct), *aff'd,* 864 F.3d 1343 (Fed. Cir. 2017).

22.    "[I]t can be expected that an innocent party will be motivated to try to present convincing reasons for its actions or inaction." *Bruno*, 394 F.3d at 1354. "[A]n inference of deceptive intent may fairly be drawn in the absence of" any "credible explanation" for nondisclosure or material misrepresentation. *Id.* And "[i]n the absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information." *Id.*

23.     If the accused infringer meets its burden to prove inequitable conduct, "then the district court must weigh the equities to determine whether the applicant's conduct before the PTO warrants rendering the entire patent unenforceable." *Therasense*, 649 F.3d at 1287. Inequitable conduct related to even a "single claim renders the entire patent unenforceable." *Id.* at 1288; *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988).

**B.     Equitable Estoppel**

24.     Whether CAO's claims are barred by the doctrine of equitable estoppel.

25.     The issue of equitable estoppel is an equitable matter for the Court.   "Where equitable estoppel is established, all relief on a claim may be barred." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) (*en banc*).   The effect of equitable estoppel is "a license to use the invention that extends throughout the life of the patent." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,* 807 F.3d 1311, 1332 (Fed. Cir. 2015) (en banc), *vacated in part on other grounds,* 137 S. Ct. 954 (2017).

26.     It is well-established that "intentionally misleading silence" can serve as the basis for estoppel, even absent an affirmative communication. *See*, e.g., *Aukerman*, 960 F.2d at 1043. As one court noted, "[a] patentee who, with knowledge of the alleged infringing activity, does nothing over a period of years other than mislead a purported infringer . . . to believe that there was and is no problem, lying in wait ... has engaged in affirmatively misleading silence of the worst order." *Stryker Corp. v. Zimmer, Inc.*, 741 F. Supp. 509, 514-15 (D.N.J. 1990). "In the most common situation," "the patentee specifically objects to the activities currently asserted as infringement in the suit and then does not follow up for years." *Aukerman,* 960 F.2d at 1042. "[C]ourts have found intentionally misleading silence where 'a patentee threatened immediate or vigorous enforcement of its patent right but then did nothing for an unreasonably long time.'"

*Symbol Techs., Inc. v. Aruba Networks, Inc.,* 609 F. Supp. 2d 353, 356 (D. Del. 2009) (quoting *Hottel Corp. v. Seaman Corp.,* 833 F.2d 1570, 1574 (Fed. Cir. 1987)).

27.     "A party raising equitable estoppel as a defense must prove, by a preponderance of the evidence, three elements: '(1) The [patentee], who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. (2) The [accused infringer] relies upon that communication. (3) And the [accused infringer] would be harmed materially if the [patentee] is later permitted to assert any claim inconsistent with his earlier conduct.'" *Vanderlande Indus. Nederland BV v. I.T.C.*, 366 F.3d 1311, 1324 (Fed. Cir. 2004) (quoting *Aukerman*, 960 F.2d at 1041).

28.     Defendants can establish reliance by showing that they "failed to take affirmative actions to protect [themselves] from a lawsuit seeking many millions of dollars in damages." *Wafer Shave*, 857 F. Supp. at 124; *see also Kewazinga Corp. v. Microsoft Corp.*, 558 F. Supp. 3d 90, 110 (S.D.N.Y. 2021) (applying equitable estoppel where the patentee's inaction deprived the alleged infringer of any grounds to "maintain [its] armor against" a lawsuit).  Affirmative steps might include seeking an early settlement to end litigation; altering business plans; exploring options to design-around the allegedly infringing aspects of a problem, or pursuing counter-claims or specific defenses.  *See, e.g.*, *Radio Sys. Corp.*, 2012 WL 254026, at *9; *Wafer Shave*, 857 F. Supp. at 124; *Kane v. DeLong*, 2013 WL 1149801, at *5 (N.D. Cal. Mar. 19, 2013).  In particular, a major corporate transaction during a period of misleading silence "unquestionably" establishes reliance.  *Radio Sys. Corp.*, 2012 254026, at *9.

29.     In proving reliance, Defendants need not show that patentee's conduct was the only reason they took (or did not take) certain actions.  Rather, it is enough that patentee's conduct "[a]t the very least … reinforced" Defendants' decision-making. *Radio Sys. Corp. v. Lalor,* 2012 WL

254026, at *9 (W.D. Wash. Jan. 26, 2012)*, aff'd in part, rev'd in part on other grounds and remanded,* 709 F.3d 1124 (Fed. Cir. 2013) (rejecting patentee's argument that equitable estoppel could not lie because it was "conceivable that [the alleged infringers] relied not on [the patentee's] inaction, but on their own belief that [the patent] was invalid"); *see also Wafer Shave, Inc. v. Gillette Co.,* 857 F. Supp. 112, 123 (D. Mass. 1993). In other words, Defendants "need not prove precisely what alternative paths [they] would have taken," or show that "every … decision was based on reliance on [the patentee's] silence." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1312 (Fed. Cir. 2010) (affirming the district court's grant of summary judgment on equitable estoppel).

30. A patentee's course of dealings with other companies, such as filing other lawsuits, may reinforce a defendant's inference that the patentee had "waived its patent rights" with respect to ddefendant. *Scholle Corp. v. Blackhawk Molding Co*., Inc., 133 F.3d 1469, 1472 (Fed. Cir. 1998). *Trading Techs. Int'l, Inc. v. IBG LLC,* 2020 WL 7398790, at *2 (N.D. Ill. Dec. 17, 2020) (reasonable to infer that patent owner "did not intend to bring legal action against" potential infringer based on "a threat of litigation against many, action against some of the threatened parties, and then five years of silence").

31. Prejudice for equitable estoppel may be either economic, evidentiary or both. *Kewazinga Corp. v. Microsoft Corp.,* 558 F. Supp. 3d 90, 110 (S.D.N.Y. 2021) (prejudice for equitable estoppel "may be economic or evidentiary"); *see also Wafer Shave,* 857 F. Supp. at 125-26 (recognizing both "economic, or business, prejudice" and "litigation prejudice").

32. "Evidentiary, or 'defense' prejudice, may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge

the facts." *Aukerman*, 960 F.2d at 1033; *see also Wafer Shave*, 857 F. Supp. at 126 (recognizing

that defendants may suffer "litigation prejudice in the form of lost evidence").

33.     "Economic prejudice may arise where a defendant and possibly others will suffer

the loss of monetary investments or incur damages which likely would have been prevented by

earlier suit." *Id.*; *see also Andover Healthcare, Inc. v. 3M Co.*, 2016 WL 6246360, at *2 (D. Del.

Oct. 18, 2016) (same); *Wafer Shave*, 857 F. Supp. at 125 (defendant prejudiced where it "lost the

opportunity to limit its present exposure to substantial litigation costs and damages").

34.     Economic prejudice also may be shown "by a change of economic position flowing

from actions taken or not taken by the patentee." *Aspex Eyewear,* 605 F.3d at 1312; *see also*

*Aukerman,* 960 F.2d at 1033.  For example, a defendant may show economic prejudice based on a

"substantial new investment in allegedly infringing products during the delay." *Wafer Shave*, 857

F. Supp. at 125.  The "development" of business built around accused products "represents a

significant change in economic position and constitutes material prejudice sufficient to show

equitable estoppel." *Aspex Eyewear*, 605 F.3d at 1312; *see also Wafer shave*, 857 F. Supp. at 125

(recognizing prejudice where the defendant "made substantial investment" in products that

incorporated the allegedly infringing technology).  Likewise, where a defendant "during the period

of silence," obtains an interest in another company, "a reasonable fact finder could find *only* that

Plaintiffs suffered prejudice." *Radio Sys.*, 2012 WL 254026, at *9 (emphasis added).

35.     It is sufficient to show economic prejudice that the defendant was "robbed … of

the *opportunity* to structure their business plans as they might have had they known of the threat

of litigation"—a "recognized example of prejudice." *Radio Sys. Corp.*, 2012 wl 254026, at *9.  In

other words, a defendant "need not show a total loss of value in order to show material prejudice."

*Aspex Eyewear*, 605 F.3d at 1312.  "Whether or not [Defendants] would have actually altered

11

[their] business plans, [they were] clearly denied the opportunity to alter [their] business and investment strategies." *Wafer Shave*, 857 F. Supp. at 125.

## II.    Damages

### A.    Costs, Prejudgment Interest, and Postjudgment Interest

36.    "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(l). Under 28 U.S.C. § 1920, the prevailing party may recover the following costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920; *see also* D. Del. L.R. 54.1.

37.    Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "[T]he Supreme Court has held that 'prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award.'" *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (quoting *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983)). Prejudgment interest is not a penalty but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics*, 81 F.3d at 1574. Thus, the Supreme Court established "that prejudgment interest is the rule, not the exception." *Id.* (citing *General Motors Corp.*, 461 U.S. at 656–57). "Generally, prejudgment interest should be awarded

from the date of infringement to the date of judgment." *Nickson Indus.*, 847 F.2d at 800. "Postjudgment interest is awarded on monetary judgments recovered in all civil cases." *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). Postjudgment interest is governed by regional circuit law (*id*. at 1348), and begins to accrue on the date of the entry of judgment (*Loughman v. Consol-Pennsylvania Coal Co*., 6 F.3d 88, 97 (3d Cir. 1993)).

## B.    Exceptional Cases Including Attorneys' Fees

38.    Whether CAO is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

39.    Whether Defendants are entitled to their costs and attorneys' fees pursuant to 35 U.S.C. § 285.

40.    Section 285 provides "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[F]or a party to be a prevailing party, that party must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc*., 70 F. Supp. 3d 585, 589 (D. Del. 2014) (Andrews, J.). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545, 554 (2014). Further, "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Id.*  In addition, the prevailing party must prove entitlement to attorney fees under § 285 by a preponderance of the evidence. *Id*. at 1758; see also *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CV 11-1175-RGA, 2014 WL 4675002, at *1 (D. Del. Sept. 12, 2014).

# EXHIBIT 7

**EXHIBIT 5**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and <br> LEDVANCE LLC, | C.A. No. 20-690-GBW |

**DEFENDANTS OSRAM AND LEDVANCE'S**
**STATEMENT OF ISSUES OF LAW**

**EXHIBIT 5**

## TABLE OF CONTENTS

**Page**

I.      PATENT UNENFORCEABILITY ..................................................................... 1

     A.     Inequitable Conduct .................................................................................. 2

          1.     Materiality ..................................................................................... 4

          2.     Intent to Deceive ......................................................................... 5

     B.     Equitable Estoppel ................................................................................... 7

          1.     Misleading Conduct .................................................................... 7

          2.     Reliance ........................................................................................ 8

          3.     Prejudice ...................................................................................... 9

II.     DAMAGES ................................................................................................... 11

     A.     Costs, Prejudgment Interest, and Postjudgment Interest ..................... 11

     B.     Exceptional Cases Including Attorneys' Fees ..................................... 12

i

## EXHIBIT 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.B. Dick Co. v. Burroughs Corp.*,
   798 F.2d 1392 (Fed. Cir. 1986)................................................................................4

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) ........................................7, 8, 9, 10, 11

*American Calcar v. American Honda Motor Co.*,
   768 F.3d 1185 (Fed. Cir. 2014)............................................................................5, 6

*Andover Healthcare, Inc. v. 3M Co.*,
   2016 WL 6246360 (D. Del. Oct. 18, 2016) ...........................................................9

*Apotex Inc. v. UCB, Inc.*,
   763 F.3d 1354 (Fed. Cir. 2014)...............................................................................7

*Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*,
   605 F.3d 1305 (Fed. Cir. 2010).........................................................................9, 10

*Aventis Pharma S.A. v. Hospira, Inc.*,
   675 F.3d 1324 (Fed. Cir. 2012)............................................................................4, 5

*Avid Identification Sys., Inc. v. Crystal Imp. Corp.*,
   603 F.3d 967 (Fed. Cir. 2010)..............................................................................2, 6

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*,
   267 F.3d 1370 (Fed. Cir. 2001)............................................................................3, 5

*Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs. Ltd.*,
   394 F.3d 1348 (Fed. Cir. 2005)............................................................................4, 6

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   2014 WL 4675002 (D. Del. Sept. 12, 2014) .........................................................12

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
   120 F.3d 1253 (Fed. Cir. 1997)............................................................................5, 6

*Duro-Last, Inc. v. Custom Seal, Inc.*,
   321 F.3d 1098 (Fed. Cir. 2003)...............................................................................3

*eSpeed Inc. v. Brokertec USA LLC*,
   417 F. Supp. 2d 580 (D. Del. 2006), *aff'd*, 480 F.3d 1129 (Fed. Cir. 2007) ...........................2

*Intellect Wireless, Inc. v. HTC Corp.*,
732 F.3d 1339 (Fed. Cir. 2013)................................................................................3

*Kane v. DeLong*,
2013 WL 1149801 (N.D. Cal. Mar. 19, 2013)..........................................................8

*Kewazinga Corp. v. Microsoft Corp.*,
558 F. Supp. 3d 90 (S.D.N.Y. 2021)......................................................................8, 9

*Keystone Driller Co. v. Gen. Excavator Co.*,
290 U.S. 240 (1933)...................................................................................................3

*LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*,
958 F.2d 1066 (Fed. Cir. 1992)................................................................................5

*Loughman v. Consol-Pa. Coal Co.*,
6 F.3d 88 (3d Cir. 1993)..........................................................................................12

*Merck & Co. v. Danbury Pharmacal, Inc.*,
873 F.2d 1418 (Fed. Cir. 1989)................................................................................6

*Monsanto Co. v. Bayer Bioscience N.V.*,
514 F.3d 1229 (Fed. Cir. 2008)................................................................................6

*Nickson Indus., Inc. v. Rol Mfg. Co.*,
847 F.3d 795 (Fed. Cir. 1988)............................................................................11, 12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014).................................................................................................12

*Ohio Willow Wood Co. v. Alps South, LLC*,
735 F.3d 1333 (Fed. Cir. 2013)............................................................................3, 4

*Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
984 F.2d 1182 (Fed. Cir. 1993)................................................................................5

*Parallel Iron LLC v. NetApp Inc.*,
70 F. Supp. 3d 585 (D. Del. 2014) (Andrews, J.) ...................................................12

*Radio Sys. Corp. v. Lalor*,
2012 WL 254026 (W.D. Wash. Jan. 26, 2012)*, aff'd in part, rev'd in part on
other grounds and remanded,* 709 F.3d 1124 (Fed. Cir. 2013).....................8, 9, 10

*Regeneron Pharm., Inc. v. Merus B.V.*,
144 F. Supp. 3d 530 (S.D.N.Y. 2015), *aff'd,* 864 F.3d 1343 (Fed. Cir. 2017) .........7

*Robocast, Inc. v. Microsoft Corp.*,
21 F. Supp. 3d 320 (D. Del. 2014)............................................................................2

*Rohm & Haas Co. v. Crystal Chem. Co.*,
    722 F.2d 1556 (Fed. Cir. 1983)..........................................................................4

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
    807 F.3d 1311 (Fed. Cir. 2015) (en banc), *vacated in part on other grounds*,
    137 S. Ct. 954 (2017)....................................................................................7

*Sensonics, Inc. v. Aerosonic Corp.*,
    81 F.3d 1566 (Fed. Cir. 1996).................................................................11, 12

*Stryker Corp. v. Zimmer, Inc.*,
    741 F. Supp. 509 (D.N.J. 1990) ...................................................................8

*Symbol Techs., Inc. v. Aruba Networks, Inc.*,
    609 F. Supp. 2d 353 (D. Del. 2009)..............................................................8

*Therasense Inc. v. Becton Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011)........................................................2, 4, 5, 6

*Trading Techs. Int'l, Inc. v. IBG LLC*,
    2020 WL 7398790 (N.D. Ill. Dec. 17, 2020) .................................................9

*Trans Web, LLC v. 3M Innovative Props. Co.*,
    16 F. Supp. 3d 385 (D.N.J. 2014), *aff'd*, 812 F.3d 1295 (Fed. Cir. 2016)................3

*Transmatic, inc. v. Gulton Indus., Inc.*,
    180 F.3d 1343 (Fed. Cir. 1999)......................................................................12

*Vanderlande Indus. Nederland BV v. I.T.C.*,
    366 F.3d 1311 (Fed. Cir. 2004).......................................................................7

*Wafer Shave, Inc. v. Gillette Co.*,
    857 F. Supp. 112 (D. Mass. 1993) .......................................................8, 9, 10, 11

**Statutes and Other Authorities**

28 U.S.C. § 1920.................................................................................................11

28 U.S.C. § 1961(a) ...........................................................................................11

35 U.S.C. § 285..................................................................................................12

37 C.F.R. § 1.56.................................................................................................2

37 C.F.R. § 1.555(a)...........................................................................................2

Fed. R. Civ. P. 54(d)(1)......................................................................................11

L.R. 54.1 ...........................................................................................................11

## EXHIBIT 5

Pursuant to Local Rule 16.3(c)(5) and this Court's Scheduling Order (D.I. 64), Defendants OSRAM SYLVANIA, INC. and LEDVANCE, LLC submit this statement of issues of law.  The identification of these issues rests in part on Defendants' current understanding of CAO's arguments regarding inequitable conduct and equitable estoppel, which are based in turn on the pleadings, discovery, and testimony to date (including testimony during the February 2023 jury trial in the GE/Current case, No. 20-681).  Defendants reserve the right to supplement, amend, or modify this list, for example, to respond to any issues, arguments, or evidence raised by CAO, or to address any forthcoming Court rulings.

If the Court determines that Defendants' statement of the issues of fact that remain to be litigated as set forth in Exhibit 3 contains issues of law, those issues of law are incorporated herein by reference.  Should the Court determine that any issue identified in this statement as a legal issue is more appropriately considered a factual issue, Defendants incorporate such issues by reference into Exhibit 3.  The authority cited herein is not exhaustive, and Defendants may rely on authority not cited in this statement.

### I.      Patent Unenforceability

1.      The parties dispute (1) whether Defendants have proven by clear and convincing evidence that the '961 patent is unenforceable due to inequitable conduct during prosecution of the patent before the United States Patent and Trademark Office ("PTO"); (2) whether Defendants have proven by clear and convincing evidence that the '961 patent is unenforceable due to inequitable conduct during reexamination of the patent before the Patent Trial and Appeal Board ("PTAB"); and (3) whether Defendants have proven by a preponderance of the evidence that CAO's patent infringement claims are barred by the doctrine of equitable estoppel.

A.     **Inequitable Conduct**

2.     Inequitable conduct is an equitable defense to patent infringement.  *Therasense Inc. v. Becton Dickinson & Co*., 649 F.3d 1276, 1285 (Fed. Cir. 2011).

3.     "PTO Rule 56, codified at 37 C.F.R. § 1.56, imposes on all individuals associated with the filing and prosecution of a patent application a duty of candor and good faith in dealing with the PTO during the period of examination of a patent application."  *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 603 F.3d 967, 973 (Fed. Cir. 2010).  This duty of candor extends to reexamination proceedings.  37 C.F.R. § 1.555(a) ("Each individual associated with the patent owner in a reexamination proceeding has a duty of candor and good faith in dealing with the Office.").

4.     The duty of candor owed to the PTO extends to those whose "involvement relates to the content of the application or decisions related thereto, and . . . is not wholly administrative or secretarial in nature."  *Avid*, 603 F.3d at 974.  "If an individual who is substantively involved in the preparation or prosecution of an application fails to comply with his duty of candor, then that individual's misconduct is chargeable to the applicant for the patent, and the applicant's patent is held unenforceable" under the doctrine of inequitable conduct.  *Id.* at 973.

5.     Specifically, a finding of "fraud," "inequitable conduct," or violation of the duty of disclosure with respect to any claim in an application or patent renders all the claims thereof unpatentable or invalid. *Id*. at 1288.  "Inequitable conduct infects the invention itself, and all claims which form a part of that invention."  *Robocast, Inc. v. Microsoft Corp*., 21 F. Supp. 3d 320, 338 (D. Del. 2014).  Moreover, "the taint of a finding of inequitable conduct can spread from a single patent to render unenforceable other related patents and applications in the same technology family."  *Therasense*, 649 F.3d at 1288 (citing *Consol. Aluminum Corp. v. Foseco Int'l Ltd*., 910 F.2d 804, 808-12 (Fed. Cir. 1990)); *see also eSpeed Inc. v. Brokertec USA LLC*, 417 F. Supp. 2d

2

580, 595 (D. Del. 2006) (inequitable conduct during the prosecution of a patent application can "render unenforceable . . . claims that issue from related applications as well"), *aff'd*, 480 F.3d 1129 (Fed. Cir. 2007).

6.    The proper resolution of inequitable conduct requires evaluating the actions of all involved.  *See, e.g.*, *Trans Web, LLC v. 3M Innovative Props. Co.*, 16 F. Supp. 3d 385, 406-07 (D.N.J. 2014) (looking to the actions of other employees to provide "corroborating evidence" of their colleagues' inequitable conduct), *aff'd*, 812 F.3d 1295 (Fed. Cir. 2016).

7.    A patentee must disclose to the PTO all material information they are aware of, regardless of the source of that information or how they became aware of it.  *See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1383 (Fed. Cir. 2001) ("Once an attorney, or an applicant, has notice that information exists that appears material and questionable, that person cannot ignore that notice in an effort to avoid his or her duty to disclose.").

8.    Although inequitable conduct involves questions of fact, "[i]nequitable conduct is equitable in nature and the trial court has the obligation to resolve the underlying facts of materiality and intent." *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1110 (Fed. Cir. 2003).

9.    Inequitable conduct is a flexible doctrine, "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion."  *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245–46 (1933).

10.    To establish inequitable conduct, the alleged infringer must show that "the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive" the PTO.  *Intellect Wireless, Inc. v. HTC Corp.*, 732 F.3d 1339, 1341–42 (Fed. Cir. 2013); *accord Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1344 (Fed. Cir. 2013).  If the accused infringer satisfies its burden, then the "district court

must weigh the equities to determine whether" to invoke the defense of inequitable conduct. *Therasense*, 649 F.3d at 1287.

### 1.   Materiality

11.     Materiality is established if the PTO would not have issued a claim if it had been aware of the omitted or misrepresented information.  *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1334 (Fed. Cir. 2012).  Thus, prior art that would have anticipated a claim or rendered it obvious is material information.  *See Therasense*, 649 F.3d at 1291–92.

12.     The materiality required to establish inequitable conduct is "but-for" materiality. *Id.* ("When an applicant fails to disclose prior art to the PTO, that prior art is but for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art."); *see also Aventis Pharma*, 675 F.3d at 1334.  There is an exception, however, for "affirmative acts of egregious misconduct."  *Therasense*, 649 F.3d at 1292-93 (contrasting affirmative misconduct with the "mere nondisclosure of prior art).  When "the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit," materiality is presumed.  *Id.*; *see also Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1571 (Fed. Cir. 1983) ("[T]here is no room to argue that submission of false affidavits is not material."); *Ohio Willow Wood*, 735 F.3d at 1345 (similar).  "After all, a patentee is unlikely to go to great lengths to deceive the PTO with a falsehood unless it believes that the falsehood will affect issuance of the patent." *Therasense*, 649 F.3d at 1292.

13.     Selective disclosure of material information to other recipients, but not to the PTO, supports the inference that an inventor understood the importance of the material and withheld it from the PTO with deceptive intent.  *See Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs. Ltd.*, 394 F.3d 1348, 1354 (Fed. Cir. 2005); *A.B. Dick Co. v. Burroughs Corp.*, 798 F.2d 1392, 1399 (Fed. Cir. 1986).

14. A finding of patent validity does not bind the Court's decision on materiality. *See American Calcar v. American Honda Motor Co*., 768 F.3d 1185, 1189 (Fed. Cir. 2014); *Aventis Pharma*, 675 F.3d at 1334. "District courts and the PTO employ different evidentiary standards and rules for claim construction." *Am. Calcar*, 768 F.3d at 1189 (explaining that the PTO applies the preponderance of the evidence standard and gives "claims their broadest reasonable construction"). As a result, "even if a district court does not invalidate a claim based on a deliberately withheld reference, the reference may be material if it would have blocked patent issuance under the PTO's different evidentiary standards. The jury's verdict finding the patents at issue non-obvious thus does not weigh on the determination of materiality for inequitable conduct." *Id.*

15. "[W]here the materiality of the information is uncertain, disclosure is required." *Brasseler*, 267 F.3d at 1386; *see also, e.g.*, *LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

## 2. Intent to Deceive

16. Intent to deceive is established by a showing of clear and convincing evidence that the patentee: "[1] knew of the reference, [2] knew that it was material, and [3] made a deliberate decision to withhold it." *Therasense*, 649 F.3d at 1290. "[T]he specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (quoting *Star Sci. v. R.J. Tobacco*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)).

17. "Direct evidence of intent or proof of deliberate scheming is rarely available in instances of inequitable conduct, but intent may be inferred from the surrounding circumstances." *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc*., 120 F.3d 1253, 1256 (Fed. Cir. 1997); *see also Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1189-91 (Fed. Cir. 1993) ("'[S]moking gun' evidence is not required in order to establish an intent to deceive. Rather, this

element of inequitable conduct . . . must generally be inferred from the facts and circumstances surrounding the applicant's overall conduct.").  Thus, "a district court may infer intent from indirect and circumstantial evidence."  *Therasense*, 649 F.3d at 1290.

18.  In particular, "in the absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information."  *Bruno*, 394 F.3d at 1354; *see also Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1240–42 (Fed. Cir. 2008) (inference of intent to deceive can be drawn where patent applicant lacks a credible reason for nondisclosure).  Likewise, a court may take into account when a witness's "memory of facts was suspiciously selective, and he refused to acknowledge certain incontrovertible events."  *Avid*, 603 F.3d at 975.

19.  "[A] patentee facing a high level of materiality and clear proof that it knew or should have known of that materiality[] can expect to find it difficult to establish 'subjective good faith' sufficient to prevent the drawing of an inference of intent to mislead."  *Critikon*, 120 F.3d at 1256-57; *see also  Merck & Co. v. Danbury Pharmacal, Inc.*, 873 F.2d 1418, 1422 (Fed. Cir. 1989) (intent is often proven by "a showing of acts the natural consequences of which are presumably intended by the actor" (citation omitted)).

20.  "Partial disclosure of material information about the prior art to the PTO cannot absolve a patentee of intent if the disclosure is intentionally selective."  *Am. Calcar*, 768 F.3d at 1190-91 (finding intent where patentee's founder "was not candid about the inventors' possession of photographs" of the prior art, and "knew the information was material because he himself acknowledged the importance of the information he possessed").

21.  Where a prosecuting attorney's "statements were not mere advocacy for a preferred interpretation . . . [but] factual in nature and contrary to the true information he had in his

possession," those statements cross "the line from legitimate advocacy to genuine misrepresentation of material facts"—and thus support a finding of inequitable conduct. *Apotex Inc. v. UCB, Inc.*, 763 F.3d 1354, 1362 (Fed. Cir. 2014); *see also Regeneron Pharm., Inc. v. Merus B.V.*, 144 F. Supp. 3d 530, 583 (S.D.N.Y. 2015) ("incomplete and/or inaccurate" statements about scientific data support inequitable conduct), *aff'd*, 864 F.3d 1343 (Fed. Cir. 2017).

## B.   Equitable Estoppel

22.   "Three elements must be established to bar a patentee's suit by reason of equitable estoppel:  (a) The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer," "(b) The alleged infringer relies on that conduct," and "(c)  Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (*en banc*).

23.   "Where equitable estoppel is established, all relief on a claim may be barred." *Id.* at 1041.  In other words, the effect of equitable estoppel is "a license to use the invention that extends throughout the life of the patent." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,* 807 F.3d 1311, 1332 (Fed. Cir. 2015) (en banc), *vacated in part on other grounds,* 137 S. Ct. 954 (2017).

24.   The alleged infringer has the burden to prove equitable estoppel by a preponderance of the evidence. *Vanderlande Indus. Nederland BV v. I.T.C.*, 366 F.3d 1311, 1324 (Fed. Cir. 2004).

### 1.   Misleading Conduct

25.   Misleading conduct "may include specific statements, action, inaction, or silence where there was an obligation to speak." *Aukerman*, 960 F.2d at 1028.

26.   It is thus well-established that "intentionally misleading silence" can serve as the basis for equitable estoppel, even absent an affirmative communication. *See id*.  As one court

explained, "[a] patentee who, with knowledge of the alleged infringing activity, does nothing over a period of years other than mislead a purported infringer . . . to believe that there was and is no problem, lying in wait . . . has engaged in affirmatively misleading silence of the worst order." *Stryker Corp. v. Zimmer, Inc*., 741 F. Supp. 509, 514-15 (D.N.J. 1990).

27.     Most commonly, "the patentee specifically objects to the activities currently asserted as infringement in the suit and then does not follow up for years." *Aukerman,* 960 F.2d at 1042.  "[C]ourts have found intentionally misleading silence where 'a patentee threatened immediate or vigorous enforcement of its patent right but then did nothing for an unreasonably long time.'" *Symbol Techs., Inc. v. Aruba Networks, Inc.,* 609 F. Supp. 2d 353, 356 (D. Del. 2009) (quoting *Hottel Corp. v. Seaman Corp.,* 833 F.2d 1570, 1574 (Fed. Cir. 1987)).

### 2.     Reliance

28.     A defendant can establish reliance by showing that it "failed to take affirmative actions to protect itself from a lawsuit seeking many millions of dollars in damages." *Wafer Shave, Inc. v. Gillette Co.,* 857 F. Supp. 112, 124 (D. Mass. 1993); *see also Kewazinga Corp. v. Microsoft Corp.*, 558 F. Supp. 3d 90, 110 (S.D.N.Y. 2021) (applying equitable estoppel where the patentee's inaction deprived the alleged infringer of any grounds to "maintain [its] armor against" a lawsuit). Affirmative steps might include seeking an early settlement to end litigation; altering business plans; exploring options to design-around the allegedly infringing aspects of a problem; or pursuing counter-claims or specific defenses.  *See, e.g.*, *Radio Sys. Corp. v. Lalor,* 2012 WL 254026, at *9 (W.D. Wash. Jan. 26, 2012)*, aff'd in part, rev'd in part on other grounds and remanded,* 709 F.3d 1124 (Fed. Cir. 2013); *Wafer Shave*, 857 F. Supp. at 124; *Kane v. DeLong*, 2013 WL 1149801, at *5 (N.D. Cal. Mar. 19, 2013).  In particular, a major corporate transaction during a period of misleading silence "unquestionably" establishes reliance.  *Radio Sys. Corp.*, 2012 254026, at *9.

29.     In proving reliance, Defendants need not show that patentee's conduct was the only reason they took (or did not take) certain actions.  Rather, it is enough that patentee's conduct "[a]t the very least . . . reinforced" Defendants' decision-making. *Radio Sys. Corp.,* 2012 WL 254026, at *9 (rejecting patentee's argument that equitable estoppel could not lie because it was "conceivable that [the alleged infringers] relied not on [the patentee's] inaction, but on their own belief that [the patent] was invalid"); *see also Wafer Shave,* 857 F. Supp. at 123.  In other words, Defendants "need not prove precisely what alternative paths [they] would have taken," or show that "every . . . decision was based on reliance on [the patentee's] silence."  *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1312 (Fed. Cir. 2010) (affirming the district court's grant of summary judgment on equitable estoppel).

30.     A patentee's course of dealings with other companies, such as filing other lawsuits, may reinforce a defendant's inference that the patentee had "waived its patent rights" with respect to a defendant*.  Scholle Corp. v. Blackhawk Molding Co*., Inc., 133 F.3d 1469, 1472 (Fed. Cir. 1998); *see also Trading Techs. Int'l, Inc. v. IBG LLC,* 2020 WL 7398790, at *2 (N.D. Ill. Dec. 17, 2020) (reasonable to infer that patent owner "did not intend to bring legal action against" potential infringer based on "a threat of litigation against many, action against some of the threatened parties, and then five years of silence").

### 3.     Prejudice

31.     Prejudice for equitable estoppel may be economic, evidentiary, or both. *Kewazinga,* 558 F. Supp. 3d at 110; *see also Wafer Shave,* 857 F. Supp. at 125-26 (recognizing both "economic, or business, prejudice" and "litigation prejudice").

32.     "Economic prejudice may arise where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit." *Aukerman*, 960 F.2d at 1033; *see also Andover Healthcare, Inc. v. 3M Co.*, 2016 WL

6246360, at *2 (D. Del. Oct. 18, 2016) (same); *Wafer Shave*, 857 F. Supp. at 125 (defendant prejudiced where it "lost the opportunity to limit its present exposure to substantial litigation costs and damages").

33.     Economic prejudice also may be shown "by a change of economic position flowing from actions taken or not taken by the patentee." *Aspex Eyewear,* 605 F.3d at 1312; *see also Aukerman,* 960 F.2d at 1033.  For example, a defendant may show economic prejudice based on a "substantial new investment in allegedly infringing products during the delay." *Wafer Shave*, 857 F. Supp. at 125.  The "development" of business built around accused products "represents a significant change in economic position and constitutes material prejudice sufficient to show equitable estoppel." *Aspex Eyewear*, 605 F.3d at 1312; *see also Wafer Shave*, 857 F. Supp. at 125 (recognizing prejudice where the defendant "made substantial investment" in products that incorporated the allegedly infringing technology).  Likewise, where a defendant "during the period of silence" obtains an interest in another company, "a reasonable fact finder could find *only* that Plaintiffs suffered prejudice." *Radio Sys.*, 2012 WL 254026, at *9 (emphasis added).

34.     Economic prejudice is shown where the defendant was "robbed . . . of the *opportunity* to structure [its] business plans as [it] might have had [it] known of the threat of litigation." *Radio Sys. Corp.*, 2012 WL 254026, at *9 (identifying this scenario as a "recognized example of prejudice").  In other words, a defendant "need not show a total loss of value in order to show material prejudice." *Aspex Eyewear*, 605 F.3d at 1312.  It is sufficient that, "[w]hether or not [Defendants] would have actually altered [their] business plans, [they were] clearly denied the opportunity to alter [their] business and investment strategies." *Wafer Shave*, 857 F. Supp. at 125.

35.     "Evidentiary, or 'defense' prejudice, may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or

the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *Aukerman*, 960 F.2d at 1033; *see also Wafer Shave*, 857 F. Supp. at 126 (recognizing that defendants may suffer "litigation prejudice in the form of lost evidence").

## II.     DAMAGES

### A.     Costs, Prejudgment Interest, and Postjudgment Interest

36.     "Unless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

37.     The prevailing party may recover the following costs:  "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) dockets under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828."  28 U.S.C. § 1920; *see also* D. Del. L.R. 54.1 (providing further detail on items that may be cost and the procedure for submitting such costs).

38.     Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

39.     "[T]he Supreme Court has held that 'prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award.'"  *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.3d 795, 800 (Fed. Cir. 1988) (quoting *Gen. Motors Corp. v Devex Corp.*, 461 U.S. 648, 657 (1983)).  Prejudgment interest is not a penalty, but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived."  *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996).  Thus, the

Supreme Court established 'that prejudgment interest is the rule, not the exception." *Id.* (quoting *Gen. Motors Corp.*, 461 U.S. at 656-57). "Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus.*, 847 F.2d at 800.

40.     "Postjudgment interest is awarded on monetary judgments recorded in all civil cases." *Transmatic, inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). Postjudgment interest is governed by regional circuit law. *Id.* at 1348. In the Third Circuit, postjudgment interest begins to accrue on the date of the entry of judgment. *Loughman v. Consol-Pa. Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993).

## B.     Exceptional Cases Including Attorneys' Fees

41.     "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[F]or a party to be a prevailing party, that party must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc.*, 70 F. Supp. 3d 585, 589 (D. Del. 2014) (Andrews, J.). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

42.     "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

43.     The prevailing party must prove entitlement to attorney fees under § 285 by a preponderance of the evidence. *Id.* at 1758; *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent*, 2014 WL 4675002, at *1 (D. Del. Sept. 12, 2014).

# EXHIBIT 8

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

CAO Lighting reserves the right to eliminate any of the designated testimony based on the Court's forthcoming rulings.  In addition, CAO Lighting has designated testimony related to issues on which it does not bear the burden of proof.  To the extent that Defendants designate the same or similar testimony as provided herein on those issues, CAO Lighting reserves the right to eliminate any of its designated testimony and provide counter-designations.

## TABLE OF CONTENTS

Assarat, Andrea………………………………………………………………………………2

Baroyan, Eric………………………………………………………………………………... 3

Cao, Densen………………………………………………………………………............. 5

Duffy, Gerald………………………………………………………………………........... 6

Gadd, John…………………………………………………………………………............. 7

Li, Ming……………………………………………………………………………............ 9

Marella, Gino……………………………………………………………………………… 10

McCarthy, Daniel…………………………………………………………….......... 12

McKissack, Clay……………………………………………………………………………20

Montana, Shaun……………………………………………………………………….... 21

Phenix, Robert……………………………………………………………………………… 22

Silva, Jose………………………………………………………………………………… 23

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Andrea Assarat –December 7, 2021 | | | | |
|---|---|---|---|---|
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** |
| 6:10 – 6:15 | | | | |
| 7:18 – 7:20 | | | | |
| 8:3 – 8:7 | | | | |
| 9:21 – 9:23 | | | | |
| 10:17 – 11:23 | | | | |
| 13:1 – 13:4 | | | | |
| 15:2 – 15:4 | | | | |
| 15:18 – 16:8 | | | | |
| 16:10 – 17:8 | | | | |
| 18:9 – 18:11 | | 18:12-19:5 | | |
| 19:6 – 19:7 | Vague | | | |
| 19:9 – 19:21 | | | | |
| 25:16 – 25:20 | | | | |
| 28:19 – 28:21 | | | | |
| 29:1 – 29:12 | | | | |
| 40:25 – 41:1 | Vague | | | |
| 41:3 – 41:5 | Vague | | | |
| 41:7 – 41:9 | | 41:10-22 | IR, PREJ | |
| 41:23 – 42:6 | | 42:22-43:9 | IR, PREJ | |
| 43:10 – 43:16 | | 51:25-52:1 52:10-53:4 55:14-56:2 | IR, PREJ, LF, 32(a)(6) | 54:9-55:13 |
| 57:10 – 57:12 | | 69:1-3 69:8-70:8 82:23-84:5 98:23-99:12 | IR, PREJ, 32(a)(6) | 69:4-7 70:9-12 |
| 64:7 – 65:4 | | | | |
| 65:18 – 66:7 | | | | |
| 111:12 – 111:19 | | | | |
| 112:2 ("So your . . .") – 112:6 | | | | |
| 112:10 – 112:22 | | | | |
| 113:5 – 113:10 | | | | |
| 113:14 – 113:17 | 104/602, Vague | | | |
| 113:19– 114:12 | | 114:13-15, 114:17-19 | | 114:20-24 |

Ex. 1

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Eric Baroyan –December 17, 2021 | | | | |
|---|---|---|---|---|
| CAO's Designations | Defendants' Objections | Defendants' Counter-Designations | CAO's Objections to Defendants' Counter-Designations | CAO's Counter-Designations |
| 6:16 – 6:18 | | | | |
| 8:10 – 8:12 | | | | |
| 8:19 – 9:4 | | | | |
| 15:2 – 15:4 | | 23:20-24:2 24:15-25 | IR, PREJ, 32(a)(6) | |
| 15:8 – 15:13 | | | | |
| 18:2 – 18:7 | | | | |
| 19:5 – 20:15 | Includes attorney statements; 401/402; 403 | | | |
| 26:21 – 27:9 | 30(b)(6); 401/402; 403 | | | |
| 27:21 – 28:4 | 30(b)(6); 401/402; 403 611 | | | |
| 28:8 | 30(b)(6); 401/402; 403; 611 | | | |
| 28:10 – 28:14 | | | | |
| 28:25 – 29:3 | 30(b)(6) | | | |
| 29:10 | 30(b)(6) | | | |
| 29:12 – 29:13 | 30(b)(6); 401/402; 403 | | | |
| 30:2 – 30:5 | Vague, 30(b)(6) | | | |
| 30:9 | Vague, 30(b)(6) | | | |
| 30:11 – 30:23 | 30(b)(6); 401/402; 403 | | | |
| 36:7 – 36:9 | | | | |
| 36:11 | | | | |
| 36:13 – 36:18 | | | | |
| 37:9 – 37:14 | | | | |
| 37:17 – 37:20 | | | | |
| 48:21 – 48:25 | | | | |
| 52:24 – 53:6 | | | | |
| 54:6 – 54:14 | 30(b)(6) | | | |
| 60:22 ("what is the . . . ") – 61:4 | 30(b)(6) | | | |
| 61:7 | 30(b)(6) | | | |
| 61:9 – 61:11 | 30(b)(6) | | | |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 61:14 – 61:15 | 30(b)(6) | | | |
| 61:17 – 61:18 | 30(b)(6) | | | |
| 61:20 | 30(b)(6) | | | |
| 61:22 – 62:6 | 30(b)(6) | | | |
| 62:9 | 30(b)(6) | | | |
| 62:11 – 63:6 | 30(b)(6); 401/402; 403 | | | |
| 63:11 | 30(b)(6) | | | |
| 64:5 – 64:12 | 30(b)(6) | | | |
| 66:20 – 67:2 | | 67:3-9 | IR, PREJ | |
| 68:6 – 68:11 | | | | |
| 89:11 ("are LED lighting . . .") – 89:13 | 30(b)(6) | | | |
| 89:16 | 30(b)(6) | | | |
| 105:25 – 106:25 | 30(b)(6) | | | |
| 107:1 – 107:22 | 30(b)(6) | | | |
| 110:3 – 110:9 | 30(b)(6) | | | |
| 110:11 – 110:25 | 30(b)(6) | | | |
| 117:16 – 117:23 | | | | |
| 124:24 – 125:9 | | | | |
| 153: 3 ("I think you . . .) – 153:10 | | 153:11-17 | IR, PREJ | |
| 153:18 – 153:19 | | | | |
| 153:22 – 154:2 | | | | |
| 154:4 – 154:7 | | | | |

Ex. 17
Ex. 33
Ex. 36
Ex. 37

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Densen Cao, Ph.D. – January 21, 2021 | | | | |
|---|---|---|---|---|
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** |
| 71:22 – 72:17 | FRE 32, 104/602 | 72:18-20 | IR, PREJ | |
| 75:13 – 75:25 | FRE 32, 104/602 | 74:23-25, 75:2-8, 75:10-11 | IR, PREJ | |
| 76:10 – 78:13 | FRE 32, 104/602 | | | |
| 78:19 – 78:23 | FRE 32, 104/602 | | | |
| 78:25 – 79:5 | FRE 32 | | | |
| 79:13 – 79:14 | FRE 32 | | | |
| 79:21 – 80:7 | FRE 32 | | | |
| 80:9 – 80:21 | FRE 32 | | | |
| 80:23 – 81:6 | FRE 32 | | | |
| 81:8 – 81:9 | FRE 32 | | | |
| 82:6 – 82:17 | FRE 32 | | | |
| 85:23 – 86:5 | FRE 32 | 86:23-24, 87:1-2 | | |
| 86:7 – 86:8 | FRE 32 | 86:23-24, 87:1-2 | | |
| 87:12 – 87:13 | FRE 32 | 86:23-24, 87:1-2 | | |
| 87:16 – 87:18 | FRE 32 | 86:23-24, 87:1-2 | | |
| 87:20 – 87:22 | FRE 32 | 86:23-24, 87:1-2 | | |
| 87:25 – 82:2 | FRE 32 | 86:23-24, 87:1-2 | | |
| 88:4 – 88:5 | FRE 32 | 86:23-24, 87:1-2 | | |
| 89:5 – 89:7 | FRE 32 | | | |
| 89:9 – 89:10 | FRE 32 | | | |
| 89:13 – 90:17 | FRE 32 | | | |
| 90:20 – 90:21 | FRE 32 | | | |

Ex. 116
Ex. 117
Ex. 118

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Gerald Duffy –November 17, 2021 | | | | |
|---|---|---|---|---|
| CAO's Designations | Defendants' Objections | Defendants' Counter-Designations | CAO's Objections to Defendants' Counter-Designations | CAO's Counter-Designations |
| 7:5 – 7:12 | | | | |
| 7:14 – 7:17 | | | | |
| 8:5 ("And at some point . . .") – 8:8 | | 8:9, 8:13-17 | 32(a)(6) | |
| 8:18 – 8:22 | | | | |
| 9:4 – 9:23 | | | | |
| 199:6 – 199:25 | | | | |
| 201:12 – 201:17 | | | | |
| 202:9 – 202:13 | | | | |
| 206:8 – 206:12 | | 206:13-15, 206:17-207:10 | IR, PREJ, 32(a)(6) | |
| 223:10 ("When GE . . .") – 223:21 | | | | |
| 224:3 – 224:5 | 401/402, 403, Vague | | | |
| 224:7 – 225:10 | 401/402, 403 | | | |
| 225:15 – 225:18 | 401/402, 403 | | | |
| 225:20 – 226:4 | 401/402, 403 | | | |
| 229:6 – 230:17 | | | | |
| 230:22 – 232:7 | | | | |
| 232:22 – 233:9 | | | | |
| 233:11 | | | | |
| 233:17 – 233:21 | | | | |
| 234:11 – 234:19 | | | | |
| 243:15 – 244:1 | | | | |
| 244:3 – 244:16 | | | | |
| 244:18 – 244:21 | | | | |
| 244:23 – 245:1 | | | | |
| | | 10:19-22 | IR, PREJ, 32(a)(6) | |
| | | 58:22-59:13 | IR, PREJ, 32(a)(6) | |

Ex. 1
Ex. 16

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | | |
|---|---|---|---|---|---|
| **Deposition of John Gadd – May 30, 2019** *CAO Lighting v. Tadd, LLC* | | | | | |
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** | |
| 4:17 ("Can you . . .") – 4:19 | | | | | |
| 10:14 – 10:16 | | | | | |
| 10:18 – 10:20 | | | | | |
| 10:22 – 11:18 | | | | | |
| 11:20 – 11:23 | | | | | |
| 11:24 ("And in . . .") – 12:3 | | | | | |
| 12:5 | | | | | |
| 38:8 – 38:11 | | | | | |
| 41:20 ("Do you . . .") – 42:1 | | | | | |
| 52:24 – 53:13 | | 49:13-49:17, 50:7-50:11, 50:18-50:25, 85:20-86:5 | IR, PREJ, 32(a)(6) | | |
| 53:16 ("Statement of . . .") – 53:24 | 106 (53:14-16) | 53:14-16 | | | |
| 54:6 ("Does it appear . . .") – 54:7 | | | | | |
| 54:10 – 54:24 | | | | | |
| 55:19 – 55:22 | 106 (54:25-55:14) | 54:25-55:14 | IR, PREJ, 32(a)(6) | | |
| 55:24 – 56:22 | 106 (54:25-55:14) | 54:25-55:14 | IR, PREJ, 32(a)(6) | | |
| 61:3 – 61:11 | | | | | |
| 62:15 – 62:21 | | | | | |
| 64:17 – 64:20 | | | | | |
| 66:13 ("What's the . . .") – 66:16 | | 66:17-19 | | | |
| 67:3 ("If you flip . . .") – 67:10 | Vague, Counsel | 67:19-68:5, 69:2-69:9, 69:11-69:19, 69:21-69:23, 69:25-70:6 | IR, PREJ, LF, LPK, 32(a)(6) | 70:7-8 70:11-13 | |
| 68:11 – 68:14 | Vague, 104/602 | 67:19-68:5, 69:2-69:9, 69:11-69:19, 69:21-69:23, 69:25-70:6 | IR, PREJ, LF, LPK, 32(a)(6) | 70:7-8 70:11-13 | |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 68:17 – 68:21 | No objection to 68:17-18<br><br>Objections to 68:19-68:21: 104/602, Asked | 67:19-68:5, 69:2-69:9, 69:11-69:19, 69:21-69:23, 69:25-70:6 | IR, PREJ, LF, LPK, 32(a)(6) | 70:7-8 70:11-13 |
| 68:23 – 69:1 | 104/602, Asked, 403 | 67:19-68:5, 69:2-69:9, 69:11-69:19, 69:21-69:23, 69:25-70:6 | IR, PREJ, LF, LPK, 32(a)(6) | 70:7-8 70:11-13 |
| 70:15 ("The author . . .") – 71:12 | | | | |
| 78:10 – 78:12 | | | | |
| 78:15 – 78:19 | | 79:5-79:12 ("You said you . . .") | IR, PREJ, 32(a)(6) | 78:24-79:5 |
| 78:22 – 78:23 | | 79:5-79:12 ("You said you . . .") | | |
| 80:9 – 81:19 | | 81:20-82:1 | | |
| 82:2 – 83:6 | Counsel, Mis, Vague, 401/402 | 83:7-83:24 | | |
| 83:25 – 85:2 | | 85:7-85:14 | | |
| 85:20 – 86:5 | | | | |

Ex. 5
Ex. 6
Ex. 9
Ex. 11
Ex. 12

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Ming Li – December 21, 2021 | | | | |
|---|---|---|---|---|
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** |
| 11:1 – 11:13 | | 13:12-14:7 | IR, PREJ, 32(a)(6) | |
| 12:6 – 12:9 | | 13:12-14:7 | IR, PREJ, 32(a)(6) | |
| 138:17 – 138:19 | 30(b)(6), 104/602, Vague | | | |
| 138: 22 | 30(b)(6), 104/602, Vague | | | |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Gino Marella – January 6, 2022 | | | | |
|---|---|---|---|---|
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** |
| 7:20 – 7:21 | | | | |
| 8:13 – 8:15 | | | | |
| 8:24 – 9:7 | | | | |
| 15:1 –16:11 | | | | |
| 22:4 – 22:21 | 22:215-17- 30(b)(6) 22:19, 23-24, Vague, Comp, 30(b)(6) | | | |
| 22:23 – 23:10 | 401/402/403 30(b)(6) | | | |
| 27:1 – 27:15 | 27:13-15, 17, Comp, Vague | | | |
| 27:17 | | | | |
| 188:11 – 188:17 | | | | |
| 295:23 – 296:15 | 296:3-19 401/402/403 | | | |
| 296:18 – 296:19 | 296:3-19 401/402/403 | | | |
| 297:19 – 297:23 | 30(b)(6) 401/402/403 104/602 | | | |
| 298:2 – 298:5 | 30(b)(6) 401/402/403 104/602 | | | |
| 298:8 – 298:11 | 30(b)(6) 401/402/403 104/602 | | | |
| 298:14 – 298:18 | 30(b)(6) 401/402/403 104/602 | | | |
| 298:21 – 299:1 | 30(b)(6) 401/402/403 104/602 | | | |
| 299:9 – 299:14 | 30(b)(6) 401/402/403 104/602 | | | |
| 299:17 – 299:18 | 30(b)(6) 401/402/403 104/602 | | | |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

Ex. 45

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Daniel McCarthy – February 3, 2022 | | | | |
|---|---|---|---|---|
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** |
| 9:7 – 9:10 | | | | |
| 28:5 – 28:13 | | | | |
| 30:12 – 30:17 | | | | |
| 47:5 – 47:8 | | 46:2-46:7, 46:9-46:25, 47:2-47:3, 47:9-47:14, 47:16-47:25, 48:4-48:16, 49:4-24, 50:12-50:20 | IR, PREJ, LF, LPK, Non-responsive, Hypothetical, 32(a)(6) | 61:8-10 61:12-62:3 62:5-13 |
| 48:17 – 48:25 | | 46:2-46:7, 46:9-46:25, 47:2-47:3, 47:9-47:14, 47:16-47:25, 48:4-48:16, 49:4-24, 50:12-50:20, 58:14-58:17, 58:19-58:25, 59:2, 59:13-59:20 | IR, PREJ, LF, LPK, Non-responsive, Hypothetical, 32(a)(6) | 61:8-10 61:12-62:3 62:5-13 |
| 49:2 | | 46:2-46:7, 46:9-46:25, 47:2-47:3, 47:9-47:14, 47:16-47:25, 48:4-48:16, 49:4-24, 50:12-50:20, 58:14-58:17, 58:19-58:25, 59:2, 59:13-59:20 | IR, PREJ, LF, LPK, Non-responsive, Hypothetical, 32(a)(6) | 61:8-10 61:12-62:3 62:5-13 |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 49:25 | | 46:2-46:7, 46:9-46:25, 47:2-47:3, 47:9-47:14, 47:16-47:25, 48:4-48:16, 49:4-24, 50:12-50:20, 58:14-58:17, 58:19-58:25, 59:2, 59:13-59:20 | IR, PREJ, LF, LPK, Non-responsive, Hypothetical, 32(a)(6) | 61:8-10 61:12-62:3 62:5-13 |
| 50:2 – 50:20 | 106 | 46:2-46:7, 46:9-46:25, 47:2-47:3, 47:9-47:14, 47:16-47:25, 48:4-48:16, 49:4-24, 50:12-50:20, 58:14-58:17, 58:19-58:25, 59:2, 59:13-59:20 | IR, PREJ, LF, LPK, Non-responsive, Hypothetical, 32(a)(6) | 61:8-10 61:12-62:3 62:5-13 |
| 154:15 – 154:25 | | 154:2-11, 155:4-12, 169:11-169:25, 170:2-170:25, 171:3-171:25, 172:2-172:11 | IR, PREJ, 32(a)(6) | |
| 155:2 – 155:3 | | 154:2-11, 155:4-12, 169:11-169:25, 170:2-170:25, 171:3-171:25, 172:2-172:11 | IR, PREJ, LF, LEAD, 32(a)(6) | |
| 170:20 – 170:25 | | 169:11-169:25, 170:2-170:25, 171:3-171:25, 172:2-172:11 | IR, PREJ, LF, LEAD, 32(a)(6) | |
| 171:3 – 171:7 | | 169:11-169:25, 170:2-170:25, 171:3-171:25, 172:2-172:11 | IR, PREJ, LF, LEAD, 32(a)(6) | |

CAO Lighting's Designations – Bench Trial

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 176:9 – 176:16 | | 173:17-173:25, 174:2-25, 175:2-175:13, 175:21-175:25, 176:2-176:8, 177:2-177:14, 178:11-178:25, 179:2-179:13 | IR, PREJ, 32(a)(6) | |
| 176:19 – 176:25 | | 173:17-173:25, 174:2-25, 175:2-175:13, 175:21-175:25, 176:2-176:8, 177:2-177:14, 178:11-178:25, 179:2-179:13 | IR, PREJ, 32(a)(6) | |
| 177:15 – 177:25 | | 166:8-166:14, 166:18-166:25, 167:2-167:9, 173:17-173:25, 174:2-25, 175:2-175:13, 175:21-175:25, 176:2-176:8, 177:2-177:14, 178:11-178:25, 179:2-179:13 | IR, PREJ, 32(a)(6) | |
| 178:2 | | 166:8-166:14, 166:18-166:25, 167:2-167:9, 173:17-173:25, 174:2-25, 175:2-175:13, 175:21-175:25, 176:2-176:8, 177:2-177:14, 178:11-178:25, 179:2-179:13 | IR, PREJ, 32(a)(6) | |

CAO Lighting's Designations – Bench Trial                                                                 McCarthy

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 178:4 – 178:10 | | 166:8-166:14, 166:18-166:25, 167:2-167:9, 173:17-173:25, 174:2-25, 175:2-175:13, 175:21-175:25, 176:2-176:8, 177:2-177:14, 178:11-178:25, 179:2-179:13 | IR, PREJ, 32(a)(6) | |
| 179:20 – 179:25 | | 166:8-166:14, 166:18-166:25, 167:2-167:9, 173:17-173:25, 174:2-25, 175:2-175:13, 175:21-175:25, 176:2-176:8, 177:2-177:14, 178:11-178:25, 179:2-179:13, 180:2-180:25, 181:2-181:12 | IR, PREJ, LF, LPK, Non-responsive, 32(a)(6) | |
| 182:13 – 182:22 | | 166:8-166:14, 166:18-166:25, 167:2-167:9 | IR, PREJ, 32(a)(6) | |
| 183:3 – 183:11 | | 166:8-166:14, 166:18-166:25, 167:2-167:9 | IR, PREJ, 32(a)(6) | |
| 190:11 – 190:25 | | | | |
| 191:2 – 191:7 | | 180:2-180:25, 181:2-181:12 | IR, PREJ, LF, LPK, Non-responsive, 32(a)(6) | |
| 191:9 – 191:25 | | 180:2-180:25, 181:2-181:12 | IR, PREJ, LF, LPK, Non-responsive, 32(a)(6) | |
| 192:4 – 192:23 | | 192:24-192:25, 193:2-193:13 | IR, PREJ, WF, IOP, 32(a)(6) | |
| 197:5 – 197:7 | | 180:2-180:25, 181:2-181:12, 197:7-197:9, 197:11-197:15, 197:18-197:21, 197:25, 198:2-198:6 | IR, PREJ, LF, LPK, Non-responsive, 32(a)(6) | |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 197:16 – 197:17 | | 180:2-180:25, 181:2-181:12, 197:7-197:9, 197:11-197:15, 197:18-197:21, 197:25, 198:2-198:6 | IR, PREJ, LF, LPK, Non-responsive, 32(a)(6) | |
| 211:13 – 211:22 | | 210:5-210:25, 211:9-211:22, 211:25, 212:2-212:11 | IC, IR, PREJ | 209:25-210:4 |
| 211:25 | | 210:5-210:25, 211:9-211:22, 211:25, 212:2-212:11 | IC, IR, PREJ | 209:25-210:4 |
| 212:2 | | 210:5-210:25, 211:9-211:22, 211:25, 212:2-212:11 | IC, IR, PREJ | 209:25-210:4 |
| 212:12 – 212:24 | | 218:13-218:25, 219:2-219:25, 220:2-220:3 | IR, PREJ, WF, 32(a)(6) | |
| 213:2 – 213:3 | | 218:13-218:25, 219:2-219:25, 220:2-220:3 | IR, PREJ, WF, 32(a)(6) | |
| 215:21 – 215:25 | | 218:13-218:25, 219:2-219:25, 220:2-220:3 | IR, PREJ, WF, 32(a)(6) | |
| 216:2 – 216:3 | | 218:13-218:25, 219:2-219:25, 220:2-220:3 | IR, PREJ, WF, 32(a)(6) | |
| 216:10 – 216:22 | | 218:13-218:25, 219:2-219:25, 220:2-220:3 | IR, PREJ, WF, 32(a)(6) | |
| 249:2 – 249:25 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |

CAO Lighting's Designations – Bench Trial

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 250:2 – 250:5 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 251:15 – 251:20 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 251:22 – 251:25 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 252:2 – 252:15 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 215:19 – 252:24 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 253:2 – 253:13 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 253:15 – 253:25 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 254:2 – 254:3 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 254:6 – 254:15 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 254:18 – 254:25 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 255:2 – 255:10 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, 32(a)(6) | |
| 255:12 – 255:17 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |

CAO Lighting's Designations – Bench Trial                                        McCarthy

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 255:19 – 255:25 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |
| 256:2 – 256:3 | | 218:13-218:25, 219:2-219:25, 220:2-220:3, 250:6-250:11, 250:13-250:16, 250:18-250:25, 251:2-251:12 | IR, PREJ, WF, 32(a)(6) | |

Ex. 101
Ex. 106
Ex. 107

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Clay McKissack –November 19, 2021 | | | | |
|---|---|---|---|---|
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** |
| 6:1 – 6:6 | | | | |
| 6:18 – 7:2 | | | | |
| 8:8 – 8:24 | | | | |
| 15:10 ("My understanding . . .") – 15:19 | | | | |
| 52:8 – 52:20 | | 78:9-13 ("In 2014 . . . ") 78:20-79:16 79:18-23 | IR, PREJ, 32(a)(6) | 78:14-19 |

Ex. 1

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Shaun Montana – January 12, 2022 | | | | |
|---|---|---|---|---|
| CAO's Designations | Defendants' Objections | Defendants' Counter-Designations | CAO's Objections to Defendants' Counter-Designations | CAO's Counter-Designations |
| 8:19 – 9:24 | | | | |
| 11:9 – 12:17 | | | | |
| 13:13 – 14:17 | | | | |
| 14:23 – 17:11 | | | | |
| 18:4 – 20:4 | | | | |
| 23:22 – 24:24 | | | | |
| 26:9 – 28:16 | | | | |
| 28:22 – 29:6 | | | | |
| 29:21 – 30:7 | | | | |
| 30:10 – 31:16 | | | | |
| 33:4 – 33:16 | | | | |
| 48:7 – 49:9 | | | | |
| 123:6 – 123:21 | | | | |
| 129:18 ("We had been . . .") – 130:4 | | | | |

Ex. 1
Ex. 4
Ex. 5

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | Deposition of Robert Phenix – January 11, 2022 | | |
|---|---|---|---|---|
| **CAO's Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **CAO's Objections to Defendants' Counter-Designations** | **CAO's Counter-Designations** |
| 7:17 – 7:24 | | 7:25-8:7 | | |
| 9:6 – 10:14 | | | | |
| 13:11 ("does someone at . . .) – 13:17 | Vague (13:11-14) | 8:14-9:1, 13:18 ("how does . . .)-13:22, 14:2-14:5, 15:6-15:18, 37:24-38:6 | IR, PREJ, 32(a)(6) | |
| 14:15 ("Do you . . .") – 15:5 | Vague (14:15-18, 14:20-23, 14:25-15:2) | 8:14-9:1, 13:18 ("how does . . .)-13:22, 14:2-14:5, 15:6-15:18, 37:24-38:6 | | |
| 17:10 – 17:16 | Vague (17:13-15) | 16:6-17:6, 19:3-19:12, 30:9-31:1, 32:17-33:10, 38:23-39:1, 39:5-39:20, 40:5-40:13, 40:16-40:22, 40:24, 41:1-41:7, 41:9 | IR, PREJ, 32(a)(6) | |
| 18:2 – 18:6 | Hypo, Vague | | | |
| 31:15 – 32:16 | Mis (31:20-23); Counsel (32:9-11); Vague (32:13-15) | 32:17-33:10 | IR, PREJ, 32(a)(6) | |

Ex. 1

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| Deposition of Jose Silva – December 22, 2021 | | | | |
|---|---|---|---|---|
| CAO's Designations | Defendants' Objections | Defendants' Counter-Designations | CAO's Objections to Defendants' Counter-Designations | CAO's Counter-Designations |
| 8:8 – 8:16 | | | | |
| 8:20 – 9:5 | | | | |
| 22:10 – 22:12 | 30(b)(6), Vague | 19:23-20:2 | | |
| 22:15 | Counsel (22:16-17), 30(b)(6), 104/602 | | | |
| 25:1 – 25:11 | Counsel, 30(b)(6) | | | |
| 25:14 – 25:15 | Counsel (24:1-3); 30(b)(6) | | | |
| 25:17 – 25:19 | Counsel, Mis, Vague | 17:5-19, 17:22-18:2, 18:5-16 | IR, PREJ, 32(a)(6) | |
| 27:4 – 29:15 | Vague | 17:5-19, 17:22-18:2, 18:5-16 | IR, PREJ, 32(a)(6) | |
| 32:8 – 32:9 | Vague, 30(b)(6), 104/602 | 31:18, 31:20-22, 32:6-7 | IR, PREJ | |
| 32:14 – 32:18 | Vague, 30(b)(6), 104/602 | | | |
| 32:22 | 30(b)(6) | | | |
| 33:15 – 33:19 | 106 (31:18) | 31:18 | | |
| 33:23 – 34:8 | Counsel | | | |
| 34:20 – 35:2 | Mis, Counsel | | | |
| 35:11 – 35:12 | | | | |
| 37:3 – 37:5 | 106 (36:25-37:1), 30(b)(6) | 36:25-37:1 | | |
| 37:20 – 39:3 | 30(b)(6), Mis (39:1-3) | 37:6-19 | | |
| 39:7 | | | | |
| 39:12 – 40:2 | | 40:3-10, 199:7-200:4, 200:9-10, 200:12-22 | IR, PREJ, 32(a)(6) | |
| 40:11 – 40:21 | Counsel, 104/602 | 40:25-41:2 | | |
| 40:24 | | | | |
| 41:3 – 41:7 | Counsel | 41:8-10, 41:13-19, 199:7-200:4, 200:9-10, 200:12-22 | IR, PREJ, 32(a)(6) | |

**EXHIBIT 8 - CAO LIGHTING BENCH TRIAL DEPOSITION DESIGNATIONS**

| | | | | |
|---|---|---|---|---|
| 42:13 – 42:15 | Vague | 199:7-200:4, 200:9-10, 200:12-22 | IR, PREJ, 32(a)(6) | |
| 42:20 – 43:3 | Counsel, 104/602 | | | |
| 43:8 – 44:10 | Counsel, Asked, Vague | 43:4-7 | IR, PREJ, 32(a)(6) | |
| 44:14 – 45:12 | Counsel (45:11-12) | 199:7-200:4, 200:9-10, 200:12-22 | IR, PREJ, 32(a)(6) | |
| 45:15 – 45:18 | Vague | 199:7-200:4, 200:9-10, 200:12-22 | IR, PREJ, 32(a)(6) | |
| 45:21 | | | | |
| 46:11 – 46:18 | Counsel | 45:25-46:10 | IR, PREJ | |
| 47:5 – 47:10 | Counsel, Vague | 46:19-47:4 | IR, PREJ | |
| 47:13 | | | | |
| 119:23 – 120:3 | Vague, 104/602 | | | |
| 120:6 – 120:11 | Vague, 104/602 | | | |
| 158:8 | 30(b)(6) | | | |
| 158:11 – 158:13 | 30(b)(6), Comp. | | | |
| 158:16 – 158:21 | 30(b)(6) | | | |
| 159:1 – 159:2 | 30(b)(6) | | | |
| 159:7 – 159:9 | 30(b)(6) | | | |
| 159:12 – 159:16 | | | | |

Ex. 1

Ex. 2

Ex. 3

# EXHIBIT 9

**EXHIBIT 7**

Defendants OSRAM and LEDVANCE designate the following testimony.  As indicated in ¶ 41 of the Joint Proposed Pretrial Order, Defendants propose that the parties submit testimony by deposition designation to the Court directly with the post-trial briefing and that such testimony will not be read or played in Court during the trial.  To the extent that the Court decides to hear any such testimony during the bench trial, Defendants OSRAM and LEDVANCE designate the following testimony without waiver of their right to object pursuant to Fed. R. Evid. 401, 402, and 403 to the playing of any testimony during the bench trial. Defendants OSRAM and LEDVANCE further reserve the right to eliminate any of the designated testimony based on any future decisions by the Court, agreement of the parties, or procedures pursuant to the parties' Joint Pretrial Order or local or federal rules.

**TABLE OF CONTENTS**

Cao, Denson ....................................................................................................................2

Gadd, John ....................................................................................................................20

McCarthy, Daniel ...........................................................................................................23

1

| Deposition of Densen Cao, Ph.D.- January 19, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 27:8-13 | | | | |
| 27:19-21 | | | | |
| 41:2-8 | | | | |
| 43:11-17 | | 43:2-4 | | |
| 44:5-22 | | | | |
| 51:24-52:9 52:18-53:3 | | | | |
| 54:25-55:4 55:17-19 | IR, PREJ | | | |
| 55:25-56:4 | IR, PREJ | | | |
| 56:10-12 56:14-57:4 | IR, PREJ | | | |
| 57:13-58:5 | IR, PREJ | 57:5-6 | | |
| 58:13-22 | IR, PREJ | | | |
| 59:1-11 | IR, PREJ | | | |
| 60:5-6 | IR, PREJ | | | |
| 60:15-17 60:19-23 | IR, PREJ | | | |
| 61:10-11 61:14-62:5 | IR, PREJ | | | |
| 62:9-18 | IR, PREJ | | | |
| 64:22-24 65:1 | IR, IC, LF, PREJ | | | |
| 65:2-4 65:6-16 | IR, PREJ | | | |
| 66:13-67:6 | IR, PREJ | | | |
| 67:11-12 67:14-68:1 | IR, PREJ | | | |
| 70:11-12 70:14-25 | IR, PREJ | | | |
| 71:6-8 71:10 | IR, PREJ | | | |
| 71:12-14 71:16 | IR, PREJ | | | |
| 72:9-10 72:15-73:13 | IR, PREJ | | | |
| 73:24-74:7 | IR, PREJ | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/19/2022
2

| Deposition of Densen Cao, Ph.D.- January 19, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 74:22-75:6 75:8 | IR, PREJ, IOP | | | |
| 75:10-75:21 75:24 | IR, LF, IC, PREJ | | | |
| 76:8-18 | IR, PREJ | | | |
| 85:7-9 85:11-22 85:24 | IR, LF, IC, PREJ | | | |
| 86:2-6 86:14-23 87:2-3 87:6 | IR, PREJ | | | |
| 87:7-9 87:11-88:15 | IR, PREJ | | | |
| 89:13-14 89:21-90:9 | IR, PREJ | | | |
| 90:12-14 91:1-6 91:8-15 | IR, PREJ | | | |
| 91:19-20 91:22-92:3 | IR, PREJ | | | |
| 92:7-24 | IR, PREJ | | | |
| 93:8-10 | IR, PREJ | | | |
| 93:13-15 | IR, PREJ | | | |
| 93:17-18 | IR, PREJ | | | |
| 93:23-94:3 | IR, PREJ | | | |
| 94:10-13 | IR, PREJ | | | |
| 94:23-25 | IR, PREJ | | | |
| 95:13-15 | IR, PREJ | | | |
| 96:10-17 | IR, PREJ | | | |
| 100:25-101:6 | IR, PREJ | | | |
| 101:12-19 | IR, PREJ | | | |
| 102:4-6 | IR, PREJ | | | |
| 102:16-21 | IR, PREJ | | | |
| 103:22-104:3 | IR, PREJ | | | |
| 105:16-22 | IR, PREJ | | | |
| 106:3-23 | IR, PREJ | 106:24-107:2 | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                    Cao 1/19/2022
3

| Deposition of Densen Cao, Ph.D.- January 19, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 108:10-25 | IR, PREJ | | | |
| 109:12-14 109:16-22 | IR, PREJ | | | |
| 110:14-17 | IR, PREJ | | | |
| 111:11-13 | IR, PREJ | | | |
| 114:4-17 | IR, PREJ | | | |
| 117:6-25 | IR, PREJ | | | |
| 121:9-13 | IR, PREJ | | | |
| 123:6-9 123:12 123:14-22 123:24-25 | IR, PREJ | | | |
| 124:21-25 | IR, PREJ | | | |
| 125:6-19 | IR, PREJ | | | |
| 129:20-23 | IR, PREJ | | | |
| 131:19-132:2 | IR, PREJ | 131:16-18 | | |
| 132:24-133:3 133:5-25 | IR, PREJ | | | |
| 135:13-18 | IR, PREJ | | | |
| 139:13-16 139:20-140:5 | IR, PREJ | | | |
| 142:17-143:8 | IR, PREJ | | | |
| 144:2-11 | IR, PREJ | | | |
| 145:20-23 | | | | |
| 146:19-147:4 | | | | |
| 147:14-17 | | | | |
| 148:5-10 | IR, PREJ, ID | | | |
| 148:14-22 | IR, PREJ | | | |
| 150:4-10 | IR, PREJ | | | |
| 152:20-24 | IR, PREJ | | | |
| 153:2-3 153:6-7 | IR, PREJ | | | |
| 155:15-156:11 | | | | |
| 159:15-22 159:24-160:3 | LF, IC | | | |
| 160:5-7 | LF, IC | | | |
| 160:14-161:2 | LF, IC | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations

Cao 1/19/2022

4

| Deposition of Densen Cao, Ph.D.- January 19, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 161:5-162:3 | LF, IC | | | |
| 162:24-163:3 | | | | |
| 163:12-164:5 | LF, IC | | | |
| 165:12-15 | | | | |
| 166:13-17 166:19 166:20-25 | | | | |
| 167:1-11 | | | | |
| 167:22-25 168:2 168:4-7 | | | | |
| 169:3-5 | | | | |
| 169:20-25 | | | | |
| 170:2-5 170:10-19 170:24-171:6 | IR, PREJ | | | |
| 171:7-172:2 | IR, PREJ | | | |
| 172:11-173:4 | IR, PREJ | | | |
| 173:11-14 173:16-20 | IR, PREJ | | | |
| 173:24-174:4 174:6-22 | IR, PREJ | | | |
| 174:24-175:17 | IR, PREJ | | | |
| 175:18-176:10 | IR, PREJ | | | |
| 176:11-17 | IR, PREJ | | | |
| 176:19-178:8 | IR, PREJ | | | |
| 178:10-15 | IR, PREJ | | | |
| 178:16-179:4 | IR, PREJ | | | |
| 179:5-19 | IR, PREJ | | | |
| 179:20-180:9 | IR, PREJ | | | |
| 180:10-24 | IR, PREJ | | | |
| 180:25-181:15 | IR, PREJ | | | |
| 181:16-182:4 | IR, PREJ | | | |
| 182:5-15 | IR, PREJ | | | |
| 182:16-183:18 | IR, PREJ | | | |
| 183:19-184:3 | IR, PREJ | | | |
| 184:4-17 | IR, PREJ | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations          Cao 1/19/2022
5

| Deposition of Densen Cao, Ph.D.- January 19, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 184:18-185:2 | IR, PREJ | | | |
| 185:3-185:14 | IR, PREJ | | | |
| 185:15-25 | IR, PREJ | | | |
| 186:1-12 | IR, PREJ | | | |
| 186:13-22 | IR, PREJ | | | |
| 186:23-187:10 | IR, PREJ | | | |
| 187:11-24 | IR, PREJ | | | |
| 187:25-188:10 | IR, PREJ | | | |
| 188:11-24 | IR, PREJ | | | |
| 188:25-189:9 | IR, PREJ | | | |
| 189:10-24 | IR, PREJ | | | |
| 189:25-190:9 | IR, PREJ | | | |
| 190:10-25 | IR, PREJ | | | |
| 191:1-10 | IR, PREJ | | | |
| 191:11-192:1 | IR, PREJ | | | |
| 192:2-12 | IR, PREJ | | | |
| 192:13-193:1 | IR, PREJ | | | |
| 193:2-23 | IR, PREJ | | | |
| 193:24-194:7 | IR, PREJ | | | |
| 194:11-194:17 | IR, PREJ | | | |
| 194:18-195:2 | IR, PREJ | | | |
| 195:3-11 | IR, PREJ | | | |
| 195:12-20 | IR, PREJ | | | |
| 196:15-18 | IR, PREJ | | | |
| 196:20-24 | IR, PREJ | | | |
| 196:25-197:8 | IR, PREJ | | | |
| 197:9-197:13 197:16-19 | IR, PREJ | | | |
| 197:20-198:3 | IR, PREJ | | | |
| 198:4-12 | IR, PREJ | | | |
| 198:13-23 | IR, PREJ | | | |
| 198:24-199:8 | IR, PREJ | | | |
| 199:9-18 | IR, PREJ | | | |
| 199:19-200:7 | IR, PREJ | | | |
| 200:8-17 | IR, PREJ | | | |
| 200:18-201:1 | IR, PREJ | | | |
| 201:2-11 | IR, PREJ | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/19/2022
6

| Deposition of Densen Cao, Ph.D.- January 19, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 201:12<br>201:16-24 | IR, PREJ | | | |
| 201:25-202:8 | IR, PREJ | | | |
| 202:9-18 | IR, PREJ | | | |
| 202:19-203:4 | IR, PREJ | | | |
| 203:5-18 | IR, PREJ | | | |
| 203:19-204:3 | IR, PREJ | | | |
| 204:4-12<br>204:14-18 | IR, PREJ | | | |
| 205:2-7<br>205:9-10 | IR, PREJ | | | |
| 207:9-16<br>207:21-208:2<br>208:7-13<br>208:16-209:1 | IR, PREJ | | | |
| 209:13-211:25 | IR, PREJ | | | |
| 245:16-19<br>245:22-23 | IR, PREJ | | | |
| 248:9-13 | IR, PREJ | | | |
| 249:2-6 | IR, PREJ | | | |
| 249:19-21 | IR, PREJ | | | |
| 257:12-16 | IR, PREJ | | | |
| 258:2-15 | IR, PREJ | 258:16-22 | 104/602, 701/702, Arg | |
| 261:14-17 | IR, PREJ | | | |
| 266:13-16 | IR, PREJ | | | |
| 267:1-12 | IR, PREJ | | | |
| 267:19-268:25 | IR, PREJ | | | |
| 272:7-15 | IR, PREJ | 271:15-272:6 | | |
| 272:24-273:5 | IR, PREJ | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/19/2022
7

| Deposition of Densen Cao, Ph.D.- January 20, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 8:25-9:3 | IR, PREJ | | | |
| 22:18-21 | IR, PREJ | 22:22-23:4 | | |
| 63:7-12 | IR, PREJ | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                          Cao 1/20/2022

8

| Deposition of Densen Cao, Ph.D. – January 21, 2022 | | | | |
|---|---|---|---|---|
| **OSI-LEDVANCE's Designations** | **CAO's Objections** | **CAO's Counter-Designations** | **OSI-LEDVANCE's Objections to CAO's Counter-Designations** | **OSI-LEDVANCE's Counter-Designations** |
| 8:1-4 | | | | |
| 8:13-25 | | | | |
| 23:18-24 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 24:1-2 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>24:3-24:6<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

| 24:7-13 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>24:14-24:16<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 24:17-25:15 | IR, PREJ, IC (Errata sheet corrected "GVL" to "GVO") | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

10

| 25:17-18 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 25:20-26:5 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

11

| 26:7-8 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>26:9-26:12<br>26:18-26:21<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 27:10-15 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:7-27:9<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

12

| 27:17-18 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 27:23-25 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

13

| 28:4-9 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 28:12 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

14

| 28:14-16 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 28:17-20 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>28:21-29:10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

15

| 30:17-21 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:11-30:1<br>30:5-30:16 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 30:23-24 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

16

| 31:4 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 31:6-7 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13 | Scope, 401/402, 403 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Cao 1/21/2022

17

| 31:15-17 | IR, PREJ | 9:10-10:8<br>10:12-15<br>10:19-23<br>11:7-23<br>12:8-16<br>13:8-14:8<br>16:24-17:1<br>17:3-9<br>17:21-22<br>17:24<br>18:1-14<br>27:20-22<br>28:1-3<br>29:3-10<br>29:13-14<br>29:23-30:13<br>31:18-32:1<br>32:3-32:14 | Scope, 401/402, 403, 104/602 | 11:1-6, 17:11-13, 17:18-19, 20:6-10, 20:12-23, 21:2-21:6 |
| 32:18-25 | | | | |
| 36:25-37:3 | | | | |
| 37:6-10 | | | | |
| 37:14-16 | | | | |
| 37:22-38:5 | | | | |
| 40:19-21 | | | | |
| 41:2-3 | | | | |
| 41:5-6 | | | | |
| 43:10-19 | IC, LF | | | |
| 43:21-22 | IC, LF, IR, PREJ | | | |
| 50:20-51:2 | | | | |
| 51:11-14 | | | | |
| 51:16 | | | | |
| 51:18-52:8 | | | | |
| 52:10-15 | | | | |
| 66:9-10 | IR, PREJ | | | |
| 66:14-15 | IR, PREJ | | | |
| 66:17-18 | IR, PREJ | | | |
| 66:23-67:1 | IR, PREJ | | | |
| 67:10-18 | IR, PREJ | | | |
| 68:18-19 | IR, PREJ | | | |
| 68:21-22 | IR, PREJ | | | |
| 68:25-69:1 | IR, PREJ | | | |
| 69:3-4 | IR, PREJ | | | |
| 71:22-73:3 | IR, PREJ | | | |
| 73:5-6 | | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                   Cao 1/21/2022

| | | | | |
|---|---|---|---|---|
| 73:8-11 | | | | |
| 73:13-15 | | | | |
| 73:17-20 | | | | |
| 73:3-25 | | | | |
| 74:2-4 | | | | |
| 74:6-8 | | | | |
| 74:10-25 | | | | |
| 75:2-4 | | | | |
| 75:6-8 | | | | |
| 75:10-11 | | | | |
| 75:13-25 | | | | |
| 81:1-6 | | | | |
| 81:8-9 | | | | |
| 82:6-17 | | | | |
| 89:13 | | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                        Cao 1/21/2022

19

| Deposition of John Gadd - May 30, 2019 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 4:2-5 | | | | |
| 4:17-19 | IC; PREJ | | | |
| 6:13-7:11 | 6:18 – 7:11 IR; PREJ | | | |
| 7:17-8:20 | 7:17 – 7:12 (. . . about here?) IR; PREJ | | | |
| 9:16-19 | | | | |
| 9:21-10:1 | | | | |
| 10:8-11 | | | | |
| 10:14-16 | | | | |
| 10:18-20 | | | | |
| 10:22-11:18 | | | | |
| 11:20-12:3 | | | | |
| 12:5-14 | | | | |
| 12:16-20 | | | | |
| 13:22-14:8 | | | | |
| 14:10-14 | | | | |
| 14:16 | | | | |
| 14:25-15:3 | 14:25 – 20:20 LF; LPK; IR | | | |
| 15:5-6 | | | | |
| 15:20-16:13 | | | | |
| 16:24-17:4 | | | | |
| 17:24-18:6 | | | | |
| 19:1-10 | | | | |
| 19:18-25 | | | | |
| 20:9-21:11 | | | | |
| 21:15-22 | | | | |
| 22:10-22 | | | | |
| 23:1 | LF; LPK; PREJ; WF; IC | | | |
| 23:6-12 | | | | |
| 24:4-9 | | | | |
| 24:15-25:4 | | | | |
| 26:1-4 | | | | |
| 26:13-16 | | | | |
| 26:18-22 | LF; LPK; PREJ; | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    Gadd

| | | | |
|---|---|---|---|
| 27:9-28:24 | WF; IC | | |
| 29:1-7 | | | |
| 29:9-13 | | | |
| 29:18-30:7 | | | |
| 30:13-17 | | 30:18 – 31:1 | 403 |
| 31:24-32:4 | LF; LPK; PREJ; | | |
| 32:8-25 | WF; IC | 33:1 – 33:11 | 403 |
| 33:15-34:21 | LF; LPK; PREJ; WF; IC; Improperly includes statement by counsel | | |
| 34:23-35:20 | IC, LF | 35:21 – 35:23 | 403 |
| 35:25-36:19 | LF; LPK | 36:23 – 37:8 | 104/602 | 36:20-22 |
| 37:9-15 | | 37:16 – 36:23 | 104/602 |
| 38:5-14 | | | |
| 38:16-20 | | | |
| 38:24-39:18 | LF; LPK; IC | | |
| 40:4-6 | LF; LPK | | |
| 40:15-41:5 | PREJ; WF; IC | 41:6 – 41:9 | 403 |
| 41:20-42:24 | LF; LPK; IC | | |
| 43:10-24 | LF; LPK; IC; IR; PREJ | 44:15 – 44:18 44:21 – 45:6 | Scope, 403, Leading |
| 45:9-18 | LF; LPK; IC; IR; PREJ | 81:14 – 85:2 | Scope, 403, Leading |
| 45:20-23 | LF; LPK; IC; IR; PREJ; WF | | Scope, 403, Leading |
| 46:14-15 | | 81:14 – 85:2 | Scope, Leading |
| 46:17-47:11 | | | |
| 47:13-19 | | | |
| 47:22 | | | |
| 48:7-49:1 | IR; PREJ; IC; WF | 49:2 – 49:12 | 403 |
| 49:13-50:2 | | | |
| 50:7-11 | | 50:12 – 50:17 | 403 |
| 50:18-51:4 | | | |
| 52:18-53:13 | IC; PREJ | 53:14 ("And referring. . .") – 53:24 80:9 – 81:13 | 403, Scope, Leading |
| 53:25-54:7 | IC; PREJ | 54:19 – 54:24 80:9 – 81:13 | 403, Scope, Leading |
| 54:10-18 | IC; PREJ | | 403, Scope, Leading |
| 55:19-22 | IC; PREJ | | |
| 55:24-56:22 | | | |
| 57:1-7 | LF; LPK; PREJ | 57:8 – 57:9 | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                    Gadd

| | | | | |
|---|---|---|---|---|
| 57:13-19 | | 57:11 – 57:12 | | |
| 58:7-21 | LF; LPK; PREJ; IC; on answer to last question | | | |
| 58:24-59:5 | | | | |
| 60:1-7 | | | | |
| 60:18 | | | | |
| 61:3-17 | LF; LPK | | | |
| 62:2-8 | | | | |
| 62:12-63:16 | | | | |
| 63:19-64:1 | | | | |
| 64:6-14 | | | | |
| 64:17-23 | | | | |
| 65:7-66:2 | LF; LPK; PREJ; IC | | | |
| 66:5-8 | | | | |
| 66:11-22 | LF; LPK | | | |
| 66:24-25 | | | | |
| 67:19-68:5 | LF; LPK; PREJ | 68:19 – 68:21 | 104/602 | |
| 68:11-15 | | 68:23 – 69:1 | | |
| 68:17-18 | | | | |
| 69:2-9 | | | | |
| 69:11 | | | | |
| 70:14-71:14 | | 80:9 – 81:13 | Scope, Leading | |
| 71:16-20 | | | | |
| 72:7-10 | | | | |
| 72:15-73:3 | 72:21 – 73:3 PREJ | | | |
| 73:6-24 | 73:14 – 73:24 PREJ | | | |
| 74:5-8 | | 81:14 – 85:2 | Scope, Leading | |
| 74:10-15 | | | | |
| 74:22-75:3 | 74:10 – 74:15 IR; PREJ; WF | | | |
| 76:3-4 | IR; PREJ; WF | 76:21 – 76:24 77:2 – 77:6 | 104/602, Hypo, 701/702 | |
| 76:6 | | | | |
| 76:9-14 | | | | |
| 78:10-19 | LF; LPK | 80:9 – 81:13 81:14 – 85:2 | Scope, Leading | |
| 78:22-79:12 | | | | |
| 85:20-86:5 | | 85:6 – 85:14 | Scope | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                    Gadd

| Deposition of Daniel McCarthy – February 3, 2022 | | | | |
|---|---|---|---|---|
| OSI-LEDVANCE's Designations | CAO's Objections | CAO's Counter-Designations | OSI-LEDVANCE's Objections to CAO's Counter-Designations | OSI-LEDVANCE's Counter-Designations |
| 8:21 - 8:25 | | | | |
| 9:7 - 9:10 | | | | |
| 10:9 - 10:12 | | | | |
| 12:13 - 12:15 | | | | |
| 17:16 - 17:18 | | | | |
| 17:20 - 17:25 | Not responsive; IR; PREJ | | | |
| 18:2 - 18:25 | | | | |
| 19:2 – 20:15 | | | | |
| 24:13 - 24:25 | IR; PREJ | 26:15 – 26:22 | 401/402 | |
| 25:2 - 25:25 | IR; PREJ | | 401/402 | |
| 26:2 - 26:8 | IR; PREJ; HS | | 401/402 | |
| 27:25 - 27:25 | | | | |
| 28:2 - 28:13 | | | | |
| 30:5 - 30:25 | | | | |
| 31:2 - 31:25 | | | | |
| 32:2 - 32:25 | | | | |
| 33:2 - 33:2 | | | | |
| 33:17 - 33:25 | | | | |
| 34:2 - 34:21 | 34:20 – 34:21 LF; LPK; IR; PREJ | | | |
| 34:23 - 34:25 | LF; LPK; IR; PREJ | | | |
| 35:2 - 35:15 | LF; LPK; IR; PREJ | | | |
| 36:2 - 36:23 | IR | | | |
| 37:14 - 37:25 | 37:21 – 27:25 IR; PREJ | | | |
| 38:2 - 38:18 | 38:2 – 38:3 IR; PREJ 38:8 ("After I was . . .) – 38:18 Not responsive; LF; IR; PREJ; HS | | | |
| 39:13 - 39:25 | LF; IR; PREJ; HS | 244:23 – 244:24 | Scope, 701/702 | |
| 40:2 - 40:5 | LF; IR; PREJ | 245:2 – 245:6 245:9 – 245:14 | Scope, 701/702 | |
| 40:21 - 40:23 | LF; IR | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    McCarthy

23

| | | | | |
|---|---|---|---|---|
| 40:25 - 40:25 | 40:2 – 40:6<br>LF; IR:PREJ | | | |
| 41:2 - 41:10 | | | | |
| 41:12 - 41:25 | | | | |
| 42:2 - 42:4 | | | | |
| 42:16 - 42:25 | LF; IR; PREJ<br><br>42:21 – 42:25<br>Improper lawyer statements | 43:15 – 43:17<br>43:19 – 43:20<br>43:25 – 44:19 | 401/402 | 43:21-24 |
| 43:2 - 43:5 | LF; IR; PREJ; Compound | | 401/402 | 43:21-24 |
| 43:7 - 43:13 | 43:10 – 43:13<br>Non-responsive; IR; PREJ | | 401/402 | 43:21-24 |
| 44:21 - 44:25 | LF; IR; PREJ | | | |
| 45:3 - 45:15 | LF; IR; PREJ | | | |
| 45:17 - 45:25 | LF; IR; PREJ | | | |
| 46:2 - 46:7 | LF; IR; PREJ | | | |
| 46:9 - 46:25 | | | | |
| 47:2 - 47:3 | | | | |
| 47:5 - 47:8 | | | | |
| 47:16 - 47:25 | 47:22 – 47:25 | | | |
| 48:2 - 48:2 | LF; IR; LPK | | | |
| 48:4 - 48:6 | | | | |
| 48:17 - 48:25 | LF; IR; Hypothetical | | | |
| 49:2 - 49:2 | | | | |
| 49:4 - 49:25 | Non-responsive; IR; PREJ | | | |
| 50:2 - 50:20 | Non-responsive; IR; PREJ | | | |
| 56:19 - 56:23 | LF; IR; PREJ; Compound; Hypothetical | | | |
| 58:12 - 58:12 | LF; IR; PREJ; LEAD | | | |
| 58:14 - 58:17 | | | | |
| 58:19 - 58:22 | | | | |
| 58:24 - 58:25 | LF; IR; PREJ; LEAD | | | |
| 59:2 - 59:2 | | | | |
| 59:13 - 59:20 | LF; IR; PREJ; LEAD | | | |
| 59:24 - 59:25 | LF; IR; PREJ; LEAD | | | |
| 60:2 - 60:4 | LF; IR; PREJ; LEAD | | | |
| 60:15 - 60:15 | LF; IR; PREJ; LEAD | | | |
| 60:17 - 60:22 | LF; IR; PREJ; LEAD | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                    McCarthy

| | | | | |
|---|---|---|---|---|
| 61:6 - 61:6 | | | | |
| 61:8 - 61:10 | LF; IR; PREJ; LPK | 62:2 – 62:3 | 401/402 | |
| 61:12 - 61:25 | | 62:5 – 62:13 | 401/402 | |
| 67:23 -67:25 | IR, LPK, PREJ, LF, HS | | | |
| 68:2-68:11 | IR, LPK, PREJ, LF, HS | | | |
| 68:14 - 68:23 | LF; IR: PREJ; LEAD; Compound; HS | 244:23 – 244:24 245:2 – 245:6 | Scope, 701/702 | |
| 69:2 - 69:2 | LF; IR: PREJ; HS | 245:9 – 245:14 | Scope, 701/702 | |
| 69:4 - 69:9 | IR | | Scope, 701/702 | |
| 71:2 - 71:5 | LF; IR; PREJ; LPK; Mischaracterizes testimony | | | |
| 71:9 - 71:10 | IR; LPK | | | |
| 72:10 - 72:17 | | | | |
| 72:22 - 72:25 | | | | |
| 73:2 - 73:6 | | | | |
| 73:14 - 73:14 | | | | |
| 74:3 - 74:8 | | | | |
| 74:10 - 74:10 | | | | |
| 74:13 - 74:21 | | | | |
| 74:23 - 74:25 | | | | |
| 75:2 - 75:2 | | | | |
| 75:9 - 75:23 | | | | |
| 77:13 - 77:25 | | | | |
| 78:2 - 78:7 | | | | |
| 78:9 - 78:13 | | | | |
| 78:15 - 78:22 | | | | |
| 78:24 - 78:25 | | | | |
| 79:2 - 79:10 | 79:9 – 79:10 IR; PREJ; LPK | | | |
| 80:16 - 80:23 | IR; PREJ; LPK; Non-responsive | | | |
| 81:9 - 81:11 | Improper lawyer statement | | | |
| 83:7 - 83:13 | IR; PREJ | | | |
| 83:18 - 83:25 | LF; IR; PREJ; LPK | | | |
| 84:2 - 84:25 | | | | |
| 85:2 - 85:3 | IR; PREJ | | | |
| 85:10 - 85:12 | LF; IR; PREJ; LPK | | | |
| 85:16 - 85:25 | LF; IR; PREJ; LPK | | | |
| 86:2 - 86:3 | LF; IR; PREJ; LPK | | | |
| 86:5 - 86:8 | LF; IR; PREJ; LPK | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    McCarthy

25

| | | | | |
|---|---|---|---|---|
| 87:5 - 87:8 | LF; IR; PREJ | | | |
| 87:10 - 87:25 | LF; IR; PREJ; LPK; LEAD | | | |
| 88:2 - 88:2 | IR; PREJ | | | |
| 88:4 - 88:20 | IR; PREJ; Non-responsive | | | |
| 88:25 - 88:25 | IR; PREJ | | | |
| 89:2 - 89:12 | IR; PREJ | | | |
| 89:18 - 89:25 | IR; PREJ | | | |
| 90:2 - 90:21 | IR; PREJ; LEAD | | | |
| 90:23 - 90:25 | Includes improper lawyer statement | | | |
| 91:2 - 91:5 | | | | |
| 91:7 - 91:8 | LF; IR; PREJ | | | |
| 91:10 - 91:25 | IR; PREJ | | | |
| 92:3 - 92:23 | IR; PREJ; Non-responsive | | | |
| 93:3 - 93:18 | IR; PREJ | | | |
| 93:20 - 93:25 | LEAD; IR: PREJ | | | |
| 94:2 - 94:8 | IR; PREJ | | | |
| 94:10 - 94:17 | Includes incomplete question | | | |
| 94:19 - 94:25 | | | | |
| 95:2 - 95:2 | | | | |
| 95:9 - 95:16 | | | | |
| 96:5 - 96:25 | 96:5 – 96:13 IR; PREJ  96:14 – 96:25 IR; PREJ; Non-responsive | | | |
| 97:2 - 97:4 | IR; PREJ; Non-responsive | | | |
| 97:6 - 97:15 | LF; IR; PREJ; LPK | | | |
| 97:17 - 97:25 | LF; IR; PREJ; LPK | | | |
| 98:2 - 98:3 | LF; IR; PREJ; LPK | | | |
| 98:18 - 98:25 | LF; IR; PREJ; LPK | | | |
| 99:2 - 99:3 | LF; IR; PREJ; LPK | | | |
| 99:11 - 99:13 | LF; IR: PREJ; LPK | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                    McCarthy

| | | | | |
|---|---|---|---|---|
| 99:15 - 99:25 | <u>99:15 – 99:21</u><br>LF; IR; PREJ; LPK;<br>LEAD<br><br><u>99:21 – 99:25</u><br>IR; PREJ | | | |
| 100:2 - 100:20 | LF; IR; PREJ; LPK | | | |
| 100:22 - 100:25 | IR; PREJ; WF | | | |
| 101:2 - 101:3 | | | | |
| 101:9 - 101:14 | IR; PREJ; WF | | | |
| 101:16 - 101:25 | IR; PREJ; WF | | | |
| 102:12 - 102:14 | IR; PREJ; WF | | | |
| 102:16 - 102:19 | IR; PREJ; WF | | | |
| 103:5 - 103:11 | IR; PREJ; WF | | | |
| 104:21 - 104:25 | IR; PREJ; WF | | | |
| 105:2 - 105:2 | IR; PREJ; WF | | | |
| 105:13 - 105:17 | IR; PREJ; WF | | | |
| 105:20 - 105:20 | LF; IR; PREJ; WF | | | |
| 106:10 - 106:13 | IR; PREJ; WF | | | |
| 107:9 - 107:13 | IR; PREJ; WF | | | |
| 107:15 - 107:22 | IR; PREJ; WF | | | |
| 107:24 - 107:25 | IR; PREJ; WF | | | |
| 108:10 - 108:11 | IR; PREJ; WF | | | |
| 108:13 - 108:25 | IR; PREJ; WF | | | |
| 109:3 - 109:7 | IR; PREJ; WF; HS | | | |
| 109:15 - 109:21 | <u>109:15 – 109:16</u><br>IR; PREJ; WF | | | |
| 109:23 - 109:25 | | | | |
| 110:2 - 110:7 | | | | |
| 110:10 - 110:11 | | | | |
| 112:18 - 112:23 | | | | |
| 113:25 - 113:25 | IR; PREJ; LEAD | | | |
| 114:2 - 114:7 | IR; PREJ; LEAD | | | |
| 114:9 - 114:25 | <u>114:9 – 114:16</u><br>Non-responsive; IR;<br>PREJ; LPK<br><br><u>114:17 – 114:25</u><br>IR; PREJ | | | |
| 118:2 - 118:9 | Improper lawyer<br>statement; IR; PREJ;<br>WF; HS | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    McCarthy

| | | | |
|---|---|---|---|
| 118:11 - 118:22 | Improper lawyer statement | | |
| 118:24 - 118:25 | IR; PREJ; WF | | |
| 119:2 - 119:2 | | | |
| 119:3 - 119:9 | IR; PREJ; WF | | |
| 119:11 - 119:25 | 119:11 – 119:15 Improper lawyer staement; IR; PREJ; WF 119:16 – 119:25 IR; PREJ; WF | | |
| 120:5 - 120:7 | IR; PREJ; WF | | |
| 120:20 - 120:24 | IR; PREJ; WF | | |
| 121:2 - 121:23 | IR; PREJ; WF | | |
| 121:25 - 121:25 | IR; PREJ; WF | 124:14 – 124:23 | 401/402, 403 | 124:9-13 |
| 122:2 - 122:3 | | 126:15 – 126:25 | 401/402, 403 | 124:9-13 |
| 122:14 - 122:20 | IR; PREJ; WF | | 401/402, 403 | 124:9-13 |
| 123:10 - 123:21 | IR: PREJ; WF | | 401/402, 403 | 124:9-13 |
| 123:23 - 123:24 | IR: PREJ; WF | | 401/402, 403 | 124:9-13 |
| 124:6 - 124:8 | IR; PREJ; WF | | 401/402, 403 | 124:9-13 |
| 124:24 - 124:25 | LF; IR; PREJ; LPK; WF; LEAD | | 401/402, 403 | 124:9-13 |
| 125:2 - 125:2 | LF; IR; PREJ; LPK; WF; LEAD | | 401/402, 403 | 124:9-13 |
| 125:5 - 125:8 | Non-responsive; LF; IR; PREJ; LPK; WF | | 401/402, 403 | 124:9-13 |
| 125:11 - 125:13 | Improper lawyer statement | | 401/402, 403 | 124:9-13 |
| 125:23 - 125:25 | Non-responsive; IR; PREJ; WF | | 401/402, 403 | 124:9-13 |
| 126:2 - 126:14 | 126:2 – 126:4 Non-responsive; IR; PREJ; WF  126:5 – 126:10 LF; IR; PREJ; LPK; WF | | 401/402, 403 | 124:9-13 |
| 127:3 - 127:22 | 127:3 – 127:14 LF; IR; PREJ; LPK; WF  127:15 – 127:22 LF; IR; PREJ; LPK; WF; HS | | 401/402, 403 | 124:9-13 |
| 127:24 - 127:25 | IR; PREJ; LPK; WF | | |
| 128:2 - 128:5 | IR; PREJ; LPK; WF | | |
| 128:7 - 128:14 | IR; PREJ; LPK; WF | | |
| 128:19 - 128:22 | LF; IR; PREJ; LPK; WF | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    McCarthy

| | | | | |
|---|---|---|---|---|
| 130:2 - 130:18 | LF; IR; PREJ; LPK; WF | | | |
| 131:2 - 131:3 | IR; PREJ; LPK; WF | | | |
| 133:3 - 133:25 | IR; PREJ; LPK; WF; HS | | | |
| 134:2 - 134:21 | LF; IR; PREJ; LPK; WF | | | |
| 135:8 - 135:11 | LF; IR; PREJ; WF | | | |
| 135:21 - 135:25 | LF; IR; PREJ; WF; LEAD | | | |
| 136:2 - 136:5 | LF; IR; PREJ; WF | | | |
| 137:9 - 137:15 | LF; IR; PREJ; WF; LEAD | | | |
| 138:6 - 138:9 | IC, LF | | | |
| 138:16 - 138:25 | IC, LF | | | |
| 139:2 - 139:9 | IC, LF | | | |
| 139:22 - 139:25 | IC, LF, LPK | | | |
| 140:2 - 140:6 | | | | |
| 140:10 - 140:20 | | | | |
| 141:3 - 141:5 | | | | |
| 141:7 - 141:14 | | | | |
| 141:16 - 141:19 | | | | |
| 141:21 - 141:25 | IC, LF, LPK | | | |
| 142:2 - 142:8 | IC, LF, LPK | | | |
| 143:12 - 143:23 | IC, LF, LPK | | | |
| 143:25 - 143:25 | IC, LF, LPK | | | |
| 144:2 - 144:4 | IC, LF, LPK | | | |
| 144:9 - 144:18 | IC, LF, LPK | | | |
| 145:6 - 145:7 | | | | |
| 145:11 - 145:13 | | | | |
| 145:15 - 145:20 | | | | |
| 145:22 - 145:25 | | | | |
| 146:2 - 146:25 | 146:14 – 146:25 IR; WF | | | |
| 147:2 - 147:23 | IR; WF | | | |
| 147:25 - 147:25 | IR; WF | | | |
| 148:2 - 148:19 | | | | |
| 148:24 - 148:25 | | | | |
| 149:2 - 149:2 | IR; WF | | | |
| 149:4 - 149:16 | | | | |
| 149:22 - 149:25 | | | | |
| 150:2 - 150:25 | 150:2 – 150:24 IR; WF | | | |
| 151:2 - 151:16 | | | | |
| 151:18 - 151:25 | | | | |
| 152:2 - 152:6 | | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    McCarthy

| | | | |
|---|---|---|---|
| 152:8 - 152:25 | | | |
| 153:2 - 153:25 | | | |
| 154:2 - 154:11 | | | |
| 154:15 - 154:25 | | | |
| 155:2 - 155:12 | | | |
| 155:14 - 155:25 | | | |
| 156:2 - 156:2 | | | |
| 156:4 - 156:14 | | | |
| 156:18 - 156:20 | | | |
| 156:22 - 156:25 | | | |
| 157:2 - 157:14 | | | |
| 157:16 - 157:25 | | | |
| 158:2 - 158:2 | | | |
| 158:6 - 158:11 | 158:8 ("And, I'm sorry . . . ) – 158:11<br>IR; WF | | |
| 159:2 - 159:25 | | | |
| 160:2 - 160:25 | | | |
| 161:2 - 161:9 | | | |
| 161:11 - 161:19 | | | |
| 161:23 - 161:25 | | | |
| 162:2 - 162:22 | | | |
| 162:24 - 162:25 | LF; LPK; IR; PREJ | | |
| 163:2 - 163:3 | | | |
| 163:6 - 163:10 | | | |
| 164:14 - 164:21 | | | |
| 164:23 - 164:25 | | | |
| 165:2 - 165:5 | | | |
| 166:6 - 166:14 | | | |
| 166:18 - 166:21 | | | |
| 166:23 - 166:25 | | | |
| 167:2 - 167:9 | | | |
| 167:13 - 167:20 | | | |
| 168:10 - 168:11 | | | |
| 168:13 - 168:21 | | | |
| 169:11 - 169:25 | | | |
| 170:2 - 170:25 | 170:19 – 170:25<br>LF; LEAD | | |
| 171:2 - 171:18 | | | |
| 171:21 - 171:25 | | | |
| 172:2 - 172:25 | 172:24 – 172:25<br>LF; IR; PREJ; LEAD | | |
| 173:2 - 173:4 | LF; IR; PREJ; LEAD | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    McCarthy

30

| | | | |
|---|---|---|---|
| 173:7 - 173:25 | | | |
| 174:2 - 174:25 | | | |
| 175:2 - 175:13 | | | |
| 175:21 - 175:25 | | | |
| 176:2 - 176:16 | | | |
| 176:20 - 176:25 | | | |
| 177:2 - 177:25 | | | |
| 178:2 - 178:2 | | | |
| 178:4 - 178:25 | | | |
| 179:2 - 179:5 | | | |
| 179:7 - 179:25 | | | |
| 180:2 - 180:14 | | | |
| 180:16 - 180:25 | | | |
| 181:2 - 181:12 | 181:5 – 181:12 LF; IR; PREJ; LPK; Non-responsive | | |
| 181:17 - 181:25 | IR; PREJ; LPK | | |
| 182:2 - 182:2 | | | |
| 182:13 - 182:22 | 182:16 – 182:22 | | |
| 182:24 - 182:25 | LF; Compound | | |
| 183:2 - 183:14 | | | |
| 183:16 - 183:23 | 183:20 – 183:23 LF; IR; PREJ; LEAD | | |
| 184:4 - 184:19 | IR; PREJ; WF | | |
| 184:22 - 184:22 | Statement by lawyer | | |
| 185:4 - 185:25 | IR; PREJ; WF | | |
| 186:2 - 186:23 | | | |
| 187:3 - 187:25 | 187:4 – 187:25 IR; PREJ; WF | | |
| 188:2 - 188:11 | IR; PREJ WF | | |
| 188:18 - 188:25 | 188:18 – 188:24 IR; PREJ; WF | | |
| 189:2 - 189:10 | | | |
| 189:12 - 189:19 | | | |
| 190:7 - 190:25 | | | |
| 191:2 - 191:7 | | | |
| 191:9 - 191:25 | | | |
| 192:4 - 192:25 | | | |
| 193:2 - 193:13 | 193:7 – 193:13 IR; PREJ; WF; IOP | 194:17 – 21 ("…to them.") | |
| 195:15 - 195:24 | IR; PREJ; WF; IOP | | |
| 197:5 - 197:11 | | | |
| 197:14 - 197:21 | | | |
| 197:25 - 197:25 | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                    McCarthy

| | | | |
|---|---|---|---|
| 198:2 - 198:6 | | | |
| 198:15 - 198:18 | IR; PREJ; WF; IOP | | |
| 199:5 - 199:25 | 199:5 – 22; 200:20 – 22 | | |
| 200:2 - 200:22 | Lawyer colloquy | | |
| 203:25 - 203:25 | 203:25 – 204:16 | | |
| 204:2 - 204:25 | IR; PRE; WF | | |
| 206:18 - 206:25 | | | |
| 207:2 - 207:25 | 207:22 – 207:25<br>LF; LPK | | |
| 208:4 - 208:14 | 208:4 – 208:6<br>LF; LPK | | |
| 208:16 - 208:25 | | | |
| 209:2 - 209:7 | | 209:8 – 209:12 | |
| 209:13 - 209:23 | | | |
| 209:25 - 209:25 | | | |
| 210:2 - 210:3 | | | |
| 210:5 - 210:25 | | | |
| 211:9 - 211:11 | | | |
| 211:13 - 211:22 | | | |
| 211:25 - 211:25 | | | |
| 212:2 - 212:24 | | | |
| 213:2 - 213:3 | | | |
| 213:23 - 213:25 | | | |
| 214:2 - 214:7 | | | |
| 214:15 - 214:20 | | 215:10 – 215:20 | |
| 215:21 - 215:25 | | | |
| 216:2 - 216:4 | | | |
| 216:6 - 216:12 | | | |
| 216:14 - 216:22 | | | |
| 218:14 - 218:21 | IR; WF | | |
| 218:23 - 218:25 | IR; WF | | |
| 219:2 - 219:25 | IR; WF | | |
| 220:2 – 220:3 | | | |
| 230:16 - 230:25 | IR; WF | | |
| 231:3 - 231:14 | IR; WF | | |
| 232:17 - 232:22 | IR; WF | | |
| 235:2 - 235:16 | IR; WF | | |
| 235:19 - 235:25 | IR; WF | | |
| 236:2 - 236:8 | IR; PREJ; WF | | |
| 237:18 - 237:25 | IR; PREJ; WF | 238:11 – 238:22 | |
| 238:2 - 238:9 | | | |
| 238:24 - 238:25 | IR; PREJ; WF | | |
| 239:2 - 239:9 | IR; PREJ; WF | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                    McCarthy

| | | | |
|---|---|---|---|
| 239:18 - 239:25 | IR; PREJ; WF | | |
| 240:1 - 240:3 | IR; PREJ WF | | |
| 243:15 - 243:25 | IR, PREJ, WE, LF, LPK | | |
| 244:2 - 244:11 | IR, PREJ, WE, LF, LPK | | |
| 244:19 - 244:19 | | 244:23 – 244:24<br>245:2 – 245:6<br>245:9 – 245:14 | Scope, 701/702 |
| 249:2 - 249:25 | | | |
| 250:2 - 250:11 | | | |
| 250:13 - 250:16 | | | |
| 250:18 - 250:25 | | | |
| 251:2 - 251:20 | | | |
| 251:22 - 251:25 | | | |
| 252:2 - 252:7 | | 252:8 – 252:15 | |
| 252:19 - 252:24 | | | |
| 253:2 - 253:13 | | | |
| 253:15 - 253:25 | | | |
| 254:2 - 254:3 | | | |
| 254:6 - 254:15 | | | |
| 254:18 - 254:25 | | | |
| 255:2 - 255:10 | | | |
| 255:12 - 255:17 | | | |
| 255:19 - 255:25 | | | |
| 256:2 - 256:8 | | | |
| 256:10 - 256:25 | | | |
| 257:2 - 257:2 | | | |
| 257:4 - 257:5 | | | |

EXHIBIT 7 – OSI-LEDVANCE's Designations                                        McCarthy

# EXHIBIT 10

AO 187A (Rev. 7/87) Exhibit and Witness List

UNITED STATES DISTRICT COURT

_____DISTRICT_____ OF _____DELAWARE_____

CAO LIGHTING, INC.

v.　　　　**PLAINTIFF'S BENCH TRIAL EXHIBIT LIST WITH DEFENDANTS' OBJECTIONS**

GENERAL ELECTRIC CO., ET AL　　　　　　　　　　　　　　　Case Number: C.A. 1:20-cv-00681-GBW
OSRAM SYLVANIA, INC., ET AL.　　　　　　　　　　　　　　　Case Number: C.A. 1:20-cv-00690-GBW

| PRESIDING JUDGE<br>Hon. Gregory B. Williams | PLAINTIFF'S ATTORNEY | DEFENDANTS' ATTORNEY |
|---|---|---|
| TRIAL DATE(S): | COURT REPORTER | COURTROOM DEPUTY |
| | | |
| | | |

| PTX No. | IDENTIFIER | DESCRIPTION OF EXHIBITS | DEFENDANTS' OBJECTIONS |
|---|---|---|---|
| 6000 | CAO000030-153 | U.S. Patent No. 6,465,961 File History | |
| 6001 | CAO025498-25526 | MA-tek Analysis Report [Case No. B211222052Q] re: Sample No. (76) #SYL-D34 | 401, 402, 403 |
| 6002 | CAO_DE_003397–3446 | Third Party Comments After Patent Owner Response for Patent No. 6,465,961 dated April 1, 2014 | 401, 402, 403, Dup, 106 |
| 6003 | LEDVANCE-CAO-00115867-115868 | Schedule 8.1 to Local Asset Transfer Agreement between OSRAM and LEDVANCE - Litigation/Arbitration | 401, 402, 403, Dup, 106 |
| 6004 | LEDVANCE-CAO-00197153-197366 | U.S. Patent No. 6,719,446 File History | |
| 6005 | LEDVANCE-CAO-00197240-197258 | Office Action for Application No. 09/938,777 mailed to D. McCarthy dated August 29, 2002 | 401, 402, 403, Dup, 106 |
| 6006 | LEDVANCE-CAO-00197259-197260 | Statement of Co-Pending Cases regarding Application No. 09/938,777 dated February 19, 2003 | 401, 402, 403, Dup, 106 |
| 6007 | LEDVANCE-CAO-00197261-197275 | Response to Office Action for Application No. 09/938,777 dated February 28, 2003 | 401, 402, 403, Dup, 106 |

| 6008 | LEDVANCE-CAO-00197367-197514 | U.S. Patent No. 6,634,771 File History | |
|------|------------------------------|----------------------------------------|---|
| 6009 | LEDVANCE-CAO-00197426-197437 | Office Action for Application No. 09/939,488 mailed to D. McCarthy dated August 28, 2002 | 403, Dup, 106 |
| 6010 | LEDVANCE-CAO-00197444-197446 | Statement of Co-Pending Cases regarding Application No. 09/939,488 dated February 19, 2003 | 403, Dup, 106 |
| 6011 | LEDVANCE-CAO-00197447-197472 | Response to Office Action for Application No. 09/939,488 dated February 28, 2003 | 403, Dup, 106 |
| 6012 | | Press release titled "LED 101" issued by GE Current on December 11, 2017 | 401, 403, 801/802, 901, 26 |
| 6013 | | Press release titled "LEDVANCE Continues Its Transformation" issued by LEDVANCE on November 13, 2017 | 401, 402, 403, 901, 801/802, 26, 104/602 |
| 6014 | | Civil Docket for Case No. 2:11-cv-00426-DB, *Cao Group, Inc. v. GE Lighting, Inc., et al.*, United States District Court for the District of Utah, Central Division | 403, 106 |
| 6015 | | Objections to Plaintiff's 30(b)(6) Notice of Deposition of Defendant General Electric Company dated October 11, 2021 | 401, 402, 403, 801/802 |
| 6016 | | Objections to Plaintiff's 30(b)(6) Notice of Deposition of Defendant Consumer Lighting (U.S.), LLC d/b/a GE Lighting dated October 11, 2021 | 401, 402, 403, 801/802 |
| 6017 | | Correspondence sent between counsel, including an email from Cat Garza to Todd Vare and others dated October 28, 2021, and multiple emails between Cat Garza and Todd Vare dated October 29, 2021 | 401, 402, 403, 801/802 |
| 6018 | | Defendant Current Lighting Solutions Objections to Plaintiff's Rule 30(b)(6) Deposition to Current Lighting Solutions dated November 8, 2021 | 401, 402, 403, 801/803 |

| 6019 | | Defendant LEDVANCE, LLC's Objections and Responses to Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) dated November 10, 2021 | 401, 402, 403, 801/802 |
|---|---|---|---|
| 6020 | | Defendant OSRAM SYLVANIA, Inc.'s, Objections and Responses to Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) dated November 19, 2021 | 401, 402, 403, 801/802 |
| 6021 | | LEDVANCE LLC's Rule 26(a)(1) Supplemental Initial Disclosures dated December 30, 2021 | 401, 402, 403, 801/802 |
| 6022 | | LEDVANCE LLC's Supplemental Objections and Responses to Plaintiff's Common Interrogatories (Nos. 2, 4, 7, 8, 11, 12, 13) dated January 14, 2022 | 401, 402, 403, 801/802 |
| 6023 | | Current Lighting Solutions, LLC's Supplemental Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) dated January 11, 2022 | 401, 402, 403, 801/801 |
| 6024 | | Defendants General Electric Company and Consumer Lighting (U.S.), LLC d/b/a GE Lighting's Second Amended Initial Disclosures dated January 14, 2022 | 401, 402, 403, 801/802 |
| 6025 | Assarat Ex. 1 | Plaintiff's Notice of 30(b)(6) Deposition to Defendant Consumer Lighting (U.S.), LLC d/b/a GE Lighting dated September 10, 2021 | 401, 402, 403, 801/802 |
| 6026 | Baroyan Ex. 17 CAO_DE_008383-8388 | U.S. Patent No. 6,465,961 Ex Parte Reexamination Certificate issued on September 2, 2014 | |
| 6027 | Baroyan Ex. 33 | Plaintiff's Notice of 30(b)(6) Deposition to Defendant Current Lighting Solutions, LLC dated October 6, 2021 | 401, 402, 403, 801/802 |
| 6028 | Baroyan Ex. 36 | Defendant Current Lighting Solutions, Second Supplemental and Amended Responses and Objections to Plaintiff's First Set of Common Interrogatories [NOS. 1-13] dated December 8, 2021 | |

| 6029 | Baroyan Ex. 37<br>CUPO007287-7289 | Section 3.12 [Intellectual Property] of Disclosure Letter to Stock and Asset Purchase Agreement Between General Electric Company and Espresso Holdco, Inc. dated November 5, 2018 | |
|------|------|------|------|
| 6030 | Cao Ex. 116<br>DEFS00001709-1712 | Weirer, Jonathan, et al. "High-power AIGaInN flip-chip light-emitting diodes" [Applied Physics Letters, Vol. 78, Number 22] [May 28, 2001] | |
| 6031 | Cao Ex. 117<br>DEFS00001211-1218 | U.S. Patent No. 6,220,722 B1 "LED Lamp," April 24, 2001 | |
| 6032 | Cao Ex. 118<br>CAO022099 | Email to D. Terrell and others from J. Watson re: Draft Motion and Proposed Order to Reopen Utah Lighting Case and Lift Stay dated March 14, 2018 | 801/802 |
| 6033 | Duffy Ex. 1 | Plaintiff's Notice of 30(b)(6) Deposition to Defendant Consumer Lighting (U.S.), LLC d/b/a GE Lighting dated September 10, 2021 | 401, 402, 403, 801/802 |
| 6034 | Duffy Ex. 16 | U.S. Patent No. 6,465,961 B1 "Semiconductor Light Source Using a Heat Sink with a Plurality of Panels," October 15, 2002 | |
| 6035 | Gadd Ex. 5<br>CAO009472-9498 | Detailed Action for Application No. 90/012,957 dated June 18, 2014 | |
| 6036 | Gadd Ex. 6<br>CAO009499-9507 | Remarks Submitted by J. Gadd dated March 24, 2014, Responsive to the Non-Final Office Action mailed on January 24, 2012 regarding Application No. 90/012,957 | |
| 6037 | Gadd Ex. 9<br>CAO009516-9561 | Detailed Action Closing Prosecution mailed on May 13, 2015 regarding Application Nos. 95/000,680 and 95/002,324 | |
| 6038 | Gadd Ex. 11<br>CAO009562-9612 | Third Party Comments After Patent Owner Response for Patent No. 6,465,961 dated April 1, 2014 | |

| 6039 | Gadd Ex. 12<br>CAO009297-9332 | Amendment B and Response to Final Office Action dated July 10, 2014 regarding Ex Parte Reexamination of U.S. Patent No. 6,465,961 | |
| 6040 | Marella Ex. 45 | Plaintiff's Amended Notice of 30(b)(6) Deposition to Current Lighting Solutions, LLC dated December 30, 2021 | 401, 402, 403, 801/802 |
| 6041 | McCarthy Ex. 101<br>CAO001932-1954 | U.S. Patent No. 6,465,961 B1 "Semiconductor Light Source Using a Heat Sink with a Plurality of Panels," October 15, 2002 | Dup |
| 6042 | McCarthy Ex. 106<br>CAO000461-472 | Office Action for Application No. 09/939,488 mailed to D. McCarthy dated August 28, 2002 | |
| 6043 | McCarthy Ex. 107<br>DEFS00001211-1218 | U.S. Patent No. 6,220,722 B1 "LED Lamp," April 24, 2001 | |
| 6044 | McKissack Ex. 1 | Plaintiff's Notice of 30(b)(6) Deposition to Defendant Consumer Lighting (U.S.), LLC d/b/a GE Lighting dated September 10, 2021 | 401, 402, 403, 801/802 |
| 6045 | Montana Ex. 1 | Plaintiff's Notice of 30(b)(6) Deposition to Defendant OSRAM Sylvania, Inc. dated October 22, 2021 | |
| 6046 | Montana Ex. 4<br>OSI009246-9364 | Deed Register No. 1809 P/2016 [recorded on July 25-26, 2016 in Munich before Dr. Benedikt Pfisterer in the office of Latham & Watkins, LLP]<br><br>Exhibit A - Agreement for the Sale and Purchase of 100% of the Shares in LEDVANCE GmbH and 100% of the Membership Interests in LEDVANCE LLC<br><br>Exhibit B - Equity Commitment Letter | 401, 402, 403, Dup, 106 |
| 6047 | Montana Ex. 5<br>OSI008493-8547 | Schedule 17 - Disclosure Schedule regarding the OSRAM Sylvania and LEDVANCE deal | 401, 402, 403, Dup, 106 |
| 6048 | Phenix Ex. 1 | Plaintiff's Notice of 30(b)(6) Deposition to Defendant LEDVANCE LLC dated October 22, 2021 | 401, 402, 403, 801/802 |

| 6049 | Silva Ex. 1 | Plaintiff's Notice of 30(b)(6) Deposition to Defendant LEDVANCE LLC dated October 22, 2021 | 401, 402, 403, 801/802 |
|------|-------------|--------------------------------------------------------------------------------------------|------------------------|
| 6050 | Silva Ex. 2 LEDVANCE-CAO-00116011-116129 | Deed Register No. 1809 P/2016 [recorded on July 25-26, 2016 in Munich before Dr. Benedikt Pfisterer in the office of Latham & Watkins, LLP]<br><br>Exhibit A - Agreement for the Sale and Purchase of 100% of the Shares in LEDVANCE GmbH and 100% of the Membership Interests in LEDVANCE LLC<br><br>Exhibit B - Equity Commitment Letter | 401, 402, 403, Dup, 106 |
| 6051 | Silva Ex. 3 LEDVANCE-CAO-00116130-116397 | Reference Deed No. Urk.R.Nr.P 1807/2016 [recorded on July 24-26, 2016 in Munich before Dr. Benedikt Pfisterer in the office of Latham & Watkins, LLP] | 401, 402, 403, Dup, 106 |

# EXHIBIT 11

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

CONFIDENTIAL

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4000 | 10/15/02 | U.S. Patent No. 6,465,961 (DTX-3000) | CAO_DE_000001 | CAO_DE_000029 | Defts' SJ Ex. 1; Shealy Ex. 20; Cao Ex. 1; McCarthy Ex. 101 | |
| 4001 | 09/02/14 | U.S. Patent No. 6,465,961 - Inter Partes Reexamination Certificate (10279th) | CAO009466 | CAO009471 | Defts' SJ Ex. 24; Gadd Ex. 4 | |
| 4002 | 05/11/17 | U.S. Patent No. 6,465,961 - Inter Partes Reexamination Certificate (1421st) | | | Defts' SJ Ex. 15; Cao Ex. 2 | |
| 4003 | 8/24/01 - 11/27/15 | U.S. Patent No. 6,465,961 File History (DTX-3001) | CAO_DE_000065 | CAO_DE_000191 | | |
| 4004 | | USPTO Assignment for U.S. Patent No. 6,465,961 | CAO-007462 | CAO-007463 | Defts' SJ Ex. 85 | |
| 4005 | | Curriculum Vitae of Michael Krames, Ph.D., FIEEE, FIES (DTX-3175) | | | | HS |
| 4006 | | Curriculum Vitae of Robert F. Karlicek, Ph.D. | | | | HS |
| 4008 | 03/18/22 | Opening Expert Report of Michael Krames, Appendix B: List of Materials Considered | | | | HS |
| 4010 | 05/13/22 | Reply Report of Michael Krames, Appendix A: List of Materials Considered | | | | HS |
| 4011 | 03/18/22 | Opening Equitable Estoppel Expert Report of Robert Karlicek, Ph.D., Exhibit A: List of Materials Considered | | | | HS |
| 4013 | 05/13/22 | Reply Expert Report of Robert Karlicek, Ph.D., Exhibit D: List of Materials Considered | | | | HS |
| 4025 | 06/00/01 - 07/00/01 | Architectural Lighting, Vol. 16(5) (June/July 2001) | DEFS00002048 | DEFS00002097 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4026 | 12/17/97 | Bando et al., *Development of High-Bright and Pure-White LED Lamps,* J. Light & Vis. Env., 22(1):1-5 (Dec. 17, 1997) | DEFS00000016 | DEFS00000019 | | IR, PREJ |
| 4027 | 04/00/99 | Bogner et al., *White LED*, SPIE Vol. 3621 (April 1999) | DEFS00000020 | DEFS00000031 | | IR, PREJ |
| 4028 | | Bragg Mirrors, in RP Photonics Encyclopedia (available online at http:// rp-photonics.com/bragg mirrors html) | DEFS00000032 | DEFS00000034 | | IR, PREJ, HS |
| 4029 | 07/30/99 | Canadian Patent Application Publication No. CA 2,260,389 ("Waitl") | DEFS00000057 | DEFS00000077 | | IR, PREJ |
| 4030 | 07/30/99 | Canadian Patent Application Publication No. CA 2,260,389 A1 ("Waitl") (DTX-3640) | DEFS00000035 | DEFS00000056 | | IR, PREJ |
| 4031 | | *Commercial, Industrial and Residential 110/230VAC Products,* https://web.archive.org/web/20010622034756/http://www.theledlight.com/120-VAC-LEDbulbs.html | DEFS00002103 | DEFS00002108 | | IR, PREJ, HS, LF, LA |
| 4032 | 07/00/01 | Compound Semiconductor Magazine (July 2001) (DTX-3738) | DEFS00001983 | DEFS00001987 | | IR, PREJ, HS, IL |
| 4033 | 12/00/00 - 01/00/01 | Compound Semiconductor, Vol. 6(9) (Dec. 2000/Jan. 2001) | DEFS00001900 | DEFS00001904 | | IR, PREJ, HS |
| 4034 | 08/00/01 | Compound Semiconductor, Vol. 7(7) (Aug. 2001) (DTX-3752) | DEFS00002028 | DEFS00002039 | | IR, PREJ, HS, IL |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4035 | 02/00/01 | Craford et al., *In Pursuit of the Ultimate Lamp* , Scientific American 284(2):62-67 (Feb. 2001) | DEFS00002135 | DEFS00002141 | | IR, PREJ |
| 4036 | 09/21/00 | DE 199 10 550 Machine Translated Text | DEFS00000078 | DEFS00000083 | | IR, PREJ, LF, LA, HS |
| 4037 | 09/21/00 | DE 199 10 550 Original Document | DEFS00000084 | DEFS00000087 | | IR, PREJ, LF, LA, HS |
| 4038 | 00/00/97 | Down the Road: The Future of Lighting. Architectural Lighting (1997) (DTX-3752) | DEFS00002098 | DEFS00002098 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4039 | 02/04/98 | EP 0 822 371 A2 | DEFS00000088 | DEFS00000099 | | IR, PREJ, WF |
| 4040 | 10/08/98 | EP 0 971 465 B1 | DEFS00000100 | DEFS00000123 | | IR, PREJ, WF |
| 4041 | 02/02/00 | EP 0977278 ("Matsubara") (DTX-3641) | DEFS00000124 | DEFS00000156 | | IR, PREJ |
| 4042 | 04/20/99 | FR 277 7710 A1 English Text | DEFS00000207 | DEFS00000221 | | IR, PREJ, WF, LF, LA, HS |
| 4043 | 04/20/99 | FR 277 7710 A1 Original Document | DEFS00000157 | DEFS00000206 | | IR, PREJ, WF, LF |
| 4044 | 08/19/99 | GB 2 334 376 A | DEFS00000222 | DEFS00000237 | | IR, PREJ, WF |
| 4045 | 7/20/2001 | Goetz et al., Power III-Nitride LEDs, Fourth International Conference on Nitride Semiconductors, (July 20, 2001) ("ICSN Presentation") (DTX-3746) | DEFS00000340 | DEFS00000369 | CAO SJ Daubert Ex. 53; Benya Ex. 16 | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4046 | 00/00/00 | Guo et al., *Photon Recycling Semiconductor Light Emitting Diode* , Light Emitting Diodes: Research, Manufacturing, and Applications IV, H. Walter Yao, Ian T. Ferguson, E. Fred Schubert, Proceedings of SPIE Vol. 3938 (2000) | DEFS00000238 | DEFS00000245 | | IR, PREJ, HS |
| 4047 | 07/00/00 | Haitz et al., The Case for a National Research Program on Semiconductor Lighting, Sandia National Lab'ys (July 2000)  (DTX-3688) | DEFS00000246 | DEFS00000269 | | IR, PREJ, HS |
| 4048 | 00/00/98 | Höffler et al., High-flux high-efficiency transparent substrate AIGalnP/GaP light-emitting diodes, 34 Elec. Letters 1781 (1998) (DTX-3691) | DEFS00001889 | DEFS00001890 | | IR, PREJ, HS |
| 4049 | 00/00/98 | Höfler et al., *High-flux, high-efficiency transparent-substrate AlGaInP-GaP light-emitting diodes*  (1998) | DEFS00000270 | DEFS00000271 | | IR, PREJ, HS |
| 4050 | 04/00/01 | Holt, *Power LEDs to plug gap to adoption of white lighting* , Optoelectronics 14(3) (April 2001) | DEFS00002099 | DEFS00002102 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4051 | 03/15/99 | HP 1999 Press Release: HP Introduces White LEDs with Color-Temperature Grading (DTX-3733) | DEFS00001891 | DEFS00001893 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4052 | 00/00/97 | Kozodoy et al., *MOCVD Growth of High Output Power Ingan Multiple Quantum Well Light Emitting Diode* , Mat. Res. Soc. Symp. Proc., 468:481-486 (1997) | DEFS00000272 | DEFS00000277 | | IR, PREJ, HS |
| 4053 | 12/01/98 | KR 0153189 B1 English Text | DEFS00000282 | DEFS00000284 | | IR, PREJ, WF, LF, LA, HS |

**CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,**
**C.A. No. 1:20-cv-00690-MN (D.Del.)**
**OSRAM's and LEDVANCE's Bench Trial Exhibit List**

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4054 | 12/01/98 | KR 0153189 B1 Original Document | DEFS00000278 | DEFS00000281 | | IR, PREJ, WF, LF |
| 4055 | 06/22/05 | Krames et al., High-brightness A1GaInN light-emitting diodes, Invited Paper in Light-Emitting Diodes: Research, Manufacturing and Applications IV, H. Walter Yao, Ian T. Ferguson, E. Fred Schubert, Editors, Proceedings of SPIE Vol. 3938 (2000) (DTX-3689) | DEFS00000285 | DEFS00000295 | Shealy Ex. 32 | IR, PREJ, HS |
| 4056 | 07/00/77 | Kurata, *Near-Infrared High-Power LEDefts' with Ga1-xAlxAs Epitaxially Grown Junctions*, IEEE Journal of Quantum Electronics, QE-13(7):525-531 (July 1977) | DEFS00000296 | DEFS00000302 | | IR, PREJ, HS |
| 4057 | | *LED Lamps, Lanterns and Fixtures,* https://web.archive.org/web/20010611063711/http://www.theledlight.com/led-fixtures html | DEFS00002114 | DEFS00002116 | | IR, PREJ, HS, LF, LA |
| 4058 | 00/00/00 | LEDtronics, Inc. 2000 Brochure | DEFS00002117 | DEFS00002132 | | IR, PREJ, LF, HS |
| 4059 | 12/01/00 | LEDtronics, Inc. A19 DecorLED Edison Based Lamps | DEFS00002134 | DEFS00002134 | | IR, PREJ, LF, HS |
| 4060 | | LEDtronics, Inc. A19 DecorLED Solid State Lamps | DEFS00002133 | DEFS00002133 | | IR, PREJ, LF, HS |
| 4061 | 00/00/01 | Lightfair Report 2001, Architectural Lighting (2001)  (DTX-3737) | DEFS00001981 | DEFS00001982 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4062 | 09/00/99 | Lu, *A Study of Lubricants on Silver Flakes for Microelectronics Conductive Adhesives,* IEEE Transactions on Components and Packaging Technology, 22(3):365-371 (Sept. 1999) | DEFS00000303 | DEFS00000309 | | IR, PREJ, HS |
| 4063 | 00/00/00 | *Lumileds Home*, https://web.archive.org/web/20010224172200/http://www.lumileds.com | DEFS00001906 | DEFS00001906 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4064 | 02/13/01 | *Lumileds Lighting Announces Breakthrough in LED Performance*, EC Online (Feb. 13, 2001) | DEFS00001905 | DEFS00001905 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4065 | 07/01/01 | *LumiLeds Lighting Launches Multi-format Luxeon Light Source*, Compound Semiconductor (July 1, 2001), https://compoundsemiconductor net/article/82406/LumiLeds_Lighting_launches_multi-format_Luxeon_light_sources_(LED_News) ("Multi-format Luxeon") | DEFS00000312 | DEFS00000325 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4066 | | Luxeon - LXHLMW1C images | DEFS00000370 | DEFS00000373 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4067 | 05/00/01 | Luxeon Star Power Light Source Data Sheet (DTX-3743) | DEFS00000374 | DEFS00000382 | | LF, SJ, IR, PREJ, LPK, HS, LA |

**CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,**
**C.A. No. 1:20-cv-00690-MN (D.Del.)**
**OSRAM's and LEDVANCE's Bench Trial Exhibit List**

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4068 | 00/00/00 | Marinelli et al., *Investigation on the Gain-Switching of GaInN MQW Laser Diodes,* Light Emitting Diodes: Research, Manufacturing, and Applications IV, H. Walter Yao, Ian T. Ferguson, E. Fred Schubert, Proceedings of SPIE Vol. 3938 (2000) | DEFS00000383 | DEFS00000390 | | IR, PREJ, HS |
| 4069 | 00/00/00 | Marinelli et al., *Investigation on the Gain-Switching of GaInN MQW Laser Diodes,* Light Emitting Diodes: Research, Manufacturing, and Applications IV, H. Walter Yao, Ian T. Ferguson, E. Fred Schubert, Proceedings of SPIE Vol. 3938 (2000) | DEFS00000400 | DEFS00000408 | | IR, PREJ, HS |
| 4070 | | Martin, High Power White LED Technology for Solid State Lighting, Lumleds Lighting LLC Company (DTX-3753) | DEFS00001988 | DEFS00002027 | | IR, PREJ, HS |
| 4071 | 00/00/93 | Melton, *Alternatives of Lead Bearing Solder Alloys* , IEEE 94-97 (1993) | DEFS00000391 | DEFS00000394 | | IR, PREJ, HS |
| 4072 | 12/18/00 | Morrison, Brighter LEDs Signal Longer Life and Lower Power for Lighting Applications, Electronic Design (Dec. 18, 2000) (DTX-3692) | DEFS00001894 | DEFS00001899 | | IR, PREJ, HS |
| 4073 | 5/5/01 - 5/9/01 | Mundlein et al., *Conductive Adhesive - An Alternative to Solder in SMT* , 24th International Spring Seminar on Electronics Technology, Calimanesti-Caciulata, Romania (May 5-9, 2001) | DEFS00000395 | DEFS00000399 | | IR, PREJ, HS |
| 4074 | 01/00/00 | Narendran et al., Characterizing White LEDs for General Illumination Applications, Light- Emitting Diodes: Research, Manufacturing, and Applications IV (Proceedings of SPIE), presented at SPIE's Photonics West Conference, January 23-28, 2000, San Jose, CA (DTX-3690) | DEFS00000423 | DEFS00000699 | | IR, PREJ |
| 4075 | 00/00/85 | Oplia and Sinclair, *Electrical Reliability of Silver Filled Epoxies for Die Attach* , AT&T Bell Laboratories (1985) | DEFS00000409 | DEFS00000417 | | IR, PREJ, HS |
| 4076 | 03/30/00 | PCT Appl. Publication No. WO 00/17569 ("Begemann WO '7569") (DTX-3792) | DEFS00001734 | DEFS00001749 | | IR, PREJ |
| 4077 | 12/14/00 | PCT Appl. Publication No. WO 00/74975 ("Pederson") | DEFS00001750 | DEFS00001830 | | IR, PREJ |
| 4078 | 04/05/01 | PCT Appl. Publication No. WO 01/24583 A1 ("Choi") | DEFS00001831 | DEFS00001851 | | IR, PREJ, WF |
| 4079 | 06/07/01 | PCT Appl. Publication No. WO 01/40702 A1 ("Tarsa") | DEFS00001852 | DEFS00001888 | | IR, PREJ, WF |
| 4080 | 06/28/01 | PCT Appl. Publication No. WO 01/47036 A1 ("Krames") | DEFS00001931 | DEFS00001980 | | IR, PREJ, WF |
| 4081 | 11/11/99 | PCT Appl. Publication No. WO 99/57945 ("Allen") (DTX-3629) | DEFS00001713 | DEFS00001733 | Benya Ex. 8 | IR, PREJ |
| 4082 | 00/00/96 | Pitts, *A View of Electronic Products Disposition,* 1966 Electronics Industry Environmental Roadmap (1996) | DEFS00000418 | DEFS00000422 | | IR, PREJ, WF, HS |
| 4083 | 11/10/00 | RU2158876C1 English Machine Translation | DEFS00000700 | DEFS00000722 | | IR, PREJ, WF, LF, LA, HS |
| 4084 | 11/10/00 | RU2158876C1 Original Document | DEFS00000723 | DEFS00000731 | | IR, PREJ, WF, LF |
| 4085 | 05/00/95 | Rusanen and Lenkkeri, *Reliability Issues of Replacing Solder with Conductive Adhesives in Power Modules,* IEEE Transactions on Components, Packaging, and Manufacturing Technology - Part B., Vol. 18(2): 320-325 (May 1995) | DEFS00000732 | DEFS00000737 | | IR, PREJ, HS |
| 4086 | 09/00/00 - 10/00/00 | Savage et al., *LEDs Light the Future* , Techology Review (Sept./Oct. 2000) | DEFS00002158 | DEFS00002163 | | IR, PREJ, HS |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

CONFIDENTIAL

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4087 | 8/2/2001 | Schweber, LEDs move from indication to illumination, www.endmag.com, 75-82 (August 2, 2001) ("Schweber") (DTX-3793) | DEFS00000738 | DEFS00000742 | McCarthy Ex. 108 | IR, PREJ |
| 4088 | 00/00/96 | Segerberg and Hedemalm, *Life Cycle Assessment of Tin-Lead Solder and Silver-Epoxy Conductive Adhesive*, IEEE (1996) | DEFS00000743 | DEFS00000744 | | IR, PREJ, HS |
| 4089 | 00/00/01 | Shimada et al ., *Medical Lighting Composed of LEDs Arrays* , Light-Emitting Diodes: Research, Manufacturing, and Applications, V.H. Walter Yao, E. Fred Schubert, Editors, Proceedings of SPIE Vol. 4278 (2001) | DEFS00002142 | DEFS00002150 | | IR, PREJ, HS |
| 4090 | 02/09/01 | Silkwood, *LumiLeds Lighting Announces Another Breakthrough in LED Performance* , LumiLeds Lighting (Feb. 9, 2001) | DEFS00000310 | DEFS00000311 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4091 | 02/26/01 | Silkwood, *LumiLeds Lighting Produces 17 Lumen White LED* , Compound Semiconductor (Feb. 26, 2001) | DEFS00000326 | DEFS00000339 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4092 | 00/00/01 | Taguchi et al., *Application of White LED Lighting to Energy-Saving Type Street Lamps* , Light-Emitting Diodes: Research, Manufacturing, and Applications, V.H. Walter Yao, E. Fred Schubert, Editors, Proceedings of SPIE Vol. 4278 (2001) | DEFS00002151 | DEFS00002157 | | IR, PREJ, HS |
| 4093 | 00/00/99 | Takezawa et al., *Development of Solderless Joining Technologies Using Conductive Adhesives,* 1999 International Symposium on Advanced Packaging Materials (1999) | DEFS00000745 | DEFS00000749 | | IR, PREJ, HS |
| 4094 | 12/00/85 | Tanabe et al., *High-Accuracy Die-Bonding Technology for LED Array,* IEEE Transactions on Components, Hybrids, and Manufacturing Technology, Vol. CHMT08(4):500-754 (Dec. 1985) | DEFS00000750 | DEFS00000754 | | IR, PREJ, HS |
| 4095 | 11/29/01 | U.S. Patent Application Publication No. 2001/0045573 ("Waitl 573") | DEFS00001607 | DEFS00001614 | | IR, PREJ, WF, LF |
| 4096 | 06/13/02 | U.S. Patent Application Publication No. 2002/0070681A1 ("Shimizu 681") | DEFS00001615 | DEFS00001648 | | IR, PREJ, WF, LF |
| 4097 | 06/27/02 | U.S. Patent Application Publication No. 2002/0079505A1 ("Becker") | DEFS00001649 | DEFS00001653 | | IR, PREJ, WF, LF |
| 4098 | 10/17/02 | U.S. Patent Application Publication No. 2002/0149312A1 ("Roberts") | DEFS00001654 | DEFS00001680 | | IR, PREJ, WF, LF |
| 4099 | 10/31/02 | U.S. Patent Application Publication No. 2002/0159490A1 ("Karwacki") | DEFS00001681 | DEFS00001687 | | IR, PREJ, WF, LF |
| 4100 | 12/12/02 | U.S. Patent Application Publication No. 2002/0187571 A1 ("Collins") | DEFS00001913 | DEFS00001930 | | IR, PREJ, WF, LF |
| 4101 | 02/13/03 | U.S. Patent Application Publication No. 2003/0031028A1 ("Murray") | DEFS00001688 | DEFS00001706 | | IR, PREJ, WF, LF |
| 4102 | 05/25/71 | U.S. Patent No. 3,581,162 ("Wheatley") | DEFS00000755 | DEFS00000758 | | IR, PREJ, WF, LF |
| 4103 | 08/22/72 | U.S. Patent No. 3,686,543("Nyul") | DEFS00000759 | DEFS00000766 | | IR, PREJ, WF, LF |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4104 | 03/05/74 | U.S. Patent No. 3,795,830 ("Richardson") | DEFS00000767 | DEFS00000770 | | IR, PREJ, WF, LF |
| 4105 | 07/08/80 | U.S. Patent No. 4,211,955 ("Ray") | DEFS00000771 | DEFS00000775 | | IR, PREJ, WF, LF |
| 4106 | 09/15/81 | U.S. Patent No. 4,290,095 ("Schmidt") | DEFS00000776 | DEFS00000782 | | IR, PREJ, WF, LF |
| 4107 | 12/16/86 | U.S. Patent No. 4,630,183 ("Fujita") | DEFS00000783 | DEFS00000789 | | IR, PREJ, WF, LF |
| 4108 | 02/23/88 | U.S. Patent No. 4,727,289 ("Uchida") | DEFS00000790 | DEFS00000794 | | IR, PREJ, WF, LF |
| 4109 | 08/23/88 | U.S. Patent No. 4,766,470 ("Scholl") (DTX-3633) | DEFS00000795 | DEFS00000805 | | IR, PREJ, WF, LF |
| 4110 | 11/08/88 | U.S. Patent No. 4,783,726 ("Wang") | DEFS00000806 | DEFS00000814 | | IR, PREJ, WF, LF |
| 4111 | 01/05/93 | U.S. Patent No. 5,177,407 ("Godyak") | DEFS00000815 | DEFS00000820 | | IR, PREJ, WF, LF |
| 4112 | 01/11/94 | U.S. Patent No. 5,278,432 ("Ignatius et al.") | DEFS00000821 | DEFS00000832 | | IR, PREJ, WF, LF |
| 4113 | 09/20/94 | U.S. Patent No. 5,349,599 ("Larkins") | DEFS00000833 | DEFS00000882 | | IR, PREJ, WF, LF |
| 4114 | 05/09/95 | U.S. Patent No. 5,414,281 ("Watabe") | DEFS00000883 | DEFS00000894 | | IR, PREJ, WF, LF |
| 4115 | 10/31/95 | U.S. Patent No. 5,463,280 ("Johnson") | DEFS00000895 | DEFS00000904 | | IR, PREJ, WF, LF |
| 4116 | 07/09/96 | U.S. Patent No. 5,535,230 ("Abe") (DTX-3638) | DEFS00000905 | DEFS00000917 | | IR, PREJ, IOP, NP |
| 4117 | 10/01/96 | U.S. Patent No. 5,561,346 ("Byrne") | DEFS00000918 | DEFS00000924 | | IR, PREJ, WF, LF |
| 4118 | 11/18/97 | U.S. Patent No. 5,688,042 ("Madadi") | DEFS00000925 | DEFS00000933 | | IR, PREJ, WF, LF |
| 4119 | 03/10/98 | U.S. Patent No. 5,726,535 ("Yan") | DEFS00000934 | DEFS00000942 | | IR, PREJ, WF, LF |
| 4120 | 03/17/98 | U.S. Patent No. 5,728,090 ("Martin") | DEFS00000943 | DEFS00000952 | | IR, PREJ, WF, LF |
| 4121 | 07/07/98 | U.S. Patent No. 5,777,350 ("Nakamura 350") (DTX-3634) | DEFS00000953 | DEFS00000984 | | IR, PREJ |
| 4122 | 08/25/98 | U.S. Patent No. 5,798,537 ("Nitta") | DEFS00000985 | DEFS00000995 | | IR, PREJ, WF, LF |
| 4123 | 09/15/98 | U.S. Patent No. 5,806,965 ("Deese") | DEFS00000996 | DEFS00001007 | | IR, PREJ, WF, LF |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4124 | 11/17/98 | U.S. Patent No. 5,838,707 ("Ramdani") | DEFS00001008 | DEFS00001015 | | IR, PREJ, WF, LF |
| 4125 | 12/15/98 | U.S. Patent No. 5,850,126 ("Kanbar") | DEFS00001016 | DEFS00001023 | | IR, PREJ, WF, LF |
| 4126 | 01/12/99 | U.S. Patent No. 5,857,767 ("Hochstein 767") | DEFS00001024 | DEFS00001031 | | IR, PREJ, WF, LF |
| 4127 | 08/03/99 | U.S. Patent No. 5,931,570 ("Yamuro") | DEFS00001032 | DEFS00001049 | | IR, PREJ, WF, LF |
| 4128 | 09/07/99 | U.S. Patent No. 5,949,347 ("Wu") | DEFS00001050 | DEFS00001066 | | IR, PREJ, WF, LF |
| 4129 | 09/28/99 | U.S. Patent No. 5,959,316 ("Lowery 316") | DEFS00001067 | DEFS00001071 | | IR, PREJ, WF, LF |
| 4130 | 11/16/99 | U.S. Patent No. 5,984,494A ("Chapman") | DEFS00001072 | DEFS00001088 | | IR, PREJ, WF, LF |
| 4131 | 12/07/99 | U.S. Patent No. 5,998,925 ("Shimizu") (DTX-3645) | DEFS00001089 | DEFS00001130 | | IR, PREJ |
| 4132 | 01/18/00 | U.S. Patent No. 6,015,979 ("Sugiura") | DEFS00001131 | DEFS00001160 | Shealy Ex. 33 | IR, PREJ, DB, IOP |
| 4133 | 04/04/00 | U.S. Patent No. 6,045,240 ("Hochstein 240") | DEFS00001161 | DEFS00001171 | | IR, PREJ, WF, LF |
| 4134 | 11/14/00 | U.S. Patent No. 6,147,367A ("Yang") | DEFS00001172 | DEFS00001191 | | IR, PREJ, WF, LF |
| 4135 | 12/12/00 | U.S. Patent No. 6,160,833 ("Floyd") (DTX-3632) | DEFS00001192 | DEFS00001199 | | IR, PREJ |
| 4136 | 03/13/01 | U.S. Patent No. 6,200,134 ("Kovac") | DEFS00001200 | DEFS00001210 | | IR, PREJ, WF, LF |
| 4137 | 03/20/01 | U.S. Patent No. 6,204,523 ("Carey") (DTX-3687) | DEFS00001907 | DEFS00001912 | | IR, PREJ, WF, LF |
| 4138 | 04/24/01 | U.S. Patent No. 6,220,722 ("Begemann 722") (DTX-3126) | DEFS00001211 | DEFS00001218 | Cao Ex. 117; McCarthy Ex. 107 | SJ, NRJ, IR, PREJ |
| 4139 | 05/08/01 | U.S. Patent No. 6,227,679 ("Zhang") | DEFS00001219 | DEFS00001224 | | IR, PREJ, WF, LF |
| 4140 | 06/26/01 | U.S. Patent No. 6,252,350 ("Alvarez") | DEFS00001225 | DEFS00001243 | | IR, PREJ, WF, LF |
| 4141 | 08/14/01 | U.S. Patent No. 6,274,924 ("Carey") | DEFS00002040 | DEFS00002047 | | IR, PREJ, WF, LF |
| 4142 | 09/11/01 | U.S. Patent No. 6,287,947 ("Ludowise") | DEFS00001244 | DEFS00001263 | | IR, PREJ, WF, LF |
| 4143 | 02/12/02 | U.S. Patent No. 6,346,771 ("Salam") | DEFS00001264 | DEFS00001276 | | IR, PREJ, WF, LF |
| 4144 | 02/26/02 | U.S. Patent No. 6,350,041 ("Tarsa") | DEFS00001277 | DEFS00001290 | | IR, PREJ, WF, LF |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4145 | 08/06/02 | U.S. Patent No. 6,428,189 ("Hochstein 189") | DEFS00001291 | DEFS00001297 | | IR, PREJ, WF, LF |
| 4146 | 08/20/02 | U.S. Patent No. 6,436,771 ("Jang") | DEFS00001298 | DEFS00001306 | | IR, PREJ, WF, LF |
| 4147 | 08/27/02 | U.S. Patent No. 6,439,888 ("Boutoussov") | DEFS00001307 | DEFS00001320 | | IR, PREJ, WF, LF |
| 4148 | 09/17/02 | U.S. Patent No. 6,452,217 ("Wojnarowski '217") (DTX-3636) | DEFS00001321 | DEFS00001337 | | IR, PREJ |
| 4149 | 10/08/02 | U.S. Patent No. 6,461,029 ("Gronemeier") | DEFS00001338 | DEFS00001346 | | IR, PREJ, WF, LF |
| 4150 | 01/07/03 | U.S. Patent No. 6,504,301 ("Lowery 301") | DEFS00001347 | DEFS00001357 | | IR, PREJ, WF, LF |
| 4151 | 01/21/03 | U.S. Patent No. 6,509,651 ("Matsubara '651") (DTX-3642) | DEFS00001358 | DEFS00001384 | | IR, PREJ, WF, LF |
| 4152 | 02/11/03 | U.S. Patent No. 6,517,218B2 ("Hochstein 218") | DEFS00001385 | DEFS00001391 | | IR, PREJ, WF, LF |
| 4153 | 02/25/03 | U.S. Patent No. 6,523,978 ("Huang") | DEFS00001392 | DEFS00001400 | | IR, PREJ, WF, LF |
| 4154 | 04/01/03 | U.S. Patent No. 6,542,532 ("Nakamura '532") (DTX-3635) | DEFS00001401 | DEFS00001421 | | IR, PREJ |
| 4155 | 06/17/03 | U.S. Patent No. 6,580,228 ("Chen") | DEFS00001422 | DEFS00001434 | | IR, PREJ, WF, LF |
| 4156 | 07/22/03 | U.S. Patent No. 6,597,716 ("Takatani") | DEFS00001435 | DEFS00001452 | | IR, PREJ, WF, LF |
| 4157 | 08/12/03 | U.S. Patent No. 6,606,333 ("Kadota") | DEFS00001453 | DEFS00001460 | | IR, PREJ, WF, LF |
| 4158 | 08/19/03 | U.S. Patent No. 6,608,332 ("Shimizu 332") | DEFS00001461 | DEFS00001499 | | IR, PREJ, WF, LF |
| 4159 | 10/14/03 | U.S. Patent No. 6,633,120 ("Salam") | DEFS00001500 | DEFS00001531 | | IR, PREJ, WF, LF |
| 4160 | 10/21/03 | U.S. Patent No. 6,635,987 ("Wojnarowski 987") | DEFS00001532 | DEFS00001545 | | IR, PREJ, WF, LF |
| 4161 | 04/13/04 | U.S. Patent No. 6,719,446 ("Cao") (DTX-3178) | DEFS00002575 | DEFS00002596 | Defts' SJ Ex. 103; McCarthy Ex. 102 | SJ, NRJ, IR, PREJ |
| 4162 | 10/05/04 | U.S. Patent No. 6,799,864B2 ("Bohler") | DEFS00001546 | DEFS00001554 | | IR, PREJ, WF, LF |
| 4163 | 10/19/04 | U.S. Patent No. 6,806,583 ("Koay") | DEFS00001555 | DEFS00001572 | | IR, PREJ, WF, LF |
| 4164 | 01/22/08 | U.S. Patent No. 7,320,593 ("Ostler") (DTX-3643) | DEFS00001573 | DEFS00001606 | | IR, PREJ |
| 4165 | 01/11/00 | U.S. Patent No. Des. 418,928 ("Zhang") | DEFS00001707 | DEFS00001708 | | IR, PREJ, WF, LF |
| 4166 | | *Intentionally Omitted - Duplicate* | | | | |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

CONFIDENTIAL

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4167 | | *White LED Clusters or Arrays, 12 VDC Dimmers and 5 mm LED Reflectors* , https://web.archive.org/web/20010808155935/http://www.theledlight.com:80/led-assemblies.html | DEFS00002109 | DEFS00002113 | | IR, PREJ, HS, LF, LA |
| 4168 | 05/28/01 | Wierer, High-Power AlGaInN Flip-Chip Light-Emitting Diodes, Applied Physics Letters, 78(22):3379-81 (May 28, 2001) ("Wierer II") (DTX-3125) | DEFS00001709 | DEFS00001712 | Cao Ex. 116 | NRJ, IR, PREJ, SJ, HS |
| 4169 | | U.S. Patent Application No. 09/938,777 File History (DTX-3180) | DEFS00002164 | DEFS00002377 | McCarthy Ex. 105 | IC |
| 4170 | 8/26/13 - 10/22/14 | 95/000,680 Reexamination of U.S. Patent No. 6,465,961 File History ("'680 Reexam") (DTX-3004) | CAO_DE_000378 | CAO_DE_001873 | | IC |
| 4170-A | 09/13/12 | '680 Reexam Excerpt: Corrected Request for Inter Parte Reexamination of U.S. Patent No. 6,465,961 | CAO_DE_000432 | CAO_DE_000575 | | IC |
| 4170-B | 12/07/12 | '680 Reexam Excerpt: Order Granting/Denying Request for Inter Partes Reexamination | CAO_DE_000621 | CAO_DE_000658 | Defts' SJ Ex. 42 (Excerpts) | IC |
| 4170-C | 01/02/14 | '680 Reexam Excerpt: Reexam Non-Final Office Action | CAO_DE_000755 | CAO_DE_000846 | Defts' SJ Ex. 88 | IC |
| 4170-D | 03/03/14 | '680 Reexam Excerpt: Amendment A and Response to Non-Final Office Action | CAO_DE_000888 | CAO_DE_000895 | Defts' SJ Ex. 89 | IC |
| 4170-E | 04/01/14 | '680 Reexam Excerpt: Information Disclosure Statement | CAO_DE_001190 | CAO_DE_001195 | Defts' SJ Ex. 110 | IC |
| 4170-F | 06/03/14 | '680 Reexam Excerpt: Third Party Comments After Patent Owner Response | CAO_DE_001318 | CAO_DE_001368 | Defts' SJ Ex. 111 | IC |
| 4170-G | 03/22/17 | '680 Reexam Excerpt: Notice of Intent to Issue Inter Partes Reexamination Certificate | CAO_DE_001858 | CAO_DE_001864 | | IC |
| 4171 | 9/14/12 - 5/11/17 | 95/002,324 Reexamination of U.S. Patent No. 6,465,961 File History ("'324 Reexam") (DTX-3003) | CAO_DE_002444 | CAO_DE_004317 | | IC |
| 4171-A | 04/01/14 | '324 Reexam Excerpt: Information Disclosure Statement | CAO_DE_003367 | CAO_DE_003367 | Gadd Ex. 8 | IC |
| 4171-B | 06/03/14 | '324 Reexam Excerpt: Third Party Comments After Patent Owner Response | CAO_DE_003668 | CAO_DE_003718 | Gadd Ex. 11 | IC |
| 4171-C | 05/13/15 | '324 Reexam Excerpt: Action Closing Prosecution (Excerpt) | CAO_DE_003834 | CAO_DE_003839 | Gadd Ex. 3 | IC |
| 4171-D | 05/13/15 | '324 Reexam Excerpt: Action Closing Prosecution | CAO_DE_003834 | CAO_DE_003871 | Gadd Ex. 9 | IC |
| 4171-E | 10/28/15 | '324 Reexam Excerpt: Right of Appeal Notice | CAO_DE_004033 | CAO_DE_004033 | Gadd Ex. 10 | IC |
| 4171-F | 04/01/14 | '324 Reexam Excerpt: Third Party Comments After Patent Owner Response | CAO_DE_003397 | CAO_DE_003446 | | IC |
| 4171-G | 03/22/17 | '324 Reexam Excerpt: Notice of Intent to Issue Inter Partes Reexamination Certificate | CAO_DE_004302 | CAO_DE_004308 | | IC |
| 4172 | 8/26/13 - 10/22/14 | 90/012,957 Reexamination of U.S. Patent No. 6,465,961 File History ("'957 Reexam") (DTX-3002) | CAO_DE_004318 | CAO_DE_008396 | | IC |
| 4172-A | 01/23/14 | '957 Reexam Excerpt: Non-Final Office Action | CAO_DE_004843 | CAO_DE_004870 | Defts' SJ Ex. 86 | IC |
| 4172-B | 03/24/14 | '957 Reexam Excerpt: Remarks | CAO_DE_004995 | CAO_DE_005003 | Gadd Ex. 6 | IC |
| 4172-C | 03/24/14 | '957 Reexam Excerpt: Amendment A and Response to Non-Final Office Action mailed January 23, 2014 | CAO_DE_005015 | CAO_DE_005032 | Defts' SJ Ex. 87 | IC |
| 4172-D | 03/25/14 | '957 Reexam Excerpt: Information Disclosure Statement (IDS) | CAO_DE_005035 | CAO_DE_005055 | Defts' SJ Ex. 106 | IC |
| 4172-E | 06/18/14 | '957 Reexam Excerpt: Reexam Final Rejection | CAO_DE_008211 | CAO_DE_008235 | Gadd Ex. 5 | IC |
| 4172-F | 07/10/14 | '957 Reexam Excerpt: Amendment B and Response to Final Office Action | CAO_DE_008332 | CAO_DE_008367 | Gadd Ex. 12 | IC |

**CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,**
**C.A. No. 1:20-cv-00690-MN (D.Del.)**
**OSRAM's and LEDVANCE's Bench Trial Exhibit List**

CONFIDENTIAL

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4172-G | 07/23/14 | '957 Reexam Excerpt: Notice of Intent to Issue Ex Parte Reexamination Certificate | CAO_DE_008370 | CAO_DE_008375 | Defts' SJ Ex. 112 | IC |
| 4172-H | 03/24/14 | '957 Reexam Excerpt: Status of Claims and Support for Claim Amendments | CAO_DE_004982 | CAO_DE_004994 | | IC |
| 4173 | 00/00/62 | N. Holonyak, Jr. and S.F. Bevacqua, Applied Physics Letters 1, 82 (1962) (DTX-3617) | | | Krames Op. Rep. Ex. 1 | IR, PREJ, HS, IL, IC |
| 4174 | | Edison Tech Center - Nick Holonyak Jr. - Engineering Hall of Fame https://edisontechcenter.org/holonyak html (DTX-3618) | | | Krames Op. Rep. Ex. 2 | IR, PREJ, HS |
| 4175 | | Nick Holonyak, Jr. -- Britannica Online Encyclopedia https://www.britannica.com/biography/Nick-Holonyak-Jr (DTX-3619) | | | Krames Op. Rep. Ex. 3 | IR, PREJ, HS |
| 4176 | 02/00/01 | Scientific American, Vol. 284, No. 2 (Feb. 2001) (DTX-3620) | | | Krames Op. Rep. Ex. 4 | IR, PREJ |
| 4177 | | Shuji Nakamura -- Britannica Online Encyclopedia https://www.britannica.com/biography/Shuji-Nakamura (DTX-3621) | | | Krames Op. Rep. Ex. 5 | IR, PREJ, HS |
| 4178 | | Luminous efficiency function – Wikipedia https://en.wikipedia.org/wiki/Luminous_efficiency_function (DTX-3622) | | | Krames Op. Rep. Ex. 6 | IR, PREJ, HS |
| 4179 | | LED Basics _ Department of Energy https://www.energy.gov/eere/ssl/led-basics (DTX-3623) | | | Krames Op. Rep. Ex. 7 | IR, PREJ, HS |
| 4180 | | P. Schlotter, R. Schmidt, and J. Schneider, "Luminescence conversion of blue light emitting diodes," Applied Physics A, Vol. 64 (1997) (DTX-3624) | | | Krames Op. Rep. Ex. 8 | IR, PREJ, HS |
| 4181 | | J. J. Wierer et al., "High-power AllnGaN light-emitting diodes," Proc. SPIE 4278, Light-Emitting Diodes: Research, Manufacturing, and Applications V, (14 May 2001). (DTX-3625) | | | Krames Op. Rep. Ex. 9 | IR, PREJ |
| 4182 | 11/14/03 | Ledtronics.com-Media-PressRelease:  3200K Warm Incandescent-White LEDs and LED Lamps Bring Warmth to Solid-State Lighting, https://www.ledtronics.com/Media/PressReleases.aspx?pressID=77 (DTX-3626) | | | Krames Op. Rep. Ex. 10 | IR, PREJ, HS |
| 4183 | 05/00/01 | Technical Data Luxeon Power Light Source, LUMILEDS LIGHTING (May 2001), http://www.resurgentsoftware.com/LuxeonStarDataSheet.pdf (DTX-3627) | | | Krames Op. Rep. Ex. 11 | LF, SJ, PREJ, LPK, HS, LA |
| 4184 | | G. Bogner et al., "White LED," Proc. SPIE 3621, Light-Emitting Diodes: Research, Manufacturing, and Applications III, (14 April 1999) ("Bogner") (DTX-3693) | | | Krames Op. Rep. Ex. 12 | IR, PREJ, HS |
| 4185 | 00/00/97 | RE Denton et al., "The determination of the optical constants of thin films from measurements of reflectance and transmittance at normal incidence," Journal of Applied Physics D: Applied Physics, (1972) ("RE Denton") (DTX-3628) | | | Krames Op. Rep. Ex. 13 | IR, PREJ, HS |
| 4186 | | Kitai, "Materials for Solid State Lighting and Displays," Wiley Series in Materials for Electronic and Optoelectronic Applications, www.wiley.com/go/meoa (2017). | | | Krames Op. Rep. Ex. 16 | IR, PREJ, HS, IC |
| 4187 | | Krames, Chapter 7 "Light Emitting Diode Materials and Devices," Wiley Series in Materials for Electronic and Optoelectronic Applications, www.wiley.com/go/meoa (2017). | | | Krames Op. Rep. Ex. 17 | IR, PREJ, HS, IC |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4192 | 02/26/13 | Distributorship Agreement between CAO Group, Inc. and Brilliance LED, LLC | BLED-0138 | BLED-0148 | Gold Ex. 3 | LF, IR, LPK, SJ |
| 4194 | Various | U.S. Patent Application No. 09/939,340 File History Excerpts (DTX-3124) | CAO-000030 | CAO-000153 | Cao Ex. 115; McCarthy Ex. 104 | IC, LF |
| 4195 | 08/28/02 | U.S. Patent Application No. 09/939,488 File History Excerpt: Office Action responsive to communication filed on August 24, 2001 (DTX-3181) | CAO-000461 | CAO-000472 | McCarthy Ex. 106 | IC, LF |
| 4196 | 01/01/14 | Data Sheet - Dynasty G4 Bi-Pin LED Lamp | CAO-007497 | CAO-007498 | Cao Ex. 96 | SJ, IR, PREJ |
| 4198 | | Dynasty® LED Omni Light, 801 Series | CAO007468 | CAO007469 | | SJ, IOP, IR, PREJ |
| 4200 | 12/31/11 | Nonexclusive Patent License and Settlement Agreement (DTX-3024) | CAO007625 | CAO007639 | Cao Ex. 11 | LF, HS, IR, PREJ |
| 4201 | 10/12/15 | Nonexclusive Patent License between CAO Group, Inc. and Epistar Corporation (DTX-3030) | CAO007641 | CAO007652 | Cao Ex. 18 | LF, HS, IR, PREJ |
| 4202 | 01/12/11 | Patent License Agreement between CAO and Invenlux Group Ltd. | CAO007653 | CAO007663 | Cao Ex. 9; Kindler Ex. 6 | LF, HS, IR, PREJ |
| 4204 | | CAO Solid State Lighting Catalog | CAO007712 | CAO007743 | Cao Ex. 83; Defts' SJ Ex. 4 | SJ, IR, PREJ |
| 4205 | 01/01/14 | Data Sheet - Dynasty G4 Bi-Pin LED Lamp | CAO007749 | CAO007750 | Cao Ex. 84 | SJ,, IR, PREJ |
| 4206 | 12/31/14 - 12/31/18 | CAO Lighting Balance Sheet, Periods Ending Dec. 31, 2014 - Dec. 31, 2018 (DTX-3117) | CAO007765 | CAO007765 | Cao Ex. 107.xls | LF, IR, NRJ , PREJ |
| 4207 | 07/12/15 | Patent Purchase Agreement between CAO Group, Inc. and Epistar Corporation (DTX-3025) | CAO007932 | CAO007943 | Cao Ex. 12; Defts' SJ Ex. 69 | LF, IR, NRJ , PREJ |
| 4208 | 07/12/15 | Patent Purchase Agreement between CAO Group, Inc. and Epistar Corporation (DTX-3026) | CAO007944 | CAO007955 | Cao Ex. 13; Kindler Ex. 10 | LF, HS, IR, PREJ |
| 4209 | 10/08/15 | LED Corn Light Distribution and Manufacturing Agreement between CAO Lighting Inc. and Shenzhen IDO Lighting Co., Ltd | CAO008917 | CAO008923 | Cao Ex. 17 | LF, HS, IR, PREJ |
| 4210 | 10/14/16 | Second Amendment to Patent Purchase Agreement between CAO Group, Inc. and Epistar Corporation (DTX-3028) | CAO008924 | CAO008925 | Cao Ex. 15 | LF, IR, NRJ, PREJ |
| 4211 | 06/15/16 | First Amendment to Patent Purchase Agreement between CAO Group, Inc. and Epistar Corporation (DTX-3027) | CAO008926 | CAO008931 | Cao Ex. 14; Kindler Ex. 11 | LF, HS, IR, PREJ |
| 4212 | 08/26/19 | Third Amendment to Patent Purchase Agreement between CAO Group, Inc. and Epistar Corporation (DTX-3029) | CAO008932 | CAO008934 | Cao Ex. 16 | LF, HS, IR, PREJ |
| 4213 | | Photo - Components | CAO008935 | CAO008935 | Cao Ex. 108 | IR, PREJ |
| 4214 | 05/30/19 | Deposition Transcript of John Gadd (*CAO Lighting v. TADD LLC*, Case No. N.D.Ill. 1:17-cv-07359) | CAO009115 | CAO009216 | | NRJ, IR, PREJ, SJ, MIL, ID, HS |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4215 | 10/15/02 | U.S. Patent No. 6,465,961 | CAO009217 | CAO009245 | Gadd Ex. 1 | |
| 4216 | 11/01/16 | Report on the Filing Or Determination of an Action Regarding a Patent or Trademark (Case No. 1:17-cv-07359) attaching '961 prosecution history | CAO009333 | CAO009459 | Gadd Ex. 2 | IR, IC |
| 4217 | 05/28/01 | Wierer et al., "High-power AlGaInN flip-chip light-emitting diodes," 78 APPL. PHYS. LETT. 22, (May 28, 2001) ("Wierer II") | CAO009508 | CAO009510 | Gadd Ex. 7 | LF, LA |
| 4218 | 07/22/20 | Settlement and Cross License Agreement between CAO Lighting, Inc. and TADD, LLC d/b/a Light Efficient Design (DTX-3031) | CAO009791 | CAO009798 | Cao Ex. 19 | LF, HS, IR, PREJ |
| 4219 | | *CAO Lighting, Inc. v. Light Efficient Design* , D. Idaho Case No. 1:16-CV-482, D.I. 1: Complaint and Demand for Jury Trial | CAO014458 | CAO014468 | | LF, HS, IR, PREJ, IOP, NRJ |
| 4227 | | CAO Sales Spreadsheet | CAO016889 | CAO016889 | Cao Ex. 82 xlsx; Defts' SJ Ex. 4; Defts' SJ Ex. 127 | LF, IR, PREJ, IOP |
| 4228 | | Packaging Template - Dynasty G4 BiPin, Part #30002 | CAO016908 | CAO016908 | Cao Ex. 100 | SJ, IR, PREJ |
| 4231 | 05/22/00 | Notebook of Densen Cao  (DTX-3119) | CAO017676 | CAO017676 | Cao Ex. 109 | IR, PREJ |
| 4232 | 05/26/00 | Notebook of Densen Cao  (DTX-3120) | CAO017677 | CAO017677 | Cao Ex. 110 | IR, PREJ |
| 4233 | 05/28/00 | Notebook of Densen Cao  (DTX-3121) | CAO017678 | CAO017678 | Cao Ex. 111 | IR, PREJ |
| 4234 | 10/26/00 | Notebook of Densen Cao  (DTX-3122) | CAO017679 | CAO017679 | Cao Ex. 112 | IR, PREJ |
| 4235 | | Description of LED Illumination Light | CAO017681 | CAO017682 | Cao Ex. 113 | IR, PREJ |
| 4236 | | CAO Product Marketing Checklist | CAO018238 | CAO018241 | Cao Ex. 90 | SJ, IR, PREJ |
| 4239 | 06/15/15 | Letter from Cataxinos to Noggle Law, Registered Agent for Brite Light LLC, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3090) | CAO020978 | CAO020978 | Cao Ex. 80 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4240 | 04/29/15 | Letter from Cataxinos to Humpreys (Electro Elf), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels | CAO020979 | CAO020980 | Cao Ex. 25 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4241 | 04/29/15 | Letter from Cataxinos to Lodhie (LEDTronics, Inc.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3037) | CAO020981 | CAO020982 | Cao Ex. 27 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4242 | 04/29/15 | Letter from Cataxinos to ARVA, LLC, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3039) | CAO020983 | CAO020984 | Cao Ex. 29 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4243 | 04/29/15 | Letter from Cataxinos to Withers (EiKO Global, LLC), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3041) | CAO020985 | CAO020986 | Cao Ex. 31 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4244 | 04/29/15 | Letter from Cataxinos to Spotskey (Spot Lighting Supplies), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3043) | CAO020987 | CAO020988 | Cao Ex. 33 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4245 | 04/29/15 | Letter from Cataxinos to McCormick (Olympia Lighting Products, Inc.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3045) | CAO020989 | CAO020990 | Cao Ex. 35 | NRJ, LF, IR, PREJ, LPK, SJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4246 | 04/29/15 | Letter from Cataxinos to Beyond LED Technology, Inc., DBA Beyond LED Lighting, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3047) | CAO020991 | CAO020992 | Cao Ex. 37 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4247 | 04/29/15 | Letter from Cataxinos to Vielhaber (EYE Lighting International), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3049) | CAO020993 | CAO020994 | Cao Ex. 39 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4248 | 05/21/15 | Letter from Cataxinos to CT Corporation System for ReneSola America Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3088) | CAO020996 | CAO020997 | Cao Ex. 78 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4249 | 05/11/15 | Letter from Cataxinos to 1 Source LED, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3087) | CAO020998 | CAO020999 | Cao Ex. 77 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4250 | 04/29/15 | Letter from Cataxinos to Rosenzweig (Aamsco Lighting, Inc.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3051) | CAO021000 | CAO021001 | Cao Ex. 41 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4251 | 04/29/15 | Letter from Cataxinos to Flaherty (Differential Energy Global Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3053) | CAO021002 | CAO021003 | Cao Ex. 43 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4252 | 04/29/15 | Letter from Cataxinos to Haak (Signcomplex USA Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3055) | CAO021004 | CAO021004 | Cao Ex. 45 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4253 | 04/29/15 | Letter from Cataxinos to LoMonaco (Light Efficient Design LLC), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3057) | CAO021005 | CAO021006 | Cao Ex. 47 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4254 | 04/30/15 | Letter from Cataxinos to Deng (Shenzhen Bestwon Technology Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3058) | CAO021009 | CAO021010 | Cao Ex. 48 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4255 | 04/30/15 | Letter from Cataxinos to LED Orientalight Co., Limited, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3060) | CAO021011 | CAO021012 | Cao Ex. 50 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4256 | 04/30/15 | Letter from Cataxinos to Lee (King Ray Lighting Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3062) | CAO021013 | CAO021014 | Cao Ex. 52 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4257 | 04/30/15 | Letter from Cataxinos to Chan (Shenzhen Romanso Electronic Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3064) | CAO021017 | CAO021017 | Cao Ex. 54 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4258 | 04/30/15 | Letter from Cataxinos to Ma (Shenzhen Like Lighting Technology Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3066) | CAO021018 | CAO021018 | Cao Ex. 56 | NRJ, LF, IR, PREJ, LPK, SJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4259 | 04/30/15 | Letter from Cataxinos to Lee (ShenZhen IDO Lighting Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3068) | CAO021019 | CAO021020 | Cao Ex. 58 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4260 | 05/06/15 | Letter from Cataxinos to IGLO LLC, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3069) | CAO021021 | CAO021021 | Cao Ex. 59 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4261 | 05/06/15 | Letter from Cataxinos to HISUN LED, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3070) | CAO021022 | CAO021022 | Cao Ex. 60 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4262 | 05/06/15 | Letter from Cataxinos to EELP, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3071) | CAO021023 | CAO021023 | Cao Ex. 61 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4263 | 05/06/15 | Letter from Cataxinos to Dabmar Lighting, Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3073) | CAO021024 | CAO021024 | Cao Ex. 63 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4264 | 05/06/15 | Letter from Cataxinos to CBRIGHT Lighting, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3072) | CAO021025 | CAO021025 | Cao Ex. 62 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4265 | 05/06/15 | Letter from Cataxinos to Cascade Luce / Spot Light, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3074) | CAO021026 | CAO021026 | Cao Ex. 64 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4266 | 05/06/15 | Letter from Cataxinos to VLUX, Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3075) | CAO021027 | CAO021027 | Cao Ex. 65 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4267 | 05/06/15 | Letter from Cataxinos to VAOpto, LLC, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3076) | CAO021028 | CAO021028 | Cao Ex. 66 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4268 | 05/06/15 | Letter from Cataxinos to Topaz Lighting, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3077) | CAO021029 | CAO021029 | Cao Ex. 67 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4269 | 05/06/15 | Letter from Cataxinos to Sunlight LED Nicaragua SA, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3078) | CAO021030 | CAO021030 | Cao Ex. 68 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4270 | 05/06/15 | Letter from Cataxinos to Smart Energy Solutions, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3079) | CAO021031 | CAO021031 | Cao Ex. 69 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4271 | 05/06/15 | Letter from Cataxinos to Shenzhen Lighting, Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3080) | CAO021032 | CAO021032 | Cao Ex. 70 | NRJ, LF, IR, PREJ, LPK, SJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4272 | 05/06/15 | Letter from Cataxinos to SATCO Products, Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3081) | CAO021033 | CAO021033 | Cao Ex. 71 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4273 | 05/06/15 | Letter from Cataxinos to Pozeen LED Ltd.., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3082) | CAO021034 | CAO021034 | Cao Ex. 72 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4274 | 05/06/15 | Letter from Cataxinos to Neptun Light, Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3083) | CAO021035 | CAO021035 | Cao Ex. 73 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4275 | 05/06/15 | Letter from Cataxinos to MAXLite, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3084) | CAO021036 | CAO021036 | Cao Ex. 74 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4276 | 05/06/15 | Letter from Cataxinos to Light Emission Technology, Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3085) | CAO021037 | CAO021037 | Cao Ex. 75 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4277 | 05/06/15 | Letter from Cataxinos to LED Waves, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3086) | CAO021038 | CAO021038 | Cao Ex. 76 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4278 | 01/20/11 | Email from Cao to Beloborodov RE: Lighting Patent Portfolio of CAO Group | CAO021054 | CAO021058 | Cao Ex. 8; Kindler Ex. 9 | HS, LF, IR, PREJ |
| 4279 | 01/06/11 | Email from Cao to Beloborodov RE: CAO Lighting Patents | CAO021063 | CAO021097 | Cao Ex. 7 | HS, LF, IR, PREJ |
| 4280 | | CAO Intellecutal Properties in Solid State Lighting | CAO021098 | CAO021118 | Cao Ex. 6 | LF, HS, IOP, LA |
| 4281 | | CAO Patent Valuation Report for Solid State Lighting Intellectual Property Portfolio | CAO021119 | CAO021178 | Cao Ex. 5; Kindler Ex. 8 | LF, HS, IOP, LA |
| 4283 | 01/04/17 | Letter from Cataxinos to ARVA, LLC, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3040) | CAO021590 | CAO021590 | Cao Ex. 30 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4284 | 01/04/17 | Letter from Cataxinos to Rosenzweig (Aamsco Lighting, Inc.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3052) | CAO021591 | CAO021591 | Cao Ex. 42 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4285 | 01/04/17 | Letter from Cataxinos to Beyond LED Lighting, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3048) | CAO021592 | CAO021592 | Cao Ex. 38 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4286 | 01/04/17 | Letter from Cataxinos to Babel (Differential Energy Global Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3054) | CAO021594 | CAO021594 | Cao Ex. 44 | NRJ, LF, IR, PREJ, LPK, SJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

CONFIDENTIAL

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4287 | 01/04/17 | Letter from Cataxinos to Humpreys (Electro Elf), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3036) | CAO021595 | CAO021595 | Cao Ex. 26 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4288 | 01/04/17 | Letter from Cataxinos to Mansfield (EYE Lighting International), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3050) | CAO021596 | CAO021596 | Cao Ex. 40 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4289 | 01/04/17 | Letter from Cataxinos to Cho (EiKO Global, LLC), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3042) | CAO021597 | CAO021597 | Cao Ex. 32 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4290 | 01/04/17 | Letter from Cataxinos to King Ray Lighting Co., Ltd., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3063) | CAO021598 | CAO021598 | Cao Ex. 53 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4291 | 01/04/17 | Letter from Cataxinos to LED Orientalight Co., Limited, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels | CAO021599 | CAO021599 | Cao Ex. 51 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4292 | 01/04/17 | Letter from Cataxinos to Ramlogan (LEDTronics, Inc.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3038) | CAO021600 | CAO021600 | Cao Ex. 28 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4293 | 01/04/17 | Letter from Cataxinos to Lighting-spot.com, RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3044) | CAO021601 | CAO021601 | Cao Ex. 34 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4294 | 01/04/17 | Letter from Cataxinos to Olympia Lighting, Inc., RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3046) | CAO021602 | CAO021602 | Cao Ex. 36 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4295 | 01/04/17 | Letter from Cataxinos to Hansan (ReneSola America Inc.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3089) | CAO021603 | CAO021603 | Cao Ex. 79 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4296 | 01/04/17 | Letter from Cataxinos to Chen (Shenzhen Romanso Electronic Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3065) | CAO021604 | CAO021604 | Cao Ex. 55 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4297 | 01/04/17 | Letter from Cataxinos to Deng (Shenzhen Bestwon Technology Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3059) | CAO021605 | CAO021605 | Cao Ex. 49 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4298 | 01/04/17 | Letter from Cataxinos to Ma (Shenzhen Like Lighting Technology Co., Ltd.), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3067) | CAO021606 | CAO021606 | Cao Ex. 57 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4299 | 01/04/17 | Letter from Cataxinos to Zhou (Signcomplex Limited), RE: Infringement of U.S. Patent for Semiconductor Light Source Using A Heat Sink With A Plurality Of Panels (DTX-3056) | CAO021607 | CAO021607 | Cao Ex. 46 | NRJ, LF, IR, PREJ, LPK, SJ |

**CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,**
**C.A. No. 1:20-cv-00690-MN (D.Del.)**
**OSRAM's and LEDVANCE's Bench Trial Exhibit List**

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4300 | 08/28/17 | Letter from Jones to Provolt (ESL Vision LLC) RE: U.S. Patent for Semiconductor Light Source Using a Heat Sink with a Plurality of Panels (DTX-3091) | CAO021609 | CAO021609 | Cao Ex. 81 | NRJ, LF, IR, PREJ, LPK, SJ |
| 4301 | 04/14/17 | CAO Lighting Inc.'s Objections and Responses to Defendants' Initial Request for Production to the Plaintiff, CAO Lighting Inc. v. Light Efficient Design and Electric Wholesale Supply Company, Inc., Case No. 4:16-CV-482BLW (DTX-3109) | CAO021697 | CAO021745 | Cao Ex. 99 | HS, IR, PREJ |
| 4302 | 12/20/19 | Report of James Richard Shealy, Ph.D. (*CAO Lighting, Inc. v. Light Efficient Design*, N.D.Ill. Case No. 1:17-cv-07359) | CAO021954 | CAO022076 | Shealy Ex. 19 | HS, IR, PREJ |
| 4303 | 05/14/18 | CAO Email to GE Lighting | CAO022085 | CAO22085 | Defts' SJ Ex. 73 | NRJ, LF, IR, PREJ, LPK, HIS, SJ |
| 4304 | 03/14/18 | Email from Watson to B. Polich, et al., RE: Draft Motion and Proposed Order to Reopen Utah Lighting Case and Lift Stay (3590-005) (DTX-3033) | CAO022092 | CAO022092 | Cao Ex. 22; Defts' SJ Ex. 28 | NRJ, LF, IR, PREJ, LPK, HS, SJ |
| 4305 | 03/14/18 | Email from Watson to D. Terrell, et al., RE: Draft Motion and Proposed Order to Reopen Utah Lighting Case and Lift Stay (3590-005) (DTX-3127) | CAO022099 | CAO022099 | Cao Ex. 118 | NRJ, LF, IR, PREJ, LPK, HS, SJ |
| 4307 | | Spreadsheet identifying vendor order information | CAO022131 | CAO022131 | Cao Ex. 93.csv | LF, HS, SJ, IR, PREJ |
| 4308 | | CAO Lighting Royalty Income | CAO022132 | CAO022132 | Cao Ex. 10; Kindler Ex. 7 | LF, HS, IR, PREJ |
| 4309 | 11/05/14 | 6,465,961 Patent Claim Analysis vs Cree A19 LED bulb | CAO022192 | CAO022201 | Cao Ex. 24 | LF, LPK, HS, IR, PREJ, SJ |
| 4310 | 10/25/20 | Email from Cao to Cao RE: Fwd: e-intro to Dr. George Brandes (DTX-3034) | CAO022233 | CAO022234 | Cao Ex. 23 | LF, LPK, HS, IR, PREJ, SJ |
| 4325 | 12/31/21 | MA-Tek Analysis Report, Sample: No54 SYL.15 | CAO025862 | CAO025885 | Shealy Ex. 10 | IR, PREJ |
| 4326 | 12/31/21 | MA-Tek Analysis Report, Sample: No56 SYL.17 | CAO025886 | CAO025905 | Shealy Ex. 16 | IR, PREJ |
| 4332 | 12/31/21 | MA-Tek Analysis Report, Sample No65 SYN-D09 | CAO026105 | CAO026130 | Defts' SJ Ex. 45 (Excerpts); Defts' SJ Ex. 114 (Excerpts) | IR, PREJ |
| 4333 | 12/31/21 | MA-Tek Analysis Report, Sample: No67 SYL-D11 | CAO026151 | CAO026172 | Shealy Ex. 18 | IR, PREJ |
| 4334 | 12/31/21 | MA-Tek Analysis Report, Sample: No68 SYL-D12 | CAO026173 | CAO026193 | | IR, PREJ |
| 4335 | 12/31/21 | MA-Tek Analysis Report, Sample No69 SYL-D13 | CAO026194 | CAO026214 | | IR, PREJ |
| 4338 | 12/31/21 | MA-Tek Analysis Report, Sample: No73 SYL-D18 | CAO026283 | CAO026308 | | IR, PREJ |
| 4341 | Various | CAO Lighting Inc. Invoice to Golden Valley Optoelectronics | CAO026936 | CAO027311 | Cao Ex. 106 | LF |
| 4349 | 00/00/18 00/00/21 | Spreadsheet: CAO Lighting (Assets, Inventories, Liabilities & Equity, Sales, Costs, Profits, Income & Expenses)) (DTX-3762) | CAO032521 | CAO032521 | | LF, HS, IR, PREJ |
| 4350 | 07/22/20 | Settlement and Cross License Agreement between CAO and LED | CAO09791 | CAO09798 | Campbell (Tadd) Ex. 3; Defts' SJ Ex. 75 | LF, HS, IR, PREJ |
| 4353 | | Photo - Luxembright Star LED Kit, Model Number 670-W0025 | CUPO048198 | CUPO048198 | Cao Ex. 101 | LF, IR, SJ, PREJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

CONFIDENTIAL

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4354 | | Photo - 3M LEDs | CUPO048204 | CUPO048204 | Cao Ex. 102 | LF, IR, SJ, PREJ |
| 4371 | | SYLVANIA LED Lamp Catalog (2021) | LEDVANCE-CAO-00113778 | LEDVANCE-CAO-00113813 | | IR, PREJ |
| 4372 | | ULTRA LED High Lumen Lamp, www.sylvania.com | LEDVANCE-CAO-00114155 | LEDVANCE-CAO-00114156 | | LF, LPK, IR, PREJ, IOP |
| 4373 | 7/24/16-7/26/16 | Reference Deed to LEDVANCE Purchase and Sale Agreement | LEDVANCE-CAO-00116130 | LEDVANCE-CAO-00116397 | Defts' SJ Ex. 33; Silva Ex. 3 | NRJ, IR, PREJ, SJ |
| 4376 | 07/20/16 | License Agreement between Cree and LEDVANCE (DTX-3709) | LEDVANCE-CAO-00126508 | LEDVANCE-CAO-00126571 | | LF, DB, IR, PREJ |
| 4388 | 9/00/14 - 08/00/21 | Spreadsheet: Net sales Cost and Margin by month 9.14-8.21 xlsx | LEDVANCE-CAO-00193586 | LEDVANCE-CAO-00193586 | | LF, IR, PREJ |
| 4389 | 9/00/14 - 08/00/21 | Spreadsheet: Sales and Units by month 9.2014-8.2021 xlsx | LEDVANCE-CAO-00193587 | LEDVANCE-CAO-00193587 | | LF, IR, PREJ, IOP |
| 4394 | 10/01/19 | ███████████████████████ | LEDVANCE-CAO-00193968 | LEDVANCE-CAO-00194013 | CAO SJ Daubert Ex. 56 | LF, DB, IR, PREJ |
| 4432 | 00/00/03 | Miskkys, et. al, *Freestanding GaN-substrates and devices* , Psys. Stat. Sol. No. 6, 1627-1650 (2003) | LEDVANCE-CAO-00196914 | LEDVANCE-CAO-00196937 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4433 | 09/08/15 | OSLON Square Datasheet (available at: https://docs rs-online.com/d855/0900766b8146c2cb.pdf) | LEDVANCE-CAO-00196938 | LEDVANCE-CAO-00196964 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4434 | | Why do people alwants want the office by the window? (available at: https://www.telelumen.com/technology html?msclkid=d5b262f0cfde11eca33fd4dc373c 6001) | LEDVANCE-CAO-00196965 | LEDVANCE-CAO-00196965 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4435 | 5/20/15-5/21/15 | Illumination content for color tunable luminaires, Smart Lighting 2015, Connected Lighting May 20 & 21, 2015 - Berlin, Germany | LEDVANCE-CAO-00196966 | LEDVANCE-CAO-00197018 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4436 | 06/03/20 | Crist, *The complete guide to Philips Hue: LED bulbs, smart features and lots of colors,* CNET (June 3, 2020) | LEDVANCE-CAO-00197019 | LEDVANCE-CAO-00197039 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4437 | | Introduction to Quantum Dots, interview with QD Vision's CTO (available at: https://www.oled-info.com/introduction-quantum-dots-interview-qd-visions-cto) | LEDVANCE-CAO-00197040 | LEDVANCE-CAO-00197043 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4438 | 05/20/19 | Aurea Lighting Debuts Healthy LED Lighting (available at: https://www.ledsmagazine.com/company-newsfeed/article/14033571/aurea-lighting-debuts-gamechanging-healthy-led-lighting-that-improves-alertness-and-productivity-without-sacrificing-energy-efficiency) | LEDVANCE-CAO-00197044 | LEDVANCE-CAO-00197049 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4439 | | Dynasty OMNI Bulb - 120W | LEDVANCE-CAO-00197050 | LEDVANCE-CAO-00197052 | | LF, SJ, IR, PREJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4440 | | Sylvania 40723 LED120HIDR850 Ultra LED HIDr Lamp, 120W, Mogul Base, 5000K, 17,400 Lumens | LEDVANCE-CAO-00197053 | LEDVANCE-CAO-00197053 | | LF, IC, LPK, LA, PREJ, IOP, IR |
| 4441 | | Sylvania LED120HIDR840 Ultra LED Corn Cob 120W 120-277V 50000 Hours 4000K 17400Lm 80 CRI (40722) | LEDVANCE-CAO-00197054 | LEDVANCE-CAO-00197055 | | LF, IC, LPK, LA, PREJ, IOP, IR |
| 4442 | 00/00/14 | Leung, *White LED and Remote Phosphor Comparison* , Cree Lighting (2014) (available at https://cree-led.com/media/documents/Remote-Phosphor.pdf) | LEDVANCE-CAO-00197056 | LEDVANCE-CAO-00197065 | | LA, LF, IR, PREJ, HS, IOP, NP, IR |
| 4443 | | Intematix Remote Phosphor Takes Lead in LED High Bay Lighting Performance | LEDVANCE-CAO-00197066 | LEDVANCE-CAO-00197068 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4444 | 06/18/12 | Large Manufacturers to Benefit Most from Chinese Subsidy Program for LED Lighting (available at: https://www.ledinside.com/print/15507) | LEDVANCE-CAO-00197069 | LEDVANCE-CAO-00197069 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4445 | 04/08/20 | China Government Issues Subsidies To LED Companies, Industry News, Shenzhen Toppo Lighting Company Limited | LEDVANCE-CAO-00197070 | LEDVANCE-CAO-00197072 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4446 | | Aurea Lighting LED Light Panels Product Specifications | LEDVANCE-CAO-00197073 | LEDVANCE-CAO-00197074 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4447 | | About Us - DesignLights | LEDVANCE-CAO-00197075 | LEDVANCE-CAO-00197079 | | LA, LF, IR, LPK, IOP, PREJ |
| 4448 | | DLC Qualified Products Lists - DesignLights | LEDVANCE-CAO-00197080 | LEDVANCE-CAO-00197082 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4449 | | Philips LED Modules Fortimo DLM | LEDVANCE-CAO-00197083 | LEDVANCE-CAO-00197086 | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4450 | 08/10/15 | Siffalovic et al., *Evaluation of low-cadmium ZnCdSeS alloyed quantum dots for remote phosphor solid-state lighting technology*, Applied Optics, 54(23):7094-7098 (Aug. 10, 2015) | LEDVANCE-CAO-00197087 | LEDVANCE-CAO-00197092 | | LF, IR, PREJ, HS, IOP |
| 4451 | 07/11/17 | Lumileds introduces thin film flip chips to boost LED brightness, LEDs Magazine | LEDVANCE-CAO-00197093 | LEDVANCE-CAO-00197095 | | LF, IR, PREJ, HS, IOP |
| 4452 | | SemiLEDs MvpLED Technology, Industrial Electronics (available at: https://www.indel.com/news/74-semileds-mvpled-technology html) | LEDVANCE-CAO-00197096 | LEDVANCE-CAO-00197098 | | LF, IR, PREJ, HS, IOP |
| 4453 | | LED chip, SemiLEDs, Taiwan (available at: https://www.semileds.com) | LEDVANCE-CAO-00197099 | LEDVANCE-CAO-00197100 | | LF, IR, PREJ, HS, IOP |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4454 | | Nanosys Explores Stable Cadmium-Free Quantum Dot Optical Down-Converters, Office of Energy Efficiency & Renewable Energy (available at: https://www.energy.gov/eere/ssl/nanosys-explores-stable-cadmium-free-quantum-dot-optical-down-converters) | LEDVANCE-CAO-00197101 | LEDVANCE-CAO-00197104 | | LF, IR, PREJ, HS, IOP |
| 4455 | | Smart diffuser, Nano-Lit (available at: https://www.nano-lit.com/smart-diffuser/) | LEDVANCE-CAO-00197105 | LEDVANCE-CAO-00197113 | | LF, IR, PREJ, HS, IOP |
| 4456 | 05/20/19 | Quantum Dots from Osram make LEDs even more efficient, OSRAM Group Website (available at: https://www.osram-group.com/en/media/press-releases/pr-2019/20-05-2019) | LEDVANCE-CAO-00197114 | LEDVANCE-CAO-00197116 | | LF, IR, PREJ, HS, IOP |
| 4457 | 00/00/17 | Cho et al., *White light-emitting diodes: History, progress, and future* , Laser Photonics Rev., 1600147 (2017) | LEDVANCE-CAO-00197117 | LEDVANCE-CAO-00197133 | | IR, PREJ, HS |
| 4458 | 08/11/98 | U.S. Patent No. 5,793,062 | LEDVANCE-CAO-00197134 | LEDVANCE-CAO-00197152 | | IR, PREJ |
| 4459 | 8/24/01 - 8/7/13 | U.S. Patent No. 6,719,446 File History | LEDVANCE-CAO-00197153 | LEDVANCE-CAO-00197366 | | NRJ, IR, PREJ, SJ |
| 4460 | 08/24/01 | U.S. Patent No. 6,634,771 File History (Application No. 09/939,488) | LEDVANCE-CAO-00197367 | LEDVANCE-CAO-00197425 | Defts' SJ Ex. 101 | NRJ, IR, PREJ, SJ |
| 4461 | 11/00/01 | Luxeon Emitter data sheet  (DTX-3731) | LUMILEDS00130 | LUMILEDS00139 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4462 | 09/00/01 | Luxeon Flood Power Light Source (DTX-3735) | LUMILEDS00140 | LUMILEDS00148 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4463 | 04/14/02 | Lumileds Press Release: 12 Lighting Vendors Unveil Products Using Lumileds' Luxeon LED Light Engines at Light & Building International Trade Fair in Germany – Market's First LED-Based Luminaries Showcase High Light Output, Flexible Design (DTX-3741) | LUMILEDS00192 | LUMILEDS00193 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4464 | | Photo of Lumileds Booth | LUMILEDS00397 | LUMILEDS00397 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4465 | | Photo of Lumileds Booth (DTX-3742) | LUMILEDS00398 | LUMILEDS00398 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4466 | 00/00/99 | HP SunPower Series (DTX-3730) | LUMILEDS01097 | LUMILEDS01102 | | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4467 | 08/00/01 | LUXEON Power Light Sources OEM Guide (DTX-3729) | LUMILEDS01131 | LUMILEDS01166 | | LF, SJ, IR, PREJ, LPK, HS, LA |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4468 | | Lumileds' Luxeon Power LEDs ("Lumileds") System | LUMILEDS01172 | LUMILEDS01208 | CAO SJ Daubert Ex. 51; Benya Ex. 17 | LF, SJ, IR, PREJ, LPK, HS, LA |
| 4469 | 03/02/21 | Green Electrical Supply Packing Slip, Packaging, and Dynasty LED products | OSI000031 | OSI000087 | Hill (Green Electrical Supply) Ex. 22; Defts' SJ Ex. 9; Defts' SJ Ex. 138 | LF, SJ, IR, PREJ |
| 4470 | | Photo - Dynasty 18W LED Omni Bulb | OSI000035 | OSI000045 | Cao Ex. 87 | SJ, IR, PREJ |
| 4471 | | Photo - Dynasty 22W LED Omni Bulb | OSI000046 | OSI000055 | Cao Ex. 88 | SJ, IR, PREJ |
| 4472 | | Photo - Dynasty 54W LED Omni Bulb | OSI000056 | OSI000066 | Cao Ex. 89 | SJ, IR, PREJ |
| 4473 | | Photo of box containing Brilliance LED products | OSI000068 | OSI000071 | Gold Ex. 6; Defts' SJ Ex. 14; Defts' SJ Ex. 130 | LF, SJ, IR, PREJ |
| 4474 | 05/10/21 | Dynasty Packing Slip - Dynasty G4 and SCB | OSI000072 | OSI000072 | Gold Ex. 5; Defts' SJ Ex. 13; Defts' SJ Ex. 129 | LF, SJ, IR, PREJ |
| 4475 | | Photo - Dynasty Lighting Part #30014 | OSI000075 | OSI000083 | Cao Ex. 85 | LF, SJ, IR, PREJ |
| 4476 | | Photo - Dynasty LED Part #30014 | OSI000076 | OSI000083 | Gold Ex. 8; Defts' SJ Ex. 11; Defts' SJ Ex. 131 | LF, SJ, IR, PREJ |
| 4477 | | Photo - Dynasty Lighting Part #30003 | OSI000084 | OSI000093 | Cao Ex. 86; Gold Ex. 10; Defts' SJ Ex. 12 | LF, SJ, IR, PREJ |
| 4478 | 08/08/12 | Settlement Agreement between OSRAM AG and Samsung Electronics Co., Ltd | OSI008200 | OSI008205 | | LF, IR, PREJ |
| 4479 | 03/15/11 | Patent Cross License Agreement between OSRAM GmbH and Cree, Inc. | OSI008206 | OSI008220 | | LF, IR, PREJ |
| 4480 | 02/23/17 | Second Amendment to Agreement for the Sale and Purchase of 100% of the Shares in LEDVANCE GmbH and 100% of the Membership Interests in LEDVANCE LLC | OSI008221 | OSI008260 | | NRJ, IR, PREJ, SJ |
| 4481 | 09/30/16 | Amendment to Agreement for the Sale and Purchase of 100% of the Shares in LEDVANCE GmbH and 100% of the Membership Interests in LEDVANCE LLC | OSI008261 | OSI008278 | | NRJ, IR, PREJ, SJ |
| 4482 | 05/01/17 | Third Amendment to Agreement for the Sale and Purchase of 100% of the Shares in LEDVANCE GmbH and 100% of the Membership Interests in LEDVANCE LLC | OSI008279 | OSI008283 | | NRJ, IR, PREJ, SJ |
| 4483 | 05/01/17 | Schedules to Agreement for the Sale and Purchase of 100% of the Shares in LEDVANCE GmbH and 100% of the Membership Interests in LEDVANCE LLC | OSI008284 | OSI009245 | | NRJ, IR, PREJ, SJ |
| 4484 | 07/25/16 | Agreement for the Sale and Purchase of 100% of the Shares in LEDVANCE GmbH and 100% of the Membership Interests in LEDVANCE LLC and Equity Commitment Letter | OSI009246 | OSI009364 | | NRJ, IR, PREJ, SJ |
| 4485 | 11/21/16 | LEDVANCE Holding LLC - Certificate of Formation | OSI009365 | OSI009366 | | NRJ, IR, PREJ, SJ |
| 4486 | 09/20/17 | Transfer Agreement Concerning LEDVANCE LLC | OSI009367 | OSI009426 | | NRJ, IR, PREJ, SJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4487 | 02/28/14 | Settlement Agreement, License And Release Between OSRAM Opto Semiconductors GmbH and Lexington Luminance LLC | OSI009427 | OSI009434 | | LF, IR, IOP, PREJ |
| 4488 | 06/30/10 | Settlement And Patent License Agreement between Light Transformation Technologies LLC and OSRAM Sylvania Inc. | OSI009435 | OSI009442 | | LF, IR, IOP, PREJ |
| 4489 | 11/29/05 | iLED Patent Cross License Agreement between Koninklijke Philips Electronics N.C. and OSRAM GmbH | OSI009443 | OSI009452 | | LF, IR, IOP, PREJ |
| 4490 | 09/22/08 | Agreement for Extension of The iLED Cross License Agreement between Koninklijke Philips Electronics N.C. and OSRAM GmbH | OSI009453 | OSI009460 | | LF, IR, IOP, PREJ |
| 4491 | 06/29/11 | Amendment Agreement No. 2 of the iLED Cross License Agreement between Koninklijke Philips Electronics N.C. and OSRAM GmbH | OSI009461 | OSI009471 | | LF, IR, IOP, PREJ |
| 4492 | 07/23/13 | Settlement Agreement between Sharp Corporation and OSRAM GmbH | OSI009472 | OSI009488 | | LF, IR, PREJ |
| 4493 | 10/30/12 | Settlement Agreement between LG Electronics Inc., LG Innotek Co. Ltd, and OSRAM GmbH | OSI009489 | OSI009525 | | LF, IR, PREJ |
| 4494 | 08/27/21 | Accused OSI Products - Net sales, Cost and Margin by month 9.14-7.21 | OSI-LV-000001 | | | LF |
| 4495 | 08/27/21 | Accused OSI Products - Sales & Units by month 9.14-7.21 | OSI-LV-000002 | | | LF |
| 4496 | | SYL_05_1_spectrum_03-10-2022_11-46-52.csv | SHEALY-DEL_00000083 | SHEALY-DEL_00000083 | Shealy Ex. 14 | IR, PREJ |
| 4497 | | SYL_06_1_data_03-10-2022_11-04-39.csv | SHEALY-DEL_00000084 | SHEALY-DEL_00000084 | Shealy Ex. 15 | IR, PREJ |
| 4498 | | Natively produced spreadsheet: SYL_09_1_data_03-10-2022_12-11-25.csv | SHEALY-DEL_00000086 | SHEALY-DEL_00000086 | Defts' SJ Ex 76 | IR, PREJ |
| 4499 | | Excel spreadsheet | SHEALY-DEL_00000123 | SHEALY-DEL_00000123 | | IR, PREJ |
| 4500 | | Excel spreadsheet | SHEALY-DEL_00000124 | SHEALY-DEL_00000124 | | IR, PREJ |
| 4501 | | Excel spreadsheet | SHEALY-DEL_00000125 | SHEALY-DEL_00000125 | | IR, PREJ |
| 4502 | | Natively produced spreadsheet: 1st-set-sample-test-report-20220217-f xlsx | SHEALY-DEL_00000126 | SHEALY-DEL_00000126 | Shealy Ex. 11; Defts' SJ Ex. 77 | IR, PREJ |
| 4503 | | Natively produced spreadsheet: 2nd-set-sample test report-20220214-f.xlsx | SHEALY-DEL_00000127 | SHEALY-DEL_00000127 | Shealy Ex. 12; Defts' SJ Ex. 128 | IR, PREJ |
| 4504 | | Natively produced spreadsheet: 3rd-set-sample test report-20220214-f xlsx | SHEALY-DEL_00000128 | SHEALY-DEL_00000128 | Shealy Ex. 13; Defts' SJ Ex. 78 | IR, PREJ |
| 4505 | 09/18/20 | Spreadsheet - Invoices and Part Numbers | TADD000001 | TADD000031 | Campbell (Tadd) Ex. 4 | LF, IR, PREJ, IOP, SJ |
| 4506 | 09/14/16 | CAO Customer Order Acknowledgment to Yard Illumination | YARD000033 | YARD000033 | Cao Ex. 94; Silver Ex. 3 | LF, PREJ, HS, SJ, IR |
| 4507 | 12/15/21 | Email from Silver to Cunningham RE: Fwd: Price list for clearance parts (DTX-3107) | YARD000052 | YARD000053 | Cao Ex. 97; Silver Ex. 9 | LF, PREJ, HS, SJ, IR |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4508 | 12/15/21 | Email from Silver to Cunningham RE: Fwd: Discontinued item | YARD000049 | YARD000050 | Silver Ex. 7 | LF, PREJ, HS, SJ, IR |
| 4509 | | Dynasty Discontinued Products List | YARD000051 | YARD000051 | Silver Ex. 8 | LF, PREJ, HS, SJ, IR |
| 4510 | | Price List (DTX-3200) | YARD000054 | YARD000054 | Silver Ex. 10 | LF, PREJ, HS, SJ, IR |
| 4511 | 12/28/21 | Subpoena to Tadd LLC to Testify at a Deposition in a Civil Action | | | Campbell (Tadd) Ex. 1 | IR, PREJ, IOP, NRJ, LPK, SJ |
| 4512 | 03/01/18 | *CAO Lighting Inc. v. Light Efficient Design* , N.D.Ill. Case No.1:17-CV-07359, D.I. 1: First Amended Complaint (DTX-3014) | CAO015011 | CAO015089 | Campbell (Tadd) Ex. 2; Cao Ex. 92 | IR, PREJ, IOP, NRJ, LPK, SJ |
| 4513 | 01/18/22 | Notice of Deposition of Densen Cao | | | Cao Ex. 3 | IR, PREJ |
| 4514 | 10/29/21 | Defendants' First Notice of 30(b)(6) Deposition | | | Cao Ex. 4 | IR, PREJ |
| 4515 | 04/09/12 | Federal Rule of Civil Procedure 12(e) More Definite Statement as to Claims Against Sylvania, Case No. 2:11-cv-00426-DB-DBP | | | Cao Ex. 20 | NRJ, IR, PREJ |
| 4516 | 03/25/13 | Order Granting Joint Motion and Stipulation to Stay Action Pending Reexamination, Case No. 2:11-cv-00426-DB-DBP, D.I. 183 ("Stay Order") (DTX-3032) | | | Cao Ex. 21 | IR, PREJ, IOP, NRJ, LPK, SJ |
| 4517 | | Spreadsheet identifying Part IDs, Descriptions, On Hand and Price (DTX-3108) | | | Cao Ex. 98 xlsx | LF, IR, PREJ, SJ |
| 4518 | | Photo - Disassembled LED Package | | | Cao Ex. 104 | LF, IR, PREJ, SJ |
| 4519 | 01/14/22 | Plaintiff CAO Lighting, Inc.'s Third Supplemental and Amended Answers to Defendants' First Set of Common Interrogatories (Nos. 1-12) (DTX-3823) | | | Cao Ex. 114 | IR, PREJ, HS, Includes Objections, SJ |
| 4522 | | Photograph of Physical Exhibit: Dynasty LED Part #30014 | | | Gold Ex. 7 | LF, SJ, IR, PREJ |
| 4522-A | | Physical Exhibit: Dynasty LED Part #30014 | | | Gold Ex. 7 | IR, PREJ |
| 4523 | | Photograph of Physical Exhibit: Dynasty LED Part #30003 | | | Gold Ex. 9 | LF, SJ, IR, PREJ |
| 4523-A | | Physical Exhibit: Dynasty LED Part #30003 | | | Gold Ex. 9 | IR, PREJ |
| 4534 | 01/07/22 | Subpoena to Daniel P. McCarthy Testify at a Deposition in a Civil Action | | | McCarthy Ex. 100 | |
| 4535 | 12/23/21 | Subpoena to Daniel P. McCarthy to Produce Documents | | | McCarthy Ex. 109 | |
| 4551 | 04/12/21 | CAO's Responses and Objections to Osram's First Set of Requests for Admission (Nos. 1-6) | | | Defts' SJ Ex. 6 | IR, PREJ, HS, Includes Objections, SJ |
| 4552 | 05/10/11 | CAO Group v. GE Lighting, C.A. No. 2:11-426-DB (D. Utah) ("Utah Action"), D.I. 1 (Complaint) (DTX-3770) | | | Defts' SJ Ex. 17 | |
| 4553 | 09/02/11 | Utah Action, D.I. 48 (GE Answer and Counterclaims) (DTX-3771) | | | Defts' SJ Ex. 18 | NRJ, LF, IR, PREJ, SJ, MIL |
| 4554 | 05/11/12 | Utah Action, D.I. 147 (OSRAM Answer and Counterclaims) | | | Defts' SJ Ex. 19 | NRJ, LF, IR, PREJ, SJ, MIL |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4555 | 03/25/13 | Utah Action, D.I. 182 (Stipulation and Joint Motion to Stay Action Pending Reexamination) | | | Defts' SJ Ex. 20 | NRJ, LF, IR, PREJ, SJ, MIL |
| 4556 | 01/14/22 | LEDVANCE's Supplemental Objections and Responses to Plaintiff's Common Interrogatories (Nos. 2, 4, 7, 8, 11, 12 and 13) | | | Defts' SJ Ex. 21; Lettieri Rebuttal Rep. | NRJ, IR, PREJ, HS, Includes Objections, SJ |
| 4557 | 03/25/13 | Utah Action, D.I. 183 (Order Granting Stay) (DTX-3772) | | | Defts' SJ Ex. 22 | LF |
| 4558 | 10/01/13 | Utah Action, D.I. 185 (Closure Order) | | | Defts' SJ Ex. 23 | LF |
| 4559 | 01/14/20 | Utah Action, D.I. 210 (Motion to Reopen) (DTX-3773) | | | Defts' SJ Ex. 25 | LF |
| 4560 | 05/12/20 | Utah Action, D.I. 248 (Order Denying Motion to Reopen) (DTX-3774) | | | Defts' SJ Ex. 26 | LF |
| 4562 | 07/26/21 | CAO's Supplemental Response and Answer to Defendants' Second Set of Common Interrogatories (No. 13) | | | Defts' SJ Ex. 35 | LF, IR, PREJ, HS, Includes Objections, SJ |
| 4574 | | Assarat 30(b)(6) Deposition Testimony (D. Ind.) | | | Defts' SJ Ex. 84 | IR, PREJ, HS, Includes Objections, ID |
| 4576 | 00/00/14-00/00/15 | 2014-2016 short form catalog  (available at https://issuu.com/casaluminii/docs/short-form_catalog_20142015_chapter) | | | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4578 | | CAO Group v. GE Lighting, et al., Case No. 2:11-cv-426, Dkt. 185 | | | | IR, PREJ, HS, LPK, SJ, MIL |
| 4579 | | CAO Group v. GE Lighting, et al., Case No. 2:11-cv-426, Dkt. 2. | | | | IR, PREJ, HS, LPK, SJ, MIL |
| 4580 | 02/01/22 | CPR3CD Datasheet (available at https://cree-led.com/led-chips/media/documents/CPR3CD.pdf) | | | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4584 | 09/22/11 | *L Prize Winner Announced: Phillips Lighting North America wins the 60W replacement lamp category* , Architect Magazine (Sept. 22, 2011) (available at https://www.architectmagazine.com/awards/al-design-awards/l-prize-winner-announced_o) | | | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4587 | | Liu, et al., *Chip on Board Packaging and Thermal Solutions for a 100 W Large Monolithic LED* , Journal of Microelectronics and Electronic Packaging, 6:143-148 (2009) | | | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4588 | 00/00/22 | Muthu, *Red, green, and blue LEDs for white light illumination* , IEEE Journal on Selected Topics in Quantum Electronics, 8(2):333-338 (March/April 2022) | | | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4589 | | OSLON SSL 80 Datasheet (available at: https://docs rs-online.com/f9ce/0900766b815fe2fd.pdf) | | | | LA, LF, IR, PREJ, HS, IOP, NP |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4591 | | SYLVANIA LED Lamp Catalog (2017-2018) | | | | LA, LF, IR, PREJ, HS, IOP, NP |
| 4592 | 00/00/17 | SYLVANIA LED Luminaires Catalog (2017) | | | Sega Ex. 2 | LA, LF, IR, PREJ, HS, IOP, NP |
| 4594 | | Video of an automated, pick-and-place machine used to manufacture LED PCB's (available online at: https://www.youtube.com/watch?v=Y45COU2LdXg) | | | | LA, LF, IR, HS, NP, IOP |
| 4682 | 8/24/01 - 7/30/22 | U.S. Patent No. 6,465,961 File History | | | | IR, PREJ, NRJ, MIL |
| 4683 | 08/24/01 | U.S. Patent Application No. 09/938,777 | | | Defts' SJ Ex. 98 | LF |
| 4684 | 08/24/01 | U.S. Patent Application No. 09/938,875 | | | Defts' SJ Ex. 99 | LF |
| 4685 | 08/24/01 | U.S. Patent Application No. 09/939,340 | | | Defts' SJ Ex. 100 | LF |
| 4702 | 10/21/03 | U.S. Patent No. 6,634,771 (DTX-3179) | | | Defts' SJ Ex. 102; McCarthy Ex. 103 | LF |
| 4705 | 06/08/04 | U.S. Patent No. 6,746,885 | | | Defts' SJ Ex. 104 | LF |
| 4720 | 06/07/11 | U.S. Patent No. 7,955,879 | | | | IR, PREJ, WF |
| 4726 | 11/12/13 | U.S. Patent No. 8,579,451 | | | | IR, PREJ, WF |
| 4733 | 00/00/13 | Dynasty LED Lighting Brochure [2013] | CAO015763 | CAO015764 | | IR, PREJ |
| 4734 | 07/00/15 | Solid State Lighting Catalog [July 2015] | CAO015765 | CAO015779 | | IR, PREJ |
| 4735 | | Assignment abstract of title for Application 09939340, USPTO | CAO017713 | CAO017736 | | |
| 4736 | 12/18/01 | U.S. Patent No. 6,331,111 B1 "Curing Light System Useful for Curing Light Activated Composite Materials" | CAO017683 | CAO017712 | | IR, PREJ |
| 4737 | 09/16/20 | Email from K. Salour to D. Cao attaching the executed Master Services Agreement between Arete Advisors, LLC and Lewis Brisbois Bisgaard & Smith LLP as counsel for and on behalf of CAO Group, Inc. effective September 16, 2020 | CAO018247 | CAO018268 | | IR, PREJ |
| 4738 | 4/29/15 - 8/28/17 | Letters from Edgar Cataxinos re: Infringement of U.S. Patent for Semiconductor Light Source Using a Heat Sink with a Plurality of Panels (DTX-3035) | CAO020979 | CAO021309 | Defts' SJ Ex. 27; Cao Ex. 25-81 | IR, PREJ |
| 4739 | 6/25/18- 10/25/20 | Email chain re: Settlement Proposal | CAO022230 | CAO022232 | Kindler Ex. 12 | IR, PREJ |
| 4740 | 04/12/22 | Settlement Agreement between CAO and Topaz Lighting LLC effective April 12, 2022 | CAO033936 | CAO033942 | | IR, PREJ |
| 4741 | 08/29/02 | U.S. Patent Application No. 09/939,488 File History Excerpt: Office Action responsive to communication filed on August 24, 2001 | CAO-000473 | CAO-000489 | | IC |
| 4742 | 01/02/14 | '680 Reexam Office Action | CAO_DE_002952 | CAO_DE_003094 | Kindler Ex. 5 | IC |
| 4743 | 11/06/00 | Lumileds Press Release, *LumiLeds Lighting Announces Breakthrough in High-Flux AlInGaN LEDs* (Nov. 6, 2000) | CAO_FEIT00473083 | CAO_FEIT00473099 | | IR, PREJ |
| 4744 | 02/26/01 | Lumileds Press Release, *LumiLeds Lighting Produces 17 Lumen White LED* (Feb. 26, 2001) | CAO_FEIT00473100 | CAO_FEIT00473114 | | IR, PREJ |

**CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,**
**C.A. No. 1:20-cv-00690-MN (D.Del.)**
**OSRAM's and LEDVANCE's Bench Trial Exhibit List**

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4745 | 11/05/18 | Stock and Asset Purchase Agreement between General Electric Company and Espresso Holdco, Inc. (DTX-3749) | CUPO006476 | CUPO007069 | Baroyan Decl. Ex. 1 | LF, HS |
| 4746 | 11/05/18 | Disclosure Letter to the Stock and Asset Purchase Agreement between General Electric Company and Espresso Holdco, Inc. (DTX-3750) | CUPO047781 | CUPO048157 | Baroyan Decl. Ex. 2 | LF, HS |
| 4747 | 09/00/01 | Technical Data - Luxeon Star Power Light Source (DTX-3755) | LUMILEDS00184 | LUMILEDS00191 | Krames Decl. Ex. I | IR, PREJ |
| 4748 | 05/00/01 | Technical Data - Luxeon Star Power Light Source (DTX-3754) | LUMILEDS01077 | LUMILEDS01085 | Krames Decl. Ex. H | IR, PREJ |
| 4749 | 00/00/01 | Technical Data - Luxeon Star Power Light Source | LUMILEDS01109 | LUMILEDS01117 | Benya Ex. 15 | IR, PREJ |
| 4750 | | Infringement Contentions Chart regarding OSI and LEDVANCE, Exhibit 1: A-Line Infringement Chart | | | Benya Ex. 23 | IR, PREJ |
| 4751 | 04/01/01 | Holcomb, et al., *AlGaInP LEDs Break Performance Barriers* (Compound Semiconductor) (April 1, 2001) | | | | IR, PREJ |
| 4752 | 01/29/20 | Utah Action, D.I. 228 (Order Granting Stipulation for Extension of Time to File Response Memorandum to Plaintiff CAO Group Inc.'s Motion to Reopen the Case and Lift Stay) | | | | IR |
| 4753 | 03/03/17 | LEDVANCE Press Release, *Chinese Consortium Completes Acquisition of LEDVANCE* (Mar. 3, 2017) | | | | HS |
| 4754 | 7/25/16 - 7/26/16 | Agreement for the sale and purchase of 100% of the shares in LEDVANCE GmbH and 100% of the membership interests in LEDVANCE LLC and Equity Commitment Letter | LEDVANCE-CAO-00116011 | LEDVANCE-CAO-00116129 | Silva Ex. 2 | |
| 4755 | 7/25/16 - 7/26/16 | Agreement for the sale and purchase of 100% of the shares in LEDVANCE GmbH and 100% of the membership interests in LEDVANCE LLC and Equity Commitment Letter, Schedule 21: Trademark License Agreements | LEDVANCE-CAO-00116398 | LEDVANCE-CAO-00116714 | | IR, PREJ |
| 4756 | 7/25/16 - 7/26/16 | Agreement for the sale and purchase of 100% of the shares in LEDVANCE GmbH and 100% of the membership interests in LEDVANCE LLC and Equity Commitment Letter, Schedule 22: Necessary Information | LEDVANCE-CAO-00116715 | LEDVANCE-CAO-00116898 | | LF, HS |
| 4757 | 7/25/16 - 7/26/16 | Agreement for the sale and purchase of 100% of the shares in LEDVANCE GmbH and 100% of the membership interests in LEDVANCE LLC and Equity Commitment Letter, Schedule 38: Remaining OSRAM Business Litigation | LEDVANCE-CAO-00116961 | LEDVANCE-CAO-00117091 | | LF, HS |
| 4758 | 07/01/16 | Project Enterprise Local Asset Transfer Agreement by and between OSRAM SYLVANIA and LEDVANCE LLC | LEDVANCE-CAO-00115882 | LEDVANCE-CAO-00115921 | Silva Ex. 17 | |
| 4759 | | LEDVANCE LLC USA 525L, Balance Sheet – Unaudited (IFRS), Sept. 30, 2018 with comparative figures for Sept. 30, 2017 | LEDVANCE-CAO-00193962 | LEDVANCE-CAO-00193963 | Silva Ex. 18 | IR, PREJ |
| 4760 | | LEDVANCE LLC USA 525L, Balance Sheet – Unaudited (IFRS), Sept. 30, 2019 with comparative figures for Sept. 30, 2018 | LEDVANCE-CAO-00193964 | LEDVANCE-CAO-00193965 | Silva Ex. 19 | IR, PREJ |
| 4761 | | LEDVANCE LLC USA 525L, Balance Sheet – Unaudited (IFRS), Sept. 30, 2021 with comparative figures for Sept. 30, 2020 | LEDVANCE-CAO-00193966 | LEDVANCE-CAO-00193967 | Silva Ex. 20 | IR, PREJ |
| 4762 | 08/24/21 | Spreadsheet: 2021-08-24 Accused Products - Net sales, Cost and Margin by month 9.2014-7.2021 xlsx | LEDVANCE-CAO-00117885 | LEDVANCE-CAO-00117885 | Silva Ex. 22 | IR, PREJ |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4763 | 08/24/21 | Spreadsheet: 2021-08-24 Accused Products - Sales and Units by month 9.2014-7.2021 xlsx | LEDVANCE-CAO-00117886 | LEDVANCE-CAO-00117886 | Silva Ex. 23 | IR, PREJ |
| 4764 | | LATA Schedule, 8.1 Litigation/Arbitration | LEDVANCE-CAO-00114283, LEDVANCE-CAO-00115867 | LEDVANCE-CAO-00115868 | | |
| 4765 | | Picture of LED using Microscope (DTX 3842) | | | | IR, PREJ |
| 4766 | | Physical Exhibit and Photograph - CAO Prototype of Dental curing light (PTX 26A) | | | | IR, PREJ |
| 4767 | | Physical Exhibit and Photograph - CAO Prototype of LED light sources in which the LEDs are mounted on panels on a heat sink (PTX 26B) | | | | IR, PREJ |
| 4768 | | Physical Exhibit and Photograph - CAO Prototype of LED light sources mounted on one panel of heat sink (PTX 26C) | | | | IR, PREJ |
| 4769 | 00/00/15 | OSRAM Light and Ballast Catalog (2014-2015) | | | | IR, PREJ |
| 4770 | 7/1/2020 | Press release, "GE Completes Sale of GE Lighting" - DTX-3005 | GE00101428 | GE00101430 | Assarat_Ex 31 | LF, IR, PREJ, HS |
| 4771 | 3/1/2018 | First Amended Complaint, CAO Lighting, v. Light Efficient Design - DTX-3014 | CAO015011 | CAO015089 | Campbell_Ex 2 | LF, IR, PREJ, HS |
| 4772 | 1/4/2017 | Letter from Magleby Cataxinos Greenwood to LED Orientalight Co., Ltd re Infingement of U.S. Patent for Semiconductor Light Source Using A Heat Sink with a Plurality of Panels - DTX-3061 | CAO012599 | CAO012599 | Cao_Ex 51 | LF, IR, PREJ |
| 4773 | 9/2/2014 | Ex Parte Reexamination Certificate US Patent 6,465,961 (Cao) - DTX-3145 | CAO_DE_008383 | CAO_DE_008388 | Duffy_Ex 17 | |
| 4774 | 5/11/2017 | Inter Partes Reexamination Certificate for US Patent 6,465,961 (Cao) - DTX-3146 | CAO_DE_001872 | CAO_DE_001873 | Duffy_Ex 18 | |
| 4775 | | Excel Spreadsheet - Sales Figures (various) - DTX-3428 | GE00112740 | | | LF, HS, IOP, IR, PREJ |
| 4776 | | Excel Spreadsheet - Sales Figures (various) - DTX-3429 | GE00113382 | | | LF, HS, IR, PREJ |
| 4777 | | Current Sales Spreadsheet 3 - DTX-3430 | CUPO7299 | | Marella_Ex 48 | LF, HS, IOP, IR, PREJ |
| 4778 | | https://www.gelighting.com/pressroom/savant-systems-inc-completesacquisition-ge-lighting - DTX-3438 | | | | LF, HS, IR, PREJ, LA, NP |
| 4779 | | General Electric Company Form 10-K for the fiscal year ended December 31, 2014 - DTX-3441 | | | | LF, HS, IR, PREJ, LA, NP |
| 4780 | | General Electric Company form 10-K for the fiscal year ended December 31, 2018 - DTX-3442 | | | | LF, HS, IR, PREJ, LA, NP |
| 4781 | | https://www.ledsmagazine.com/architectural-lighting/retail-hospitality/article/16696747/ge-announces-current-asnew-home-of-commercial-led-lighting - DTX-3443 | | | | LF, HS, IR, PREJ, LA, NP |
| 4782 | | https://www.ge.com/news/press-releases/american-industrial-partners-completes-acquisition-current-powered-ge - DTX-3444 | | | | LF, HS, IR, PREJ, LA, NP |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,

C.A. No. 1:20-cv-00690-MN (D.Del.)

OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4783 | | Complaint for Patent Infringement, Case No. 2:11-cv-00426 (D. Utah), dated May 10, 2011 - DTX-3491 | | | | LF, IR, PREJ, HS |
| 4784 | | Appendix A-08 to Defendants Final Invalidity Contentions - DTX-3613 | | | | IR, PREJ, HS, IOP |
| 4785 | | Appendix A-11 to Defendants Final Invalidity Contentions - DTX-3614 | | | | IR, PREJ, HS, IOP |
| 4786 | | Appendix A-12 to Defendants Final Invalidity Contentions - DTX-3615 | | | | IR, PREJ, HS, IOP |
| 4787 | | Appendix A-13 to Defendants Final Invalidity Contentions - DTX-3616 | | | | IR, PREJ, HS, IOP |
| 4788 | 5/14/1998 | U.S. Provisional Application No. 60/084,172, filed on May 4, 1998 - DTX-3630 | | | | IR, PREJ |
| 4789 | 7/24/1998 | U.S. Patent Application No. 09/122,311, filed July 24, 1998 - DTX-3631 | | | | IR, PREJ |
| 4790 | | U.S. Patent No. 6,483,196 (Wojnarowski '196) - DTX-3637 | | | | IR, PREJ |
| 4791 | 4/24/1998 | U.S. Patent No. 6,015,719 (Kish) - DTX-3639 | | | | IR, PREJ |
| 4792 | 3/8/2000 | U.S. Provisional Application No. 60/187,899 (Ostler Provisional) - DTX-3644 | | | | IR, PREJ |
| 4793 | | U.S. Patent No. 8,628,214 (Negley) - DTX-3646 | | | | IR, PREJ, WF |
| 4794 | | U.S. Patent No. 9,217,553 (Medendorp) - DTX-3647 | | | | IR, PREJ, WF |
| 4795 | | U.S. Patent No. 6,640,517 (Mitchell) - DTX-3648 | | | | IR, PREJ, WF |
| 4796 | | U.S. Patent No. 7,703,939 (Wilcox) - DTX-3649 | | | | IR, PREJ, WF |
| 4797 | | U.S. Patent No. 8,092,042 (Wilcox II) - DTX-3650 | | | | IR, PREJ, WF |
| 4798 | | U.S. Patent No. 7,798,670 (Kinnune) - DTX-3651 | | | | IR, PREJ, WF |
| 4799 | | U.S. Patent No. 6,384,545 (Lau) - DTX-3652 | | | | IR, PREJ, WF |
| 4800 | | U.S. Patent No. 7,038,399 (Lys) - DTX-3653 | | | | IR, PREJ, WF |
| 4801 | | U.S. Patent No. 6,094,014 (Bucks) - DTX-3654 | | | | IR, PREJ, WF |
| 4802 | | U.S. Patent No. 6,577,512 (Tripathi) - DTX-3655 | | | | IR, PREJ, WF |
| 4803 | | U.S. Patent No. 6,234,645 (Borner) - DTX-3656 | | | | IR, PREJ, WF |
| 4804 | | U.S. Patent No. 6,513,949 (Marshall) - DTX-3657 | | | | IR, PREJ, WF |
| 4805 | | U.S. Patent No. 6,016,038 (Mueller) - DTX-3658 | | | | IR, PREJ, WF |
| 4806 | | U.S. Patent No. 7,064,498 (Dowling) - DTX-3659 | | | | IR, PREJ, WF |
| 4807 | | U.S. Patent No. 6,676,284 (Wilson) - DTX-3660 | | | | IR, PREJ, WF |
| 4808 | | U.S. Patent No. 7,161,311 (Mueller II) - DTX-3661 | | | | IR, PREJ, WF |
| 4809 | | U.S. Patent No. 7,288,902 (Melanson) - DTX-3662 | | | | IR, PREJ, WF |
| 4810 | | U.S. Patent No. 7,719,209 (Hayes) - DTX-3663 | | | | IR, PREJ, WF |
| 4811 | | U.S. Patent No. 6,304,464 (Jacobs) - DTX-3664 | | | | IR, PREJ, WF |
| 4812 | | U.S. Patent No. 6,617,795 (Bruning) - DTX-3665 | | | | IR, PREJ, WF |
| 4813 | | U.S. Patent No. 6,250,774 (Begemann II) - DTX-3666 | | | | IR, PREJ, WF |
| 4814 | | U.S. Patent No. 6,561,690 (Balestriero) - DTX-3667 | | | | IR, PREJ, WF |
| 4815 | | U.S. Patent No. 6,554,451 (Keuper) - DTX-3668 | | | | IR, PREJ, WF |
| 4816 | | U.S. Patent No. 8,523,389 (Holten) - DTX-3669 | | | | IR, PREJ, WF |
| 4817 | | U.S. Patent No. 8,425,101 (Boonekamp) - DTX-3670 | | | | IR, PREJ, WF |

**CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,**
**C.A. No. 1:20-cv-00690-MN (D.Del.)**
**OSRAM's and LEDVANCE's Bench Trial Exhibit List**

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4818 | | U.S. Patent No. 6,676,282 (Begemann III) - DTX-3671 | | | | IR, PREJ, WF |
| 4819 | | U.S. Patent No. 6,200,002 (Marshall II) - DTX-3672 | | | | IR, PREJ, WF |
| 4820 | | U.S. Patent No. 7,566,155 (Schug) - DTX-3673 | | | | IR, PREJ, WF |
| 4821 | | U.S. Patent No. 7,866,845 (Man) - DTX-3674 | | | | IR, PREJ, WF |
| 4822 | | U.S. Patent No. 6,150,774 (Mueller III) - DTX-3675 | | | | IR, PREJ, WF |
| 4823 | | U.S. Patent No. 6,969,954 (Lys II) - DTX-3676 | | | | IR, PREJ, WF |
| 4824 | | U.S. Patent No. 8,314,537 (Gielen) - DTX-3677 | | | | IR, PREJ, WF |
| 4825 | | U.S. Patent No. 7,267,461 (Kan) - DTX-3678 | | | | IR, PREJ, WF |
| 4826 | | U.S. Patent No. 8,760,043 (Gielen II) - DTX-3679 | | | | IR, PREJ, WF |
| 4827 | | U.S. Patent No. 6,528,954 (Lys III) - DTX-3680 | | | | IR, PREJ, WF |
| 4828 | | U.S. Patent No. 6,762,562 (Leong) - DTX-3681 | | | | IR, PREJ, WF |
| 4829 | | U.S. Patent No. 7,233,115 (Lys IV) - DTX-3682 | | | | IR, PREJ, WF |
| 4830 | | U.S. Patent No. 7,256,554 (Lys V) - DTX-3683 | | | | IR, PREJ, WF |
| 4831 | | U.S. Patent No. 8,203,284 (Peeters) - DTX-3684 | | | | IR, PREJ, WF |
| 4832 | | U.S. Patent No. 7,014,336 (Ducharme) - DTX-3685 | | | | IR, PREJ, WF |
| 4833 | | U.S. Patent No. 9,184,497 (Chen II) - DTX-3686 | | | | IR, PREJ, WF |
| 4834 | 7/21/2016 | Cree Expands LED Components Distribution Network with Avent, CREE LED (July 21, 2016), https://cree-led.com/news-events/news/article/cree-expands-led-components-distributionnetwork-with-avnet  - DTX-3695 | | | | IR, PREJ, WF, HS, LA, LF, NP |
| 4835 | 5/16/2018 | Philips Lighting is now Signify. See Philips Lighting is now Signify, SIGNIFY HOLDING (May 16, 2018), https://www.signify.com/en-us/our-company/news/press-releases/2018/20180516-philipslighting-is-now-signify  - DTX-3696 | | | | IR, PREJ, WF, HS, LA, LF, NP |
| 4836 | | Annex A to the LED-Based Luminaire and Retrofit Bulb Patent License Agreement, https://www.assets.signify.com/is/content/Signify/Assets/signify/global/20211125-annexnovember-website.pdf. - DTX-3697 | | | | IR, PREJ, WF, HS, LA, LF, NP |
| 4837 | | LED Based Luminaires and Retrofit Bulbs, SIGNIFY HOLDING, https://www.signify.com/global/our-company/intellectual-property/licensing/led-basedluminaires-and-retrofit-bulbs - DTX-3698 | | | | IR, PREJ, WF, HS, LA, LF, NP |
| 4838 | | EnabLED Licensing Program for LED Luminaires and Retrofit Bulbs, https://www.assets.signify.com/is/content/Signify/Assets/signify/global/20220224-enabledpresentation.pdf (Signify EnabLED Presentation) - DTX-3699 | | | | IR, PREJ, WF, HS, LA, LF, NP |
| 4839 | 8/5/2011 | Philips Wins L Prize, But The Race Is Still On For A Better Bulb, NATIONAL GEOGRAPHIC (Aug. 5, 2011), https://www.nationalgeographic.com/culture/article/110803-philips-led-light-bulbwins-l-prize - DTX-3700 | | | | IR, PREJ |
| 4840 | 2/7/2007 | LED Lighting Fixtures Announces Its First LED-Based Recessed Down Light, https://web.archive.org/web/20071125115312/http://www.llfinc.com:80/PressRelease.aspx?ID=6 (Feb. 7, 2007) (last accessed Apr. 12, 2022). - DTX-3702 | | | | IR, PREJ, LA, LF, HS |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

CONFIDENTIAL

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4841 | 9/12/2007 | LLF Awarded Grand Prize in Worldwide Lighting Competition, https://www.ledprofessional.com/business/company-information/llf-awarded-grand-prize-in-worldwide-lightingcompetition (Sept. 12, 2007) (last accessed Apr. 12, 2022) - DTX-3703 | | | | IR, PREJ, LA, LF, HS |
| 4842 | 11/14/2003 | 3200K Warm Incandescent-White LEDs and LED Lamps Bring Warmth to Solid-State Lighting, LEDtronics (Nov. 14, 2003), https://www.ledtronics.com/Media/ProductsInTheNews.aspx?newsID=396&msclkid=fb30eba9c1e911ec80223fc8fd31134f - DTX-3704 | | | | IR, PREJ, LA, LF, HS |
| 4843 | | Thomas Drennan, et al., A Market Diffusion and Energy Impact Model for Solid State, Sandia National Lab'ys (SAND2001-2830J) (2001) - DTX-3705 | CAO032271 | CAO032298 | | IR, PREJ |
| 4844 | | M. George Craford, et al. In Pursuit of the Ultimate Lamp. Scientific American (2001) - DTX-3706 | CAO032304 | | | |
| 4845 | | The Promise of Solid State Lighting for General Illumination, OPTOELECTRONICS INDUS. DEV. ASS'N, 8 (2001) ("OIDA Article") - DTX-3707 | CAO032399 | CAO032409 | | IR, PREJ |
| 4846 | | Amanda Slocum, A Technology Assessment of Light Emitting Diode (LED) Solid-State Lighting for General Illumination, U.S. ENVIRONMENTAL PROTECTION AGENCY Working Paper #05-04, 22 (2005) ("Slocum Report") - DTX-3708 | CAO032430 | CAO032484 | | IR, PREJ |
| 4847 | 10/00/2018 | LEDVANCE GmbH and Philips Lighting Holding B.V. ("Philips") executed License Agreement in October 2018 - DTX-3710 | LEDVANCE-CAO-00126572 | LEDVANCE-CAO-00126583 | | IR, PREJ, WF, LF, LA |
| 4848 | 10/00/2019 | LEDVANCE GmbH and Signify Holding B.V. ("Signify") executed License Agreement in October 2019 - DTX-3711 | LEDVANCE-CAO-00193968 | LEDVANCE-CAO-00194013 | | IR, PREJ, WF, LF, LA |
| 4849 | | Andrew Bierman, LEDS: From Indicators to Illumination?, 3 Rensselaer Polytechnic Institute, (1998) ("Bierman Article") - DTX-3712 | LEDVANCE-CAO-00194685 | LEDVANCE-CAO-00194691 | | IR, PREJ |
| 4850 | | "Fundamental." Merriam-Webster.com. 2022. https://www.merriamwebster.com/dictionary/fundamental (last accessed Apr. 15, 2022) - DTX-3713 | LEDVANCE-CAO-00194701 | | | IR, PREJ, HS |
| 4851 | | Mark. S. Rea., The IESNA Lighting Handbook, ILLUMINATING ENGINEERING SOCIETY OF NORTH AMERICA (9th ed. 2000) ("Lighting Handbook") - DTX-3714 | LEDVANCE-CAO-00194703 | | | IR, PREJ, HS |
| 4852 | | Regina Mueller-Mach & Gerd O. Mueller, White Light Emitting Diodes for Illumination, 3938 LIGHT EMITTING DIODES: RESEARCH, MANUFACTURING, AND APPLICATIONS IV (2000)(Mueller-Mach) - DTX-3715 | LEDVANCE-CAO-00195740 | | | IR, PREJ, HS |
| 4853 | | Nadarajah Narendran et al., Characterizing LEDs for general illumination applications: mixedcolor and phosphor-based white sources, Proceedings of SPIE Vol. 4445 (2001) ("Second Narendran Article") - DTX-3716 | LEDVANCECAO-00195757 | | | IR, PREJ |
| 4854 | | G.B. Stringfellow & M. George Craford, High Brightness Light Emitting Diodes, 48 Semiconductors and Semimetals, 62 (1997) ("the Stringfellow and Craford Book") - DTX-3717 | LEDVANCE-CAO-00195769 | LEDVANCE-CAO-00196257 | | IR, PREJ |
| 4855 | | Morgan Pattison et al., 2022 Solid-State Lighting R&D Opportunities, U.S. DEP'T OF ENERGY (2022) - DTX-3718 | LEDVANCE-CAO-00196258 | | | IR, PREJ, HS |

**CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,**
**C.A. No. 1:20-cv-00690-MN (D.Del.)**
**OSRAM's and LEDVANCE's Bench Trial Exhibit List**

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4856 | | Russell D. Dupuis & Michael R. Krames, History, Development, and Applications of High-Brightness Visible Light-Emitting Diodes, 26 J. of Lightwave Tech 1154 (2008) - DTX-3719 | LEDVANCECAO-00196459 | | | IR, PREJ, HS |
| 4857 | | Kish, F. A, et al., Very high-efficiency semiconductor wafer-bonded transparent-substrate (AlxGa1−x)0.5In0.5P/GaP light-emitting diodes, 64 APPL. PHYS. LETT. 2839 (1994) - DTX-3720 | LEDVANCE-CAO-00196477 | | | IR, PREJ, HS |
| 4858 | | Michael R. Krames et al., Status and Future of High-Power Light-Emitting Diodes for Solid-State Lighting, 3 J. OF DISPLAY TECH. 160, FIG. 7 (2007) - DTX-3721 | LEDVANCE-CAO-00196481 | | | IR, PREJ, HS |
| 4859 | | Shuji Nakamura et al., High-Brightness InGaN Blue, Green and Yellow Light-Emitting Diodes with Quantum Well Structures, 34 JPN. J. APPL. PHYS. L797 (1995) - DTX-3722 | LEDVANCE-CAO-00196497 | | | IR, PREJ, HS |
| 4860 | | Lighting Science Group launches portfolio of LED replacement lamps, LEDS MAGAZINE (Apr. 9, 2008), https://www.ledsmagazine.com/companynewsfeed/article/16684214/lighting-science-group-launches-portfolio-of-led-replacement-lamps - DTX-3723 | LEDVANCE-CAO-00196500 | | | IR, PREJ, HS, LF |
| 4861 | 9/9/2005 | Lighting Science supplies parking garage lights to Amtech, LEDS MAGAZINE (Sept. 9, 2005), https://www.ledsmagazine.com/architectural-lighting/outdoor-lighting/article/16696353/lightingscience-supplies-parking-garage-lights-to-amtech - DTX-3724 | LEDVANCE-CAO-00196506 | | | IR, PREJ, HS, LF |
| 4862 | 7/18/2006 | LSG and Osram Opto develop LED-based MR-16 and R-30 lamps, LEDS MAGAZINE (July 18, 2006), https://www.ledsmagazine.com/architectural-lighting/retailhospitality/article/16699640/lsg-and-osram-opto-develop-ledbased-mr16-and-r30-lamps - DTX-3725 | LEDVANCE-CAO-00196513 | | | IR, PREJ, HS, LF |
| 4863 | | U.S. Patent No. 6,486,499 (Krames et al) - DTX-3726 | LEDVANCE-CAO-00196881 | | | IR, PREJ |
| 4864 | 4/00/2015 | Hubbell Lighting, Inc. ("Hubbell") and Koninklijke Philips N.V. ("Koninklijke Philips") executed a license agreement in April 2015 - DTX-3727 | CUPO048233 | CUPO048284 | | IR, PREJ, WF, LF, LA |
| 4865 | | Michael R. Krames, et al., High-power truncated-inverted-pyramid ( Al x Ga 1−x ) 0.5 In 0.5 P/GaP light-emitting diodes exhibiting >50 % external quantum efficiency, 75 Applied Physics Letters 2365 (1999) - DTX-3728 | DEFS00000423 | DEFS00000699 | | IR, PREJ, HS |
| 4866 | | J. Cho, et al., "White light-emitting diodes: History, progress and future," Laser Photonics Rev., 1600147 (2017) / DOI 10.1002/lpor.201600147 - DTX-3732 | | | | IR, PREJ, HS |
| 4867 | | David Houghton, Lightfair Report 2001 (Architectural Lighting) - DTX-3736 | | | | LF, IR, PREJ, LPK, HS, LA |
| 4868 | | Lumieds Lighting Launches Multi-Format Luxeon Light Sources (Compound Semiconductor, July 2001). - DTX-3739 | | | | LF, IR, PREJ, LPK, HS, LA |

CAO Lighting, Inc. v. OSRAM Sylvania, Inc. and LEDVANCE LLC,
C.A. No. 1:20-cv-00690-MN (D.Del.)
OSRAM's and LEDVANCE's Bench Trial Exhibit List

| DTX Ex. No. | DATE | DESCRIPTION | BEGINNING PRODUCTION BATES | ENDING PRODUCTION BATES | Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 4869 | | https://en.wikipedia.org/wiki/Light-emitting_diode (last visited May 9, 2022) - DTX-3744 | | | | IR, PREJ, HS |
| 4870 | | AlGaInP Light-Emitting Diodes - DTX-3747 | LEDVANCE-CAO-00195769 | LEDVANCE-CAO-00196257 | | IR, PREJ, HS |
| 4871 | | U.S. 5,793,062 (Kish 062) - DTX-3748 | LEDVANCE-CAO-00197134 | LEDVANCE-CAO-00197152 | | IR, PREJ |
| 4872 | | 2018 Communication with Cree - DTX-3765 | CAO022138 | CAO022180 | | LF, IC, IR, PREJ |
| 4873 | | 2011 Letter from CAO to GE - DTX-3767 | CAO021039 | CAO021043 | | LF, IR, PREJ, HS, SJ |
| 4874 | | Current Lighting Financials - DTX-3786 | CUPO048158 | | Baroyan_Ex 40 | LF, HS, IR, PREJ |
| 4875 | | CAO Resp. to Osram 1st Req. for Production (Nos 1 to 63) (CAO v. GE Lighting, et.al., D. Utah). - DTX-3819 | CAO28415 | CAO28451 | | IR, PREJ, LF, LPK, HS, WF |
| 4876 | | CAO's Resp. to Current 1st Rogs. - DTX-3824 | CAO023088 | CAO023106 | | LF, IR, PREJ, LPK, HS, WF |
| 4877 | | CAO's Resp. to Current 2nd Rogs. - DTX-3825 | | | | LF, IR, PREJ, LPK, HS, WF |
| 4878 | | CAO's Resp. to Current 3rd Rogs. - DTX-3826 | | | | LF, IR, PREJ, LPK, HS, WF |
| 4879 | | CAO's Resp. to Def. 4th Common Ints - DTX-3827 | CAO023122 | CAO023134 | | LF, IR, PREJ, LPK, HS, WF |
| 4880 | | CAO Resp. to Current RFA's (17-24) - DTX-3828 | | | | LF, IR, PREJ, LPK, HS, WF |
| 4881 | | High-Power GaN-based LEDs for Solid-State Lighting and Displays - DTX-3829 | LUMILEDS00276 | LUMILEDS00304 | | LA, LF, IR, PREJ, LPK |
| 4882 | | HP White High Flux LED - Target Technical Data - DTX-3830 | LUMILEDS01126 | LUMILEDS01129 | | LA, LF, IR, PREJ, LPK |
| 4883 | | Luxeon Photograph - DTX-3831 | LUMILEDS01211 | | | LA, LF, IR, PREJ, LPK |
| 4884 | | April 1, 2019 Amendment to SAPA | CUPO007070 | CUPO007286 | | LF, HS, IR, PREJ |

**CAO LIGHTING OBJECTION KEY**

| | |
|---|---|
| LF | Lack of Foundation |
| IC | Incomplete (FRE 106) |
| IR | Irrelevant (FRE 401/402) |
| PREJ | Prejudicial/Misleading/Confusing (FRE 403) |
| NRJ | Not Relevant to Jury Issue |
| LPK | Lack of Personal Knowledge; Calls for Speculation (FRE 602) |
| SCOPE | Beyond the Scope (FRE 611) |
| LEAD | Leading (FRE 611) |
| WF | Wasteful/Harassing (FRE 611) |
| IOP | Improper Opinion Testimony (FRE 701/702) |
| HS | Inadmissible Hearsay (FRE 802); Inadmissible Hearsay within Hearsay (FRE 805) |
| ID | Improper Use of Deposition (FRE 801/802; FRCP 32) |
| LA | Lack of Authentication (FRE 901) |
| NP | Not Produced in Discovery |
| IL | Illegible |
| DES | Improper Description |
| MIL | Subject to Motion *in Limine* |
| DB | Subject to Pending *Daubert* Motion |
| SJ | Subject to Pending Summary Judgment Motion |